PETER THOMPSON
2988 Blackbird Drive
Bozeman, Montana, 59718
406-570-0268
thompson0089@msn.com
*Pro Se*

## IN THE UNITED STATES DISTRICT COURT
## DISTRICT OF MONTANA
## BUTTE DIVISION

| | |
|---|---|
| PETER THOMPSON<br><br>            Plaintiff,<br><br>        -vs-<br><br>THE CITY OF BOZEMAN, et al.,<br><br>            Defendants. | CV 18-75-BU-BMM-JCL<br><br><br>PLAINTIFF'S RESPONSE<br>TO<br>DOCUMENTS 11&12 |

COMES Now Plaintiff, Peter Thompson, pro se (Thompson).

Thompson respectfully moves this honorable Court to deny Defendant

Commonwealth Land Title Insurance Company's (Commonwealth) motion (docs

11&12) to dismiss Plaintiff's first amended complaint (Doc. 9) as the amended

complaint doc. 9 (the Complaint) has been tended in good faith to secure a just,

speedy and inexpensive determination (per Fed.R.Civ.P. Rule 1) of the complex

legal matters now before this honorable court; and

Whereas Commonwealth's motion to dismiss invites the court to procedural

error; and as Commonwealth's motion is based on legal theory that arises from a

misconstrued legal standard which is procedurally inapplicable to the matter at

hand; and as the only procedural path for the Court to provide the results as Commonwealth has moved the court to do, would be for the  Court to respond to the motion with a *sua sponte* dismissal, it is axiomatic that Commonwealth's motion to dismiss should be denied for impropriety; and as Commonwealth's alternative pleading is moved for without the support of a legal standard; and as Commonwealth's alternative pleading is plainly deficient when a legal standard is applied; and as Plaintiff's Complaint pleads special matters with the requisite specificity of Fed.R.Civ.P. Rule 9; and as the Complaint is intended to afford the Defendants the *safeguards* which are inherent in RICO's heightened pleading standards; and as Fed.R.Civ.P. 8 is not intended to prevent a pleader from becoming apprised of the allegations in the complaint that stand admitted; and as Fed.R.Civ.P. 8 is not intended to place any limit on how many averments are plead; and as Fed.R.Civ.P. 8 is not intended to strike inartistic pleadings; and as Fed.R.Civ.P. 8 is a standard of pleading not a procedure for striking a pleading;

Wherefore the preceding reasons (discussed in detail below) Plaintiff Thompson moves this court to DENY Commonwealth's motion to strike the Complaint under per Fed.R.Civ.P. 8 & 12(e); and to DENY Commonwealth's alternative pleading for a more definite statement; and Thompson moves the court to issue an order that Commonwealth answer the Complaint as served.

Per_L.R._CR 47.2_(a) Commonwealth's motion, doc 11, is now ripe.

Discussion

1. Plaintiff Thompson's legal strategy is to have the facts of the matter admitted and to then engage with opposing counsel in discussion seeking to determine the legal premises properly applicable to the case.  Fed. R. Civ. P.,

"Rule 1. Scope and Purpose
These rules govern the procedure…They should be construed, administered, and employed by the court and the parties to secure the just, speedy, and inexpensive determination of every action"

The heightened pleading standards in the immediate matter requires complex details of actions showing a nexus amongst 50 or so defendants and the pleading also provides grounds to open discovery of more than a half dozen lawyers communications with their clients.  The result of meeting this heightened pleading standard is that the resulting Complaint can be misconstrued as a "prolix story like narrative" vs rule 8 notice pleadings.

One heightened pleading standard which the Complaint is intended to satisfy is "to safeguard defendants against spurious charges of immoral and fraudulent behavior"

Poling v. K. Hovnanian Enterprises, 99 F. Supp. 2d 502 - Dist. Court, D. New Jersey 2000:

"To plead mail or wire fraud with sufficient particularity, plaintiffs must "plead with particularity the `circumstances' of the alleged fraud in order to place the defendants on notice of the precise misconduct with which they are charged, and **_to safeguard defendants_** against spurious charges of immoral and fraudulent behavior.". Emphasis Added.

Martinez v. CORNELL CORRECTIONS OF TEXAS, INC., Dist. Court, D. New Mexico 2005:

"Rule 8(d)'s purpose is to "apprise the plaintiff of the allegations in the complaint that stand admitted and will not be in issue at trial and those that are contested and will require proof to be established to enable plaintiff to prevail.".

The combination of the purpose of Rule 8(d) and heightened pleadings standards combine to cause Thompson to draft such a specific complaint that Defendants of the Complaint are confronted with admitting sufficient facts via their answers for Thompson to move for judgement on the pleadings regarding aspects of RICO and other allegations.  This is the functional intent of rule 9, so that Defendants do "_not just deny that they have done anything wrong_" as they would with less particular notice pleadings.

This level of particular pleading, as called for via the rules of civil procedure and Plaintiff's overarching legal strategy are directly in line with the scope and purpose of Fed. R. Civ. P., Rule 1.  It follows that any resulting contentions regarding inconsistency with hyper technical rules or others calling for *less than* particular notice of factual allegations should be resolved in conformance to the tenants of Rule 1 so that the defendants do "_ not just deny that they have done anything wrong",_ see the bottom of Wilkins v. Bank of America below at top of page ten.  McHenry v. Renne, 84 F.3d 1172 (9th Cir. 1996): "We held in McCalden that a plaintiff "is not required to state the statutory or constitutional basis for his claim, only the facts underlying it." Id. at 1223.".

*Watison v. Carter*, 668 F.3d 1108 (9th Cir. 2012):

"We "construe [a *pro se* plaintiff's] pleadings liberally and ... afford the petitioner the benefit of any doubt." *Hebbe v. Pliler,* 627 F.3d 338, 342 (9th Cir.2010) (internal quotation marks omitted).".

US v. Martin, 278 F. 3d 988 - Court of Appeals, 9th Circuit 2002;

The attorney-client privilege only protects communications between a client and a lawyer for the purpose of obtaining legal advice.
- in AMERICAN CIVIL LIBERTIES UNION OF NORTHERN CALIFORNIA v. Department of Justice, 2015 and 15 similar citations.


Commonwealth's motion to dismiss invites the court to procedural error

2. Via doc.11 Commonwealth "moves pursuant to Fed. R. Civ. P. 8(a) and 12(e) to dismiss Plaintiff pro se Peter Thompson's… First Amended Complaint (Doc. 9)…for violating the "short and plain" pleading standard".

Commonwealth invites the court to error under the heading "Legal Standard" (doc 12 page 4). Commonwealth advises the court that " Under Rule 12(e), a court is authorized "to strike a pleading or make such other order as it deems just" if the complaint is so vague or ambiguous in nature that a party "cannot reasonably be required to frame a responsive pleading." McHenry, 84 F.3d at 1177. Dismissal of a complaint pursuant to Rule 8 is reviewed for an abuse of discretion. Id.". What Commonwealth has left out is that this authorization to strike a pleading is for sua sponte actions of the court under rule 8 and that such authorization does not procedurally extend to *motions of the litigants*. The *litigants*

motions to dismiss are administered under rule 12 and its various subsections under a different standard of review than sua sponte actions of the court. 12(b)(6) motions are reviewed de novo, see . *Whittlestone* at pages 13 and 14 below.

Commonwealth's motioning per rule 8 while avoiding compliance with the procedures of 12 (e) infers Commonwealth's intention is to cause the court to act sua sponte; and thereby Commonwealth may avoid complying with the full requisites of a 12(e) motion and the high thresholds of the applicable legal standards by misleading the court regarding the pleading standards that are appropriate to the Complaint at hand.  Per the advisory committee regarding duty of candor under rule 3.3, "A lawyer's knowledge…can be inferred from the circumstances".  Further, a lawyer "must not allow the tribunal to be misled by false statements of law or fact…that the lawyer knows to be false…Legal argument based on a knowingly false representation of law constitutes dishonesty toward the tribunal…."

3.  Commonwealth invites the court to error and strike Thompson's pleading "pursuant to Fed. R. Civ. P. 8(a) and 12(e)", because the procedural requisites for any court to strike any Complaint under a *litigants* Rule 12 (e) *motion* have not occurred.

For Commonwealth to obtain dismissal as motioned for via doc 11, Fed.R.Civ.P 12 (e) requires that Commonwealth *first* move for and then prevail on

a motion for a more definite statement of "the details desired" by Commonwealth; and then the court will issue instructions based on "the details desired" within the opening motion; and then the nonmoving party must fail to comply with the court's exacting instructions on how to provide "the details desired" within the complaint *before* the court is authorized to strike a pleading as Commonwealth has moved the court to do via doc 11. When read from its four corners, McHenry evidences the basic procedure as Thompson describes above.  Full copy of McHenry is attached as AppendixThree_pgs._24-34.

The appellate court summed up their affirmation of the McHenry procedures as "…though a complaint is not defective for failure to designate the statute or other provision of law violated, the judge may in his discretion, in response to a motion for more definite statement under Federal Rule of Civil Procedure 12(e), require such detail as may be appropriate in the particular case, and may dismiss the complaint if his order is violated. Fed.R.Civ.P. 41(b)."  In the immediate case, Commonwealth has not in fact opened with a motion for a more definitive statement.

*Full* copy of Fed. R. Civ. P. 12(e) and a standard of review is attached as AppendixOne_pgs._20-21.

<u>Commonwealth's motion is based on legal theory that arises from a misconstrued</u>

<u>legal standard which is procedurally inapplicable to the matter at hand</u>

4.  On page 5 of doc 12, Commonwealth argues, " In McHenry, supra, the Ninth Circuit dealt with a strikingly analogous situation to the case at bar."

Commonwealth's legal theory that McHenry is actionably analogous with the immediate complaint has no reasonable chance of success because the theory is contrary to the realities of the circumstances compared; (a lawyer "must not allow the tribunal to be misled by false statements of law or fact) Thompson believes that this principle applies to both "arguments" and in advising the court with incomplete or inapplicable "legal standards".

McHenry was a represented litigant, Thompson is pro se.  McHenry's pleading standards were minimal, Thompson's are highly particular involving dozens more defendants than McHenry.  McHenry's complaint arises from McHenry giving out free food and political literature in parks and the local government shutting him down.  Thompson's complaint arises from years of complex insider real-estate deals, a complex multi phased construction loan, a real-estate transaction that involved fraudulent concealment, forged articles of incorporation that involved fraudulent concealment, multiple falsely sworn

statements of complaint, and a range of other allegations that are part of a bona fide RICO statute claim that is pro se plead.

That Commonwealth's motion blinks with both eyes and avoids discussion of any particular pleading requirements that might be applicable in the immediate matter infers the improper purpose of docs 11 and 12.

McHenry:

"According to the complaint, plaintiff McHenry made it a practice to give out free food and political literature in city parks….

Plaintiffs initial complaint was thirty-five pages and alleged various causes of action under 42 U.S.C. § 1983…."

McHenry's *lawyer* could have listed the defendant's names and with a page or two more had a viable complaint because the pleading standard of his 1983 action fit with notice pleading standards. Clearly McHenry's purpose was *not* about making a viable complaint. It follows that McHenry is an inappropriate comparison for our Complaint because Thompson's purpose is to file a viable complaint for trial in Butte. The following pleading standard is on par with the level that the McHenry complaint needed to fulfill. Galbraith v. County of Santa Clara, 307 F. 3d 1119 - Court of Appeals, 9th Circuit 2002: Cited in Whitaker v. Garcetti, 2007 and 29 similar citations, as:

"In this circuit, a claim of municipal liability under [§ ] 1983 is sufficient to withstand a motion to dismiss even if the claim is based on nothing more than a bare allegation that the individual officers' conduct conformed to official policy, custom, or practice."

In contrast to the diminutive pleading standard above, our Complaint is governed by the following legal standards:

While substantive right to recover on a claim is governed by state law, form or mode of claim for relief is a matter of application of these rules under which no technical forms of pleadings are required. Blazer v. Black, C.A.10 (Kan.) 1952, 196 F.2d 139.

Gillibeau v. City of Richmond, 417 F.2d 426 (9th Cir. 1969):

"Suit may be brought against private citizens under section 1983 if a conspiracy is established between them and the state or local officials who clearly acted under color of state law. See Hoffman v. Halden, 268 F.2d 280, 298 (9th Cir. 1959). All of the elements of such a conspiracy must be set out plainly in the complaint. Id. at 294-296.".

Wilkins v. Bank of America, NA, No. 2: 15-cv-02341-KJM-EFB (E.D. Cal. Aug. 19, 2016):

"B. Rule 9(b)

Rule 9(b) of the Federal Rules of Civil Procedure requires that "[i]n alleging fraud or mistake, a party must state with particularity the circumstances constituting fraud or mistake." Fed. R. Civ. P. 9(b). A court may dismiss a claim grounded in fraud when its allegations fail to satisfy Rule 9(b)'s heightened pleading requirements….The plaintiff must include "the who, what, when, where, and how" of the fraud. Id. at 1106 (citations omitted). "The plaintiff must set forth what is false or misleading about a statement, and why it is false." Decker v. GlenFed, Inc., 42 F.3d 1541, 1548 (9th Cir. 1994). _A claim for fraud must be "specific enough to give defendants notice of the particular conduct which is alleged to constitute the fraud charged so that they can defend against the charge and not just deny that they have done anything wrong._" Semegen v. Weidner, 780 F.2d 727, 731 (9th Cir. 1985)." Emphasis Added.

Poling v. K. Hovnanian Enterprises, 99 F. Supp. 2d 502 - Dist. Court, D. New Jersey 2000:

"To plead mail or wire fraud with sufficient particularity, plaintiffs must "plead with particularity the `circumstances' of the alleged fraud in order to place the defendants on notice of the precise misconduct with which they are charged, and to safeguard defendants against spurious charges of immoral and fraudulent behavior."

The foregoing represent extreme circumstances of pleading that are compounded by 50 or so defendants being involved, all of which must be taken into consideration as the pleader is pro se. Terrell v. Brewer, 935 F. 2d 1015 - Court of Appeals, 9th Circuit 1991, cited - in Overturf v. Brewer, 2011 and 501 similar citations, as follows: "A finding of exceptional circumstances requires an evaluation of both `the likelihood of success on the merits [and] the ability of the [plaintiff] to articulate his claims pro se in light of the complexity of the legal issues involved.'"  It is axiomatic that Commonwealth misleads the court by providing McHenry as the standard of review to adjudicate Commonwealth's doc 11 motion.

5.  If for the sake of argument we look past Commonwealth's error in providing an inapplicable legal standard and the error in moving to directly strike under 12(e); we can regard their motion as a motion to strike for failure to comply with rule 8. In so doing this court may be guided by other decisions of similar circumstances.

However, the result is the same, in that Commonwealth's motion has no reasonable chance of success because it does not comport with applicable legal procedures that would allow a court to grant a motion to strike in the manner that

11

Commonwealth has moved this court.

Essentially Commonwealth alleges that the Complaint is improper by alleging that the complaint is strike-able per *their* motion under rule 8.

The court in *AMENTLER* spoke to an analogous motion to dismiss for failure to comply Fed. R. Civ. P. 8(a) by applying rule 12 (f) because the moving party motioned for dismissal for failure to comply with Rule 8. The *AMENTLER* court's logic is most succinctly explained in their footnote [1] as follows:

" [1]….Rules 7 and 8 do not provide for the striking pleadings or portions thereof; rather Rule 12(f) governs such a motion upon a showing that a pleading is somehow improper, and the Court is guided herein by that Rule."

The body of the *AMENTLER* order is relevant and has been cited speaking to rule 8 as follows "the Court further noting that this rule "is not designed to strike inartistic pleadings or to provide a more definite statement".  Yet this is what Commonwealth moves this court to do with rule 8. Commonwealth's Doc 12 as follows:

---

**CONCLUSION**

For the above stated reasons, Commonwealth respectfully requests this Court grant its Motion, and require Plaintiff to comply with Rule 8's "short and plain" pleading requirements.

9

**MOULTON BELLINGHAM PC**
ATTORNEYS AT LAW

---

Additionally, the body of the *AMENTLER* order speaks to Plaintiff's effort in the immediate matter to get the facts admitted in a just and speedy manner.  The following starts about 13 lines up from the bottom of the last sentence of the order:

"the Azza Court, though surely frustrated with…counsel, did not consider Rule 8's provision that "[a]n allegation ... is admitted if a responsive pleading is required and the allegation is not denied,"…( FED.R.CIV.P 8(b)(6)(West 2008));"

The court in *AMENTLER* ultimately determined the remedy sought under rule 12 (f) was too "drastic" under the circumstances, because none of the filings were clearly insufficient.  See AppendixTwo_pgs._21-23 for a full copy of the *AMENTLER* order. The order includes a 62 or so line sentence, thus evidencing that long sentences and impliedly long sums of factual allegations are acceptable norms, provided they are not unintelligible in their parts.  It follows that this is why 12(e) pleaders need to specify "the details desired" when they make a motion.

In Whittlestone below, the 9th Circuit analyzes the use of rule 12 (f) as a means to strike all or some of a pleading in similar fashion as was motioned for under rule 8 in *AMENTLER* above.

Whittlestone, Inc. v. Handi-Craft Co., 618 F. 3d 970 - Court of Appeals, 9th Circuit 2010:…."the issue presented here is not whether the district court properly struck the matter under Rule 12(f), but whether Rule 12(f) authorizes the district court to strike such matter at all. The panel reviews this purely legal issue de novo………

Thus, if a party may seek dismissal of a pleading under Rule 12(f), the district court's action would be subject to a different standard of review than if the district court had adjudicated the same substantive action under Rule 12(b)(6). *Applying different standards of review, when the district court's underlying action is the same, does not make sense*."  Emphasis added.

Per above the 9th circuit effectively stating that a motion to strike at our particular stage of the proceedings is most appropriately brought under Rule 12(b)(6).  The 10th circuit similarly determines "the only permissible attack on the pleadings" is a Rule 12(b)(6) motion as follows:

*Blazer v. Black*, 196 F.2d 139 (10th Cir. 1952):

"The appellant was at liberty to state as many separate claims as he wished "regardless of consistency", whether based upon legal or equitable grounds or both. Rule 8(e) (2)…And, since jurisdiction was unquestioned, *the only permissible* attack on the pleadings was a motion to dismiss for "failure to state a claim upon which relief can be granted". Rule 12(b) (6)." Emphasis added.

Commonwealth has motioned to dismiss the Complaint for violation of rule 8 but they have not done so under Rule 12(b)(6) or 12(f) nor has Commonwealth provided any basis for balancing rule 8 with the wide range of specific pleading requirements that apply to the Complaint.  It follows that their motion to dismiss should be denied.

<u>the only procedural path for the Court to provide the results as Commonwealth has</u>

<u>moved the court to do, would be for the  Court to respond to the motion with a *sua*</u>

<u>*sponte* dismissal, it is axiomatic that Commonwealth's motion to dismiss should be</u>

<u>denied for impropriety</u>

6.  It is well settled that a court acting of its own volition may directly strike a

pleading for violation of rule 8.  Per ¶5 above, it is equally well settled that "Rules

7 and 8 do not provide for the striking pleadings or portions thereof " under a

*litigants* motion, see *AMENTLER* above.  DE-AMOR v. SEABRIGHT, Dist. Court,

D. Hawaii 2015:

"Additionally, the court may dismiss a complaint for failure to comply with Rule 8 of the Federal Rules of Civil Procedure. See Hearns v. San Bernardino Police Dep't, 530 F.3d 1124, 1131 (9th Cir. 2008). Rule 8 requires…each allegation "be simple, concise, and direct." Fed. R. Civ. P. 8(a)(2), (d)(1). A complaint that is so confusing that its "`true substance, if any, is well disguised'" may be dismissed sua sponte for failure to satisfy Rule 8. …..Because Plaintiff is appearing pro se in this action, the Court liberally construes the pleadings. See Bernhardt v. L.A. Cnty., 339 F.3d 920, 925 (9th Cir. 2003).".

 *Gillibeau v. City of Richmond*, 417 F.2d 426 (9th Cir. 1969).

See <u>Corcoran v. Yorty, 347 F.2d 222 (9th Cir. 1965)</u>; <u>Agnew v. Moody, 330 F.2d 868, 870-871 (9th Cir. 1964)</u>. But, as exemplified by *Corcoran* and *Agnew,* a dismissal for a violation under Rule 8(a) (2), is usually confined to instances in which the complaint is so "verbose, confused and redundant that its true substance, if any, is well disguised." <u>*Corcoran,* 347 F.2d at 223</u>.

Whereas it is axiomatic that a litigant should not motion for sua sponte dismissal and as it is similarly evident that the true substance of the Complaint is not disguised from the Defendants;

Wherefore, Commonwealth's motion to dismiss the complaint should be denied.

<u>Commonwealth's alternative pleading is plainly deficient when a legal standard is applied</u>

7. Commonwealth did not provide a full standard of review for their alternative pleading, nor did they provide full text of the rule they were basing their motion on, see Thompson's AppendixOne_pgs._20-21 for full text of rule 12(e) and a legal standard.  Fed.R.Civ.P. Rule 12 (e) "Motion for a More Definite Statement….The motion must point out the defects complained of and the details desired."

Commonwealth's motion fails to meet its burden of stating "the details desired".  It follows that Commonwealth's alternative motion should be denied.

The court in *Gillibeau* below was faced with somewhat similar circumstances and denied the moving parties motion, doing so in a similar manner as Thompson now moves this court to do with Commonwealth's motion.

A difference between *Gillibeau* and the immediate case is that the moving party in *Gillibeau* sought more explicit details of factual allegations and in the

immediate case Commonwealth essentially motions for less explicit factual

allegations.  These circumstances infer that Commonwealth deliberately chose not

meet their burden of stating the "details desired" because Commonwealth's goal is

to escape from answering the specific factual allegations of Thompson's pleadings

so that Commonwealth can "*just deny that they have done anything wrong"*.

*Gillibeau v. City of Richmond*, 417 F.2d 426 (9th Cir. 1969)…"We wish it to be

understood that defendants… may be entitled to more explicit factual

allegations….Up to now, however, these defendants have not proceeded in an

effective manner to obtain such relief. While they have filed motions for a more

definite statement…. not once have they complied with the requirement of Rule

12(e), Federal Rules of Civil Procedure, that the motion shall point out "the details

desired.""

8.  " dismissal for a violation under Rule 8(a) (2), is usually confined to instances

in which the complaint is so "verbose, confused and redundant that its true

substance, if any, is well disguised.".

Commonwealth evidences their comprehension of the substance of the

complaint on page 6 of Doc 12 as "It appears nearly every purported cause of

action, despite some causes of action being captioned against only some

Defendants, alleges some sort of conspiracy or aiding and abetting against all

named Defendants.".  The preceding statement is correct.  It follows that the true

substance of the complaint is not disguised from Commonwealth.

## Conclusion

Please see opening pages 1 thru 2 for Plaintiff Thompson's motion to the Court.

Respectfully submitted this 2nd day of May 2019.

By: _____

Plaintiff Peter Thompson

## CERTIFICATE OF COMPLIANCE

I certify this Brief contains 3992 words (excluding the caption, certificate of service, one small pasted block and certificate of compliance), as calculated by my word processing software, in compliance with L.R. 7.1(d)(2)(E).

Respectfully submitted this 2nd day of May 2019.

By: _____

Plaintiff Peter Thompson

## Certificate of Service

This is to certify that on this 2nd day of May 2019, a hand signed electronic image of this document was email delivered to prosefilings@mtd.uscourts.gov.  Pursuant to L.R. 83.8 (c) (2) a self-represented litigant need not conventionally serve electronically filed documents.  Pursuant to L.R. 1.4 (c) (2) the notice of filing will be the clerk's certificate of service to lawyers per the ECF system.

By: _____

Peter Thompson

Appendix One: Rule 12 (e) and Legal Standard for 12 (e)

Fed.R.Civ.P. Rule 12:

"(e) Motion for a More Definite Statement. A party may move for a more definite statement of a pleading to which a responsive pleading is allowed but which is so vague or ambiguous that the party cannot reasonably prepare a response. The motion must be made before filing a responsive pleading and must point out the defects complained of and the details desired. If the court orders a more definite statement and the order is not obeyed within 14 days after notice of the order or within the time the court sets, the court may strike the pleading or issue any other appropriate order.".

*LODI MEMORIAL HOSPITAL ASSOCIATION v. TIGER LINES, LLC*, No. 2: 15-

cv-00319-MCE-KJN (E.D. Cal. May 12, 2016:

"STANDARD

A motion for more definite statement pursuant to Rule 12(e) attacks "the unintelligibility of the complaint, not simply the mere lack of detail. . . ." Neveau v. City of Fresno, 392 F. Supp. 2d 1159, 1169 (E.D. Cal. 2005). Courts will deny the motion if the complaint is specific enough to give notice to the defendants of the substance of the claim asserted. Id. A Rule 12(e) motion should be granted only if the complaint is "so vague or ambiguous that the opposing party cannot respond, even with a simple denial, in good faith or without prejudice to himself." Cellars v. Pac. Coast Packaging, Inc., 189 F.R.D. 575, 578 (N.D. Cal. 1999); see also Bautista v. L.A. Cnty., 216 F.3d 837, 843 n. 1 (9th Cir. 2000) (Reinhardt, J., concurring) (party can move for more definite statement on those rare occasions where a complaint is so vague or ambiguous that party cannot reasonably frame a responsive pleading).

"Rule 12(e) is designed to strike an unintelligibility rather than want of detail. . . . A motion for a more definite statement should not be used to test an opponent's case by requiring him to allege certain facts or retreat from his allegations." Neveu, 392 F. Supp. 2d at 1169 (quoting Palm Springs Med. Clinic, Inc. v. Desert Hosp., 628 F. Supp. 454, 464-65 (C.D. Cal. 1986). If the facts sought by a motion for a

more definite statement are obtainable by discovery, the motion should be denied. See McHenry v. Renne, 84 F.3d 1172, 1176 (9th Cir. 1996); Neveau, 392 F. Supp. 2d at 1169-70; Sagan v. Apple Computer, 874 F. Supp. 1072, 1077 (C.D. Cal. 1994). "This liberal standard of pleading is consistent with [Rule] 8(a)(2) which allows pleadings that contain a `short and plain statement of the claim.' Both rules assume that the parties will familiarize themselves with the claims and ultimate facts through the discovery process." Neveu, 392 F. Supp. 2d at 1169 (citing Sagan, 874 F. Supp. at 1077 ("Motions for a more definite statement are viewed with disfavor and are rarely granted because of the minimal pleading requirements of the Federal Rules.")).".

### Appendix Two: *AMENTLER* order

*AMENTLER v. 69 MAIN STREET, LLC*, Civil Action No. 08-0351 (FLW) (D.N.Y. Sept. 2, 2008).

### (2008)

**EDENA AMENTLER, et al., Plaintiffs,**
**v.**
**69 MAIN STREET, LLC, et al., Defendants.**

Civil Action No. 08-0351 (FLW).

**United States District Court, D. New Jersey.**

September 2, 2008.

**ORDER**

TONIANNE J. BONGIOVANNI, Magistrate Judge.

This matter being opened to the Court upon Motion by Plaintiffs asserting that "Defendants' multiple Answers with affirmative defenses ... with the sole exception the Fox & Hound Answer ... should be stricken without prejudice" [Docket Entry No. 20][1]; and Plaintiffs asserting that "[i]n addition to jointly filing an omnibus answer as to the common allegations and certain counts, each defendant filed their

own separate answer as to the common allegations and to certain other counts";
and Plaintiffs further asserting that "[a] cursory review of the separate and multiple
`answers' filed to the Amended Complaint filed by each of the Defendants in this case
reveals facially confusing, evasive and inconsistent `answers' which warrant being
stricken from the record in their entirety"; and Plaintiffs further asserting that the
Answers do not comport with the pleading requirements of Rule 8 ("Defendants'
Answers are both inconsistent and confused") and are violative of Rule 1
("Defendants ... [seek] to deprive this Court, the finder of fact, and Plaintiffs of a
full and fair opportunity to know and understand each Defendant's answer to the
allegations asserted"); and

Defendants having opposed the instant Motion, generally asserting that their
separate answers were properly filed within the mores of the Court; and the Court
noting that FED.R.CIV.P. 12(f) permits a court, upon motion, to strike from a
pleading an "insufficient defense or any redundant, immaterial, impertinent, or
scandalous matter"; and the Court further noting that "[b]ecause of the drastic
nature of the remedy, however, motions to strike are usually `viewed with disfavor'
and will generally `be denied unless the allegations have no possible relation to the
controversy and may cause prejudice to one of the parties, or if the allegations
confuse the issues.'"(*Garlanger v. Verbeke*, 223 F. Supp. 2d 596, 609 (D.N.J.
2002); *see also J. & A. Realty v. City of Asbury Park*, 763 F. Supp. 85, 87 (D.N.J.
1991)("Rule 12(f) motions are disfavored, especially in the absence of
prejudice")*(citing Abrams v. Lightolier, Inc.*, 702 F. Supp. 509, 511 (D.N.J.1988)));
and the Court further noting that a motion to strike shall not be granted unless the
insufficiency of a defense is "clearly apparent" (*Cipollone v. Liggett Group, Inc.*,
789 F.2d 181, 188 (3d Cir.1986)); and the Court further noting that the purpose of a
motion to strike is to simplify the pleadings and save time and expense by excising
from a pleading "any redundant, immaterial, impertinent, or scandalous matter"
which will not have any possible bearing on the outcome of the litigation (*see
Bristol-Myers Squibb Co. v. Ivax Co.*, 77 F. Supp. 2d 606, 619 (D.N.J.2000)(*citing
Glenside West Corp. v. Exxon Co., U.S.A.*, 761 F. Supp. 1100, 1114-15
(D.N.J.1991)); and the Court further noting that the Federal Rules of Civil
Procedure provide that a party must "state in short and plain terms its defenses to
each claim asserted against it" (FED.R.CIV.P. 8(b)(1)(a)(West 2008)); and the
Court further noting that this rule "is not designed to strike inartistic pleadings or to
provide a more definite statement ..." (*Tr. of Hotel Indus. Pension Fund v. Carol
Mgmt. Corp.*, 880 F.Supp. 1548, 1551 (S.D.Fla.1995)(*citing* 5 CHARLES A.
WRIGHT & ARTHUR R. MILLER, Federal Practice and Procedure § 1356 at 590-
92 (1969))); and the Court finding that none of the challenged Answers can be said
to have no possible relation to the matter; and the Court further finding that none of

the portions thereof cause prejudice to any party, nor do any confuse the issues; and the Court further finding that none of the answers challenged are clearly insufficient; and the Court further finding that the affirmative defenses do not contain any redundant, immaterial, impertinent, or scandalous matter; and the Court further finding that Defendants' responses easily satisfy the requirement of Rule 8; and the Court further finding that Plaintiffs rely exclusively on *Azza Int'l. Corp. v. Gas Research Inst.*, 204 F.R.D. 109 (N.D.Ill. 2001) for the notion that "[u]nder FED.R.CIV.P. 7 and 8, a district court is permitted to strike multiple, separate answers to a complaint" where "[t]he multiplicity of defendants' `answers' makes each purported answer `substantially less informative'"; and the Court further finding that although the Northern District of Illinios in *Azza* concluded that the common counsel of three separate defendants should have filed one answer rather than three "when one would obviously do — and, indeed, would do better" (204 F.R.D. at 109), the *Azza* Court, though surely frustrated with defense counsel, did not consider Rule 8's provision that "[a]n allegation ... is admitted if a responsive pleading is required and the allegation is not denied," and that if "a responsive pleading is not required, an allegation is considered denied or avoided" ( FED.R.CIV.P 8(b)(6)(West 2008)); and the Court therefore concluding, to the extent Plaintiff seeks that It consider nonbinding precedent in making Its determination, that *Azza* does not address directly the propriety of multiple complementary answers, and whether such answers warrant their striking in the entirety; and the Court further concluding that the "drastic" relief sought though the instant Motion is not warranted at this time; and this matter having been considered pursuant to FED.R.CIV.P. 78 and for good cause shown;

IT IS on this 2nd day of September, 2008,

ORDERED that Plaintiffs' Motion to Dismiss Defendants' Multiple Answers of Plaintiffs' Amended Complaint [Docket Entry No. 20] is DENIED; and it is further

ORDERED that the Clerk of the Court terminate this Motion [Docket Entry No. 20] accordingly.

[1] The Court notes that Plaintiffs bring the instant Motion under the mistaken assertion that "[u]nder Fed.R.Civ.P. 7 and 8, a district court is permitted to strike multiple, separate answers to a complaint." Rules 7 and 8 do not provide for the striking pleadings or portions thereof; rather Rule 12(f) governs such a motion upon a showing that a pleading is somehow improper, and the Court is guided herein by that Rule.

Appendix Three: Full Copy of McHenry

*McHenry v. Renne*, 84 F.3d 1172 (9th Cir. 1996).

**84 F.3d 1172 (1996)**

**Keith McHENRY; Eric Warren, Plaintiffs-Appellants,**
**v.**
**Louise RENNE; John Willett; Charles Gallman; Frank Reed; Mary Burns;**
**Timothy Hettrich; (Fnu) Blackwell; Edward Garcia; Mark Hernandez;**
**Robert Battaglia; Robert J. Brodnik; S. Quadrelli; R. Farris, # 12212; John**
**Does 1-10; Dirk Beijen; Richard Hongisto; Russell Matli # 1751 and the City**
**and County of San Francisco, Defendants-Appellees.**

No. 94-15179.

**United States Court of Appeals, Ninth Circuit.**

Argued and Submitted June 14, 1995.
Decided May 28, 1996.

Randy Baker, Berkeley, California, for plaintiffs-appellants.

Margaret W. Baumgartner, Deputy City Attorney, San Francisco, California, for defendants-appellees.

Before: GOODWIN, FARRIS and KLEINFELD, Circuit Judges.

KLEINFELD, Circuit Judge:

The district judge dismissed plaintiffs' complaint under Federal Rules of Civil Procedure 8, 12, and 41 because it did not contain a short and plain statement of their claims for relief, did not give defendants a fair opportunity to frame a responsive pleading, and did not give the court a clear statement of claims. The district court had given plaintiffs three opportunities to amend the complaint in accord with the judge's instructions, but the third amended complaint restated the prior ones without curing their deficiencies. We affirm.

**FACTS**

We take the facts from plaintiffs' third amended complaint as best we can. Because it is fifty-three pages long, and mixes allegations of relevant facts, irrelevant facts, political argument, and legal argument in a confusing way, we cannot be sure that we have correctly understood all the averments. If we have not, plaintiffs have only themselves to blame.

According to the complaint, plaintiff McHenry made it a practice to give out free food and political literature in city parks. The Mayor, City Attorney, Chief of Police, and other public officials and police officers in San Francisco conspired to harass McHenry with unreasonable arrests on such charges as failure to obtain the permits required to display signs in parks or to distribute food to the public. McHenry alleges that he was physically assaulted by, or at the direction of, various defendants and charged with driving on a suspended license.

The City obtained a preliminary injunction in the California Superior Court prohibiting McHenry from distributing food without the necessary health and park permits. He alleges that the City changed its regulations in bad faith to deny him a permit and that the City's initiation of legal proceedings charging McHenry with contempt for violating the state injunction by distributing food without a permit was in bad faith. The complaint also alleges that plaintiff Warren had been protesting the police treatment of McHenry and suffered a retaliatory arrest as a result.

Plaintiffs initial complaint was thirty-five pages and alleged various causes of action under 42 U.S.C. § 1983. Plaintiffs did not serve this complaint, but instead filed an amended complaint dropping Andrea McHenry as a plaintiff and adding various defendants.

The thirty-seven page amended complaint is mostly an extended narrative of the details of the various activities of plaintiff McHenry, and his numerous alleged arrests. At the end of his complaint, plaintiff McHenry purports to set out two counts, one for damages and one for declaratory and injunctive relief. McHenry's claims are set out in a single sentence thirty lines long, alleging numerous and different violations of rights, without any specification of which of the twenty named defendants or John Does is liable for which of the wrongs. Another, similar, paragraph lays out the claims on behalf of plaintiff Warren. The only specificity given is that no punitive damages are sought from the City of San Francisco and no damages are sought from defendant Superior Court of California. This complaint was part of a long history of complaints against the City and County of San Francisco and its employees, from elected officials to gardeners, claiming that each

arrest of McHenry was part of a broad conspiracy to interfere with his constitutional rights.

The City moved to dismiss for failure to comply with Federal Rules of Civil Procedure 8(a) and 12(e). It moved to dismiss some of the apparent claims on the basis of the statute of limitations, absolute and qualified immunity, collateral estoppel, and the State Tort Claims Act.

The district judge wrote a thorough and careful order dismissing this first amended complaint without prejudice. The court particularly noted the impossibility of figuring out which defendants were allegedly liable for which wrongs, and noted the obvious bars to a number of the apparent claims:

Plaintiffs have made sweeping allegations against the city and various government employees, but the complaint frequently does not make clear connections between specific allegations and individual defendants. Defendants charge that the vague wording of the complaint makes it excessively difficult for individual defendants to formulate proper defenses and subject the city and others to unnecessary discovery.
...
Plaintiffs complaint does provide specific allegations of fact to support the claim that defendants have intentionally deprived plaintiffs of their constitutional rights. Nevertheless, as the complaint stands now it does not properly notify individual defendants of the allegations with which they are charged. Given the number and diversity of named defendants and the breadth of the allegations, claims which vaguely refer to "defendants" or "other responsible authorities" will not suffice. Defendants' motion for a more definite statement pursuant to F.R.C.P. 12(e), is granted, and plaintiffs are ordered to file a second amended complaint which clearly and concisely explains which allegations are relevant to which defendants.
...
Many of the named defendants may be able to assert absolute or qualified immunity as a defense, but unfortunately plaintiffs' complaint does not provide enough detail for the court to determine the appropriateness of these defenses at this time. For this reason, defendants' motion to dismiss on the immunity grounds is denied without prejudice. Defendants may refile the motion once plaintiffs have submitted a second amended complaint.

The court also ordered plaintiffs to show cause why defendants not served within 120 days should not be dismissed under Federal Rule of Civil Procedure 4(j). Subsequently, the court dismissed the claims against those defendants where

plaintiffs had not shown any substantial reasons for late service, but denied the motions to dismiss where plaintiffs had shown good cause for the delay.

Plaintiffs then filed a second amended complaint, which contained identically argumentative and prolix allegations, but added a section at the end in which the conduct attributed to each defendant was outlined. The complaint was now forty-three pages. The section naming particular defendants linked them up with parts of the narrative, but still did not tell them of what constitutional torts they were accused.

The court again dismissed without prejudice. The district judge wrote another careful order, this time giving plaintiffs specific instructions on how to rewrite their complaint so that it could be adjudicated:

In its order of October 8, 1992, this court dismissed plaintiffs first amended complaint without prejudice because it failed to provide the individual defendants with proper notice of the claims being asserted against them and, as such, did not afford defendants a fair opportunity to assert immunity defenses. Plaintiffs response to this order, the second amended complaint, largely mirrors the narrative ramblings of the first amended complaint except that it also includes a section entitled "Summary of Allegations Against Individual Defendants." Plaintiffs contend that this section of their otherwise deficient complaint ameliorates any problems which defendants may have had in formulating qualified immunity defenses. Defendants have now moved to dismiss the second amended complaint, reasserting the argument that the complaint is too vague to enable defendants to frame a responsive pleading, FRCP 12(e), and alternatively submitting that all of the individual defendants are entitled to qualified or absolute immunity from plaintiffs' claims.

Plaintiff's complaint fails to comply with the court's directive to explain clearly how each defendant is implicated by plaintiffs' allegations. For no apparent reason and though they are represented by counsel, plaintiffs have consistently eschewed the traditional pleading style which prescribes a "short and plain statement" of basic allegations followed by an outline of each legal claim based on specific allegations of fact. Instead, plaintiffs have re-submitted their complaint in its original novelized form, with only their new "Summary" directed at delineating their allegations. While plaintiffs' "Summary" does attempt to link plaintiffs' fact allegations to specific defendants, it does nothing to inform defendants of the *legal* claims being asserted. In wholly inadequate fashion, plaintiffs present their legal claims in a mere two paragraphs in the form of an undifferentiated list near the end of the forty-three page complaint. See Second Amended Complaint, ¶¶ 94 and 104.

Because plaintiffs' second amended complaint still does not provide defendants with a fair opportunity to frame a responsive pleading, defendants' motion to dismiss pursuant to FRCP 12(e) is GRANTED. Plaintiffs shall have one last opportunity to file a proper complaint which states clearly how each and every defendant is alleged to have violated plaintiffs' legal rights. *See Branch v. Tunnell, 937 F.2d 1382, 1386 (9th Cir.1991)*. In conforming with this order, plaintiffs would be well advised to edit or eliminate their twenty-six page introduction and focus on linking their factual allegations to actual legal claims. The purpose of the court system is not, after all, to provide a forum for storytelling or political griping, but to resolve legal disputes.

Unfortunately, it is impossible properly to consider defendants' immunity defenses at this time, because immunity will attach only for specific claims. After plaintiffs have submitted their final pleading, the court will reconsider defendants' motion to dismiss based on immunity.

SO ORDERED.

The complaint is, as the district court said, mostly, "narrative ramblings" and "storytelling or political griping." It is not in what the district court called "the traditional pleading style which prescribes a short and plain statement," and it does not provide defendants notice of what legal claims are asserted against which defendants.

Plaintiffs did not obey the judge's instructions to file a complaint "which states clearly how each and every defendant is alleged to have violated plaintiffs' legal rights" and his instructions to "edit their twenty-six page introduction and focus on linking their factual allegations to actual legal claims." Instead, they filed a fifty-three page third amended complaint repeating the vices of the second amended complaint. Instead of editing their twenty-six page introduction, plaintiffs expanded it. The complaint still reads like a magazine story instead of a traditional complaint. This time, the claims for relief designated legal theories on which the relief was based, but the plaintiffs did not specify which defendants were liable on which of the claims. Instead, each claim says "defendants'" conduct violated various rights of plaintiffs, without saying which defendants.

The district court had said in its order dismissing the second amended complaint that plaintiffs would have "one last opportunity to file a proper complaint." After receiving the third amended complaint, the judge noted that it had been submitted "paying little heed to the court's previous orders." The new section spelling out what the claims are "hardly improves matters, as each of the newly delineated

claims incorporates 122 paragraphs of confused factual allegations and then merely makes perfunctory reference to a legal claim said to arise from these undifferentiated facts."

The judge was concerned, however, that dismissal with prejudice based on the plaintiff's failure to comply with prior orders "might unfairly punish plaintiffs for their counsel's ineptitude." The judge therefore referred the case to a magistrate for preparation of a "report which assesses the viability of plaintiffs' claims in light of defendants' motion to dismiss."

The magistrate wrote a thirty-page report, recommending dismissal of the complaint on the ground that plaintiffs had failed to comply with the court's order dismissing the second amended complaint. The magistrate also reported that most, but not all, of the claims would be dismissed, even aside from this failure to comply with the court order because they failed to state claims upon which relief could be granted and on other grounds. The magistrate also noted that "no attempt is made to match up the specific factual allegations and the specific legal claims to a specific defendant. The result is that defendants and this court are literally guessing as to what facts support the legal claims being asserted against certain defendants."

The court then dismissed plaintiffs' complaint with prejudice, and noted that "the prior complaints presented long-winded tales of municipal conspiracy and police misconduct, but failed properly to notify the individual defendants of the legal claims they faced.... The larger part of this new complaint restates the second amended complaint without curing any of that prior complaint's deficiencies." The judge decided that "another order to dismiss with leave to replead would serve no purpose but to exacerbate the cost of this action to all concerned parties," and entered the dismissal.

## ANALYSIS

We review dismissal of a complaint with prejudice for failure to comply with a court's order to amend the complaint to comply with Rule 8 for abuse of discretion. *Nevijel v. North Coast Life Ins. Co.,* 651 F.2d 671, 673-74 (9th Cir.1981); *Schmidt v. Herrmann,* 614 F.2d 1221, 1223-24 (9th Cir.1980). The judge in this case dismissed the case pursuant to Federal Rule of Civil Procedure 41(b) for violation of a court order. The court order was pursuant to Federal Rule of Civil Procedure 8(e)(1), requiring that "each averment of a pleading shall be simple, concise, and direct." It was also pursuant to Rule 12(e), authorizing the court to strike a pleading

or make such other order as it deems just, if a complaint "is so vague or ambiguous that a party cannot reasonably be required to frame a responsive pleading," and the judge has already issued an order for a more definite statement which order was not complied with. The district judge's evaluation of whether the plaintiff complied with his order "is entitled to considerable weight." _Von Poppenheim v. Portland Boxing & Wrestling Comm'n,_ 442 F.2d 1047, 1051 (9th Cir.1971).

The Federal Rules require that averments "be simple, concise, and direct." The drafters of the rules anticipated that some lawyers and judges, particularly in code pleading states with different rules, might not understand just what was meant. Accordingly, Federal Rule of Civil Procedure 84 provided for an official Appendix of Forms "intended to indicate the simplicity and brevity of statement which the rules contemplate." The complaints in the official Appendix of Forms are dramatically short and plain. For example, the standard negligence complaint consists of three short paragraphs:

1. Allegation of jurisdiction.

2. On June 1, 1936, in a public highway called Boylston Street in Boston, Massachusetts, defendant negligently drove a motor vehicle against plaintiff, who was then crossing said highway.

3. As a result plaintiff was thrown down and had his leg broken, and was otherwise injured, was prevented from transacting his business, suffered great pain of body and mind, and incurred expenses for medical attention and hospitalization in the sum of one thousand dollars.

Wherefore plaintiff demands judgment against defendant in the sum of _____ dollars and costs.

Fed.R.Civ.P. Form 9. This complaint fully sets forth who is being sued, for what relief, and on what theory, with enough detail to guide discovery. It can be read in seconds and answered in minutes.

By contrast, the complaint in the case at bar is argumentative, prolix, replete with redundancy, and largely irrelevant. It consists largely of immaterial background information. For example, the complaint explains that plaintiff McHenry cofounded his political organization in Cambridge, Massachusetts in 1980, which is irrelevant. It explains that McHenry's organization adheres to "the principles of non-violence developed by Gandhi and King," also irrelevant. It tells what brand of motorbikes the police officers who arrested people rode, and points out that a journalist was injured by a police officer at one of the mass arrests at Food Not

Bombs distributions. It describes in detail settlement negotiations which Food Not Bombs had at various times and in various other law suits, telling what a United States district judge told the City he was considering in a settlement conference in another lawsuit. It accuses persons other than the defendants of having "falsely told members of the press" about an injunction. The complaint says, and illustrates with a dramatic illustration of the mayor rising from his desk chair, that Mayor Agnos seemed quite angry when he met with McHenry.

None of this material has any resemblance to the sample pleadings in the official Appendix of Forms. Rather than set out the basis for a lawsuit, the pleading seems designed to provide quotations for newspaper stories. Despite all the pages, requiring a great deal of time for perusal, one cannot determine from the complaint who is being sued, for what relief, and on what theory, with enough detail to guide discovery.

Plaintiffs urge that heightened standards of pleading applicable to some of their constitutional tort claims required the kind of pleading they filed. We assume without deciding that the claims plaintiffs sought to plead were subject to a heightened pleading standard. *Compare Leatherman v. Tarrant County Narcotics Unit,* 507 U.S. 163, 113 S.Ct. 1160, 122 L.Ed.2d 517 (1993) (rejecting a heightened pleading standard in civil rights cases alleging municipal liability as inconsistent with a liberal system of notice pleading); *with Branch v. Tunnell,* 937 F.2d 1382, 1387 (9th Cir.1991) (adopting a heightened pleading standard in cases where subjective intent is an element of a constitutional tort action); *Branch v. Tunnell,* 14 F.3d 449, 455-57 (9th Cir.1994).

A heightened pleading standard is not an invitation to disregard's Rule 8's requirement of simplicity, directness, and clarity. The "particularity" requirement of a heightened pleading standard, requiring "nonconclusory allegations containing evidence of unlawful intent," as opposed to "bare allegations of improper purpose," has among its purposes the avoidance of unnecessary discovery. *Branch,* 937 F.2d at 1386. If the pleading contains prolix evidentiary averments, largely irrelevant or of slight relevance, rather than clear and concise averments stating which defendants are liable to plaintiffs for which wrongs, based on the evidence, then this purpose is defeated. Only by months or years of discovery and motions can each defendant find out what he is being sued for. The expense and burden of such litigation promotes settlements based on the anticipated litigation expense rather than protecting immunity from suit. Judgment and discretion must be applied by district judges to determine when a pleading subject to a heightened pleading standard has violated Rule 8, but there is nothing unusual about a standard

requiring judges to exercise judgment and discretion. We have affirmed dismissal with prejudice for failure to obey a court order to file a short and plain statement of the claim as required by Rule 8, even where the heightened standard of pleading under Rule 9 applied. _Schmidt v. Herrmann,_ 614 F.2d at 1223-24. In _Schmidt,_ as in the case at bar, the very prolixity of the complaint made it difficult to determine just what circumstances were supposed to have given rise to the various causes of action.

Dismissal with prejudice of a complaint under Rule 41(b) is a harsh remedy, so we look to see whether the district court might have adopted less drastic alternatives. _Nevijel v. North Coast Life Insurance,_ 651 F.2d at 674. The district judge should first consider less drastic alternatives, but "need not exhaust them all before finally dismissing a case." _Von Poppenheim,_ 442 F.2d at 1054; _Nevijel,_ 651 F.2d at 674. The district judge in the case at bar had used less drastic alternatives, such as permitting plaintiffs to replead twice. He considered the less drastic alternative of allowing plaintiffs to replead again, but decided based on plaintiffs' violation of his previous orders that repleading would be futile.

The "harshness of a dismissal with prejudice is directly proportionate to the likelihood that plaintiff would prevail if permitted to go forward to trial. Since harshness is a key consideration in the district judge's exercise of discretion, it is appropriate that he consider the strength of a plaintiff's case if such information is available to him before determining whether dismissal with prejudice is appropriate." _Von Poppenheim,_ 442 F.2d at 1053 n. 4. In the case at bar, the district judge did consider the strength of the plaintiffs' case. He determined that much of the complaint failed to state claims on which relief could be granted, or would be barred by statutes of limitation and immunities. We do not suggest that the referral to the magistrate and the extensive, thorough analysis performed by the magistrate were prerequisites for dismissal. They amounted to an especially careful approach to determining that in this particular case, dismissal with prejudice was really not very harsh, because if the complaint were not dismissed under Rule 8, most of it would be dismissed anyway without ever reaching the merits.

The burden imposed by plaintiffs on defendants in related litigation was appropriately considered by the district court. The district court noted that plaintiffs had filed a 108 page complaint and alleged 80 causes of action in a case against the City in state court, _McHenry v. Agnos,_ San Francisco Superior Court Case No. 941976, and a 66 page Fourth Amended complaint in another related state case. _McHenry v. Agnos,_ San Francisco Superior Court Case No. 927-377. This kind of history "supports the conclusion that the trial court's dismissal of this action was

not an abuse of discretion," in part because "appellees herein have had to spend a large amount of time and money defending against [appellants] poorly drafted proceedings in this and related actions." _Nevijel,_ 651 F.2d at 674-75.

The propriety of dismissal for failure to comply with Rule 8 does not depend on whether the complaint is wholly without merit. The magistrate was able to identify a few possible claims which were not, on their face, subject to being dismissed under Rule 12(b)(6). Rule 8(e), requiring each averment of a pleading to be "simple, concise, and direct," applies to good claims as well as bad, and is a basis for dismissal independent of Rule 12(b)(6). _See Nevijel,_ 651 F.2d at 673; _Von Poppenheim,_ 442 F.2d at 1053 n. 4.

Plaintiffs urge that the district court order governing their second amended complaint, which they violated, was inconsistent with _McCalden v. California Library Ass'n,_ 955 F.2d 1214, 1223-24 (9th Cir.1990). In the order dismissing the second amended complaint, the judge instructed the plaintiffs to "file a proper complaint which states clearly how each and every defendant was alleged to have violated plaintiffs' legal rights." This was a reformulation of the instruction the judge gave when he dismissed the first amended complaint, that the plaintiffs file a pleading "which clearly and concisely explains which allegations are relevant to which defendants." We held in _McCalden_ that a plaintiff "is not required to state the statutory or constitutional basis for his claim, only the facts underlying it." _Id._ at 1223.

There are two reasons why plaintiffs' argument from _McCalden_ is wrong. First, the defect to which the judge was alluding was failure to say which wrongs were committed by which defendants, not failure to identify the statutes or constitutional provisions making the conduct wrong. Second, even though a complaint is not defective for failure to designate the statute or other provision of law violated, the judge may in his discretion, in response to a motion for more definite statement under Federal Rule of Civil Procedure 12(e), require such detail as may be appropriate in the particular case, and may dismiss the complaint if his order is violated. Fed.R.Civ.P. 41(b).

Prolix, confusing complaints such as the ones plaintiffs filed in this case impose unfair burdens on litigants and judges. As a practical matter, the judge and opposing counsel, in order to perform their responsibilities, cannot use a complaint such as the one plaintiffs filed, and must prepare outlines to determine who is being sued for what. Defendants are then put at risk that their outline differs from the judge's, that plaintiffs will surprise them with something new at trial which

they reasonably did not understand to be in the case at all, and that res judicata effects of settlement or judgment will be different from what they reasonably expected. "[T]he rights of the defendants to be free from costly and harassing litigation must be considered." *Von Poppenheim* at 1054.

The judge wastes half a day in chambers preparing the "short and plain statement" which Rule 8 obligated plaintiffs to submit. He then must manage the litigation without knowing what claims are made against whom. This leads to discovery disputes and lengthy trials, prejudicing litigants in other case who follow the rules, as well as defendants in the case in which the prolix pleading is filed. "[T]he rights of litigants awaiting their turns to have other matters resolved must be considered...." *Nevijel,* 651 F.2d at 675; *Von Poppenheim,* 442 F.2d at 1054. While commendable in its consideration for plaintiffs in this case, the magistrate's thorough analysis and thirty-page report, and the judge's study of the report, took a great deal of time away from more deserving litigants waiting in line.

Appellants also argue that various substantive bases for dismissal of some of their claims were mistaken. We need not reach those issues, because the district court did not abuse its discretion in dismissing the entire complaint for violation of Rule 8 and of the court's orders.

"The forms of action we have buried, but they still rule us from their graves." F.W. Maitland, *The Forms of Action At Common Law* 2 (A.H. Chaytor and W.J. Whittaker ed.1965)(1909). As Maitland explains, there are good reasons why the forms of action still shape pleadings, though the rules no longer require pleadings to conform to the ancient forms. Pleadings of the kind shaped by the traditional forms enable determination of the competence of the court, the appropriate procedures for the particular type of adjudication, the type of trial, and the remedies available. *Id.* at 2-3. Something labeled a complaint but written more as a press release, prolix in evidentiary detail, yet without simplicity, conciseness and clarity as to whom plaintiffs are suing for what wrongs, fails to perform the essential functions of a complaint.

AFFIRMED.