IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
BUTTE DIVISION

| | |
|---|---|
| PETER THOMPSON,<br><br>Plaintiff,<br><br>v.<br><br>CITY OF BOZEMAN, a Montana Municipal Corporation, et al.,<br><br>Defendants. | CV 18–75–BU–BMM–KLD<br><br><br><br>**ORDER** |

Defendant Allen Armstrong ("Armstrong") has filed a Motion to Strike Plaintiff Peter Thompson's ("Thompson") response to his Motion to Dismiss With Prejudice Pursuant to Rule 12(b)(6), Fed.R.Civ.P. (Doc. 89).

## DISCUSSION

Armstrong argues that Thompson's response brief (Doc. 87) violates L.R. 7.1(d)(2)(A), and 7.1(d)(2)(C) for exceeding the applicable word limit and for failing to contain a Table of Contents and Table of Authorities. Armstrong further notes that Thompson's response moves the Court to obtain different defense counsel based on an allegation that the Gallatin County Attorney's Office may possibly become a defendant in this case. Although Thompson styles the motion

as a "standing objection," the remedy he seeks requires Court action, without filing a separate motion and brief as required by L.R. 7.1(a) and 7.1(d)(1)(A). For these reasons, Armstrong asks the Court to strike Doc. 87 in its entirety, allowing Thompson further time to file a brief that complies with the Local Rules. In the alternative, if the Court does not strike Doc. 87, Armstrong asks the Court to grant him twenty-one (21) days from the denial of his Motion to Strike to file his reply brief.

Thompson admits Armstrong has made a "bona fide" argument about the prejudice resulting from Doc. 87's violation of L.R. 7.1(d)(2)(A)'s word count limit, but asks the Court to deny Armstrong's motion to strike, and allow him 21 days to file a reply as to the motion to dismiss, while simultaneously ordering Armstrong to consider the "standing objection" as a separate motion served and briefed as required under the rules.

Thompson argues that the local rules are ambiguous, and that he interprets the rules to allow the exclusion of pasted blocks of text and single-spaced citations from the word limit of L.R. 7.1(d)(2)(A). Thompson also states it is a better briefing practice to include lengthy quotes from caselaw and treatises to aid the reader, and notes that the Montana Supreme Court has accepted his style of briefing. He advises the Court that in cases he has previously filed in state court, he simply notified the state court of his violation of page limits, and complaints

about the violations were disregarded.  It appears he suggests that this Court similarly overlook his rules violations or, alternatively, suspend the rules for this case for all parties.

F.R.Civ.P. 83 vests the Court with the authority to enact local rules and to regulate practice in conformity with the local rules adopted by the Court.  "Local rules have the 'force of law' and are binding upon the parties and upon the court . . .."  *Prof. Programs Grp. v. Dep't. of Commerce*, 29 F.3d 1349, 1353 (9th Cir. 1994) (citation omitted).  Departure from the local rules "is justified only if the effect is 'so slight and unimportant that the sensible treatment is to overlook [it].'" *Prof. Programs*, 29 F.3d at 1353 (citations omitted).  The Court's Local Rules are an "attempt to promote orderly and efficient process to all parties who come before the Court."  *Briese v. Montana*, CV-09-146-BLG-RFC-CSO, 2012 U.S. Dist. LEXIS 148999, * 27 (D. Mont. October 16, 2012).  The Court has "inherent power to strike a party's submissions" based on its ability to enforce rules it has enacted for the management of litigation.  *Mazzeo v. Gibbons*, CV-08-1387-RLH-PAL, 2010 LEXIS 105798, * 8 (D. Nev. September 30, 2010) (citations omitted).

Thompson's response brief violates several local rules, and the inclusion of a motion within his response brief prejudices Armstrong, who is limited to 3250 words for his reply brief per L.R. 7.1(d)(2)(B).  However, striking the entirety of Doc. 87 would further delay the determination of Armstrong's Motion to Dismiss

3

and would unnecessarily require Thompson to refile that portion of the responsive brief without the additional motion. Conversely, the remedy suggested by Thompson would reward his violation of the local rules, of which he is clearly aware and cavalierly chooses to disregard. The Court declines to take Thompson up on his offer to suspend the local rules for this case, and further notes that the purpose of the local rules–to promote orderly and efficient process to all parties in the case–would be frustrated by allowing parties to file briefs which are unlimited in word count and contain multiple embedded motions. The local rules are neither onerous nor ambiguous, and the Court expects all parties to abide by them.

For these reasons, the Court grants Armstrong's Motion to Strike to the extent it seeks to strike that portion of Thompson's response brief which raises a new motion, and denies the Motion in all other respects. Although the Court does not condone Thompson's violation of local rules governing word count and required Tables, it must balance the need to enforce the local rules with the need to promote orderly and efficient determination of the issues raised by the parties in this case. Accordingly,

Armstrong's Motion to Strike is **GRANTED** in part, and **DENIED** in part. The portion of Doc. 87 that raises a new motion is hereby stricken, and Armstrong shall his reply in support of his Motion to Dismiss on or before **September 25, 2019**. All parties are reminded to follow the local rules, and further violations will

4

not be tolerated.

DATED this 11th day of September, 2019.

_____
Kathleen L. DeSoto
United States Magistrate Judge