IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
BUTTE DIVISION

| | |
|---|---|
| PETER THOMPSON,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>CITY OF BOZEMAN, a Montana Municipal Corporation, et al.,<br><br>　　　　　Defendants. | CV 18–75–BU–BMM–KLD<br><br><br>**ORDER** |

　　　　Defendants Cattail Creek Community Association, Cattail Creek Community Association(s) of Phase I, II, and III & of the 2008 Combined Covenant Association, Cattail Creek Community Association, Incorporated, At Your Service Cleaning & HOA Management, Inc., Jaymie Larsen, Sue Greeno, Katerina Freche, Angie Matsen, Jay Blaske, Neil Ramhorst, Joseph Sands, Peter Noreen, Randy Sullivan, Lola Jeffers, Sandi Rummel, Sandi Hamilton, Jeremy May, Tyler Powell, Melinda Maze-Talarico, Daniel Madison, Callie Miller, Sandy Feeney, Darrin Strosnider, Amy Hanson, John Hansen, Travis Munter, Sandy Sanders, and Rob Pertzborn ("Cattail Creek Defendants") have filed a Motion to Strike Plaintiff Peter Thompson's ("Thompson") response to their Motion to

1

Dismiss, or in the Alternative, Motion for More Definite Statement. (Doc. 85).

## DISCUSSION

Cattail Creek Defendants argue that Thompson's response brief (Doc. 84) violates L.R. 7.1(d)(2)(A), and 7.1(d)(2)(C) for exceeding the applicable word limit and for failing to contain a Table of Contents and Table of Authorities. Cattail Creek Defendants further note that Thompson's response moves the Court to order that certain of the corporate Cattail Creek Defendants have separate counsel from individual Cattail Creek Defendants, without filing a separate motion and brief as required by L.R. 7.1(a) and 7.1(d)(1)(A). For these reasons, the Cattail Creek Defendants ask the Court to strike Doc. 84 in its entirety, allowing Thompson further time to file a brief that complies with the Local Rules and to stay Cattail Creek Defendants' deadline for filing their reply brief until fourteen (14) days after Thompson files a compliant brief. In the alternative, if the Court does not strike Doc. 84, Cattail Creek Defendants ask the Court to grant them twenty-one (21) days from the denial of their Motion to Strike to file their reply brief.

Thompson appears to concede that Doc. 84, which is 2,443 words over the 6500 word limit imposed by L.R. 7.1(d)(2)(A), is in violation of the local rules but argues that it was intended in good-faith to bring before the Court certain matters he feels need to be addressed, resulting in both an over-long brief and a brief that

impermissibly contains a separate motion. Thompson's counter-proposal to Cattail Creek Defendants' suggested remedies is that the Court overlook the violations of the local rules, and allow his response to stand, while granting Cattail Creek Defendants an additional 21 days to (1) file a reply in support of their Motion to Dismiss and (2) file a response brief to the separate motion in Thompson's response regarding the alleged conflict of counsel for Cattail Creek Defendants. Thompson further notes that he has a busy litigation calendar and, should the Court grant Cattail Creek Defendants' Motion to Strike, requests 21 days to redraft and refile the compound document filings within Doc. 84.

F.R.Civ.P. 83 vests the Court with the authority to enact local rules and to regulate practice in conformity with the local rules adopted by the Court. "Local rules have the 'force of law' and are binding upon the parties and upon the court . . . ." *Prof. Programs Grp. v. Dep't. of Commerce*, 29 F.3d 1349, 1353 (9th Cir. 1994) (citation omitted). Departure from the local rules "is justified only if the effect is 'so slight and unimportant that the sensible treatment is to overlook [it].'" *Prof. Programs*, 29 F.3d at 1353 (citations omitted). The Court's Local Rules are an "attempt to promote orderly and efficient process to all parties who come before the Court." *Briese v. Montana*, CV-09-146-BLG-RFC-CSO, 2012 U.S. Dist. LEXIS 148999, * 27 (D. Mont. October 16, 2012). The Court has "inherent power to strike a party's submissions" based on its ability to enforce rules it has enacted

for the management of litigation. *Mazzeo v. Gibbons*, CV-08-1387-RLH-PAL, 2010 LEXIS 105798, * 8 (D. Nev. September 30, 2010) (citations omitted).

Thompson's response brief violates several local rules, and the inclusion of a motion within his response brief prejudices Cattail Creek Defendants, who are limited to 3250 words for their reply brief per L.R. 7.1(d)(2)(B). However, the remedies suggested by Cattail Creek Defendants would further delay the determination of their Motion to Dismiss and would unnecessarily require Thompson to refile that portion of the responsive brief without the additional motion. Conversely, the remedy suggested by Thompson would reward his violation of the local rules, of which he is clearly aware, and would also delay determination of Cattail Creek Defendants' Motion to Dismiss.

For these reasons, the Court grants Cattail Creek Defendants' Motion to Strike to the extent it seeks to strike that portion of Thompson's response brief which raises a new motion, and denies the Motion in all other respects. Although the Court does not condone Thompson's violation of local rules governing word count and required Tables, it must balance the need to enforce the local rules with the need to promote orderly and efficient determination of the issues raised by the parties in this case. Accordingly,

Cattail Creek Defendants' Motion to Strike is **GRANTED** in part, and **DENIED** in part. The portion of Doc. 84 that raises a new motion is hereby

stricken, and Cattail Creek Defendants shall file their reply in support of their Motion to Dismiss on or before **September 25, 2019**. All parties are reminded to follow the local rules, and further violations will not be tolerated.

DATED this 11th day of September, 2019.

_____
Kathleen L. DeSoto
United States Magistrate Judge