IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
BUTTE DIVISION

| | |
|---|---|
| PETER THOMPSON, | CV 18–75–BU–BMM–KLD |
| Plaintiff, | |
| v. | ORDER |
| CITY OF BOZEMAN, a Montana Municipal Corporation, et al., | |
| Defendants. | |

Pro se Plaintiff Peter Thompson has filed a Motion for Leave as to Reconsideration of Document 99 (Doc. 103) asking the Court to reconsider its order giving him until September 16, 2019 to respond to Defendants' City of Bozeman, Greg Sullivan, Kyla Murray, Tim Cooper, Bob Risk, Officer Jim Veltcamp, Officer Mark Carpenter, and Officer Travis Munter's Motion to Dismiss and in the Alternative for a More Definite Statement (Doc. 71). Plaintiff's Motion for Leave as to Reconsideration of Document 99 is denied for the reasons set forth below.

# DISCUSSION

On November 30, 2018, Plaintiff commenced this action by filing a 120-page Complaint naming more than 50 defendants. (Doc. 1). Plaintiff filed an Amended Complaint on March 14, 2019 (Doc. 9), and twelve motions to dismiss have since been filed by various Defendants. (Docs. 11, 16, 20, 23, 25, 34, 36, 43, 49, 67, 71, 76). Of those 12 motions to dismiss, 9 are fully briefed. (Docs. 11, 16, 20, 23, 25, 34, 36, 43, 49).

The following three motions to dismiss are not yet fully briefed:

(1) Defendant Wittich's and Wittich Law P.C.'s Motion to Dismiss with Prejudice Pursuant to Rule 12(b)(6), Fed. R. Civ. P. (Doc. 67);

(2) City of Bozeman, Greg Sullivan, Kyla Murray, Tim Cooper, Bob Risk, Officer Jim Veltkamp, Officer Mark Carpenter, & Officer Travis Munter's Motion to Dismiss and in the Alternative for a More Definite Statement (Doc. 71) and;

(3) Motion to Dismiss of American Land and Title Company, Sandan LLC, and Related Defendants (Doc. 76).

The American Land and Title Defendants filed their motion to dismiss on June 10, 2019. (Doc. 76). Plaintiff sought and obtained an extension of time until September 18, 2019, to file his response. (Doc. 83). Any optional reply brief is due October 2, 2019.

The Wittich Defendants filed their motion to dismiss on May 23, 2019. (Doc. 67). Plaintiff sought and obtained an extension of time until August 14, 2019, to file his response. (Doc. 75). On August 18, 2019, Plaintiff filed a second

motion for an extension of time asking that he be given until October 9, 2019, to file his response. (Doc. 95). The Court had previously cautioned Plaintiff that no further extensions would be granted (Doc. 75), but nevertheless issued an order giving Plaintiff until September 13, 2019, to file his response brief. (Doc. 96). Plaintiff has filed objections to that order, which are presently pending before presiding United States District Judge Brian Morris. (Doc. 98).

The City Defendants filed their motion to dismiss and in the alternative for a more definite statement on May 29, 2019. (Doc. 71). Plaintiff sought and obtained an extension of time until September 4, 2019, to file his response. (Doc. 75).  On the September 4, 2019, due date, Plaintiff filed a second motion for an extension of time asking that he be given until November 8, 2019, to file his response. (Doc. 99). The Court had previously cautioned Plaintiff that no further extensions would be granted (Doc. 75), but nevertheless issued an order giving Plaintiff until September 16, 2019, to file his response. (Doc. 102).

Plaintiff then filed the pending Motion for Leave as to Reconsideration of Document 99. (Doc. 103). Plaintiff complains that he was not able to access the Court's June 7, 2019, order admonishing him that no further extensions would be granted. Plaintiff explains that he needs more time to prepare his response brief because of the sheer number of motions filed by the Defendants, and due to the fact that he has been experiencing health problems requiring medical treatment.

Local Rule 7.3 states that "[n]o one may file a motion for reconsideration of an interlocutory order without prior leave of court." The rule further provides that for pro se litigants like Plaintiff, a motion for leave to file a motion for reconsideration must be limited to seven pages. L.R. 7.3(b). The motion and supporting brief are more than 19 pages long, thereby exceeding the seven-page page limit.

In addition, a party seeking leave to file a motion for reconsideration must demonstrate at least one of the following: (1) the facts or applicable law are materially different from the facts or applicable law that the parties presented to the court, and despite the exercise of reasonable diligence, the party applying for reconsideration did not know such fact or law before entry of the order; or (2) new material facts arose or a change of law occurred after entry of the order. L.R. 7.3(b)(1) and (2). Plaintiff's motion does not meet either of these requirements. Accordingly,

IT IS ORDERED that Plaintiff's "Motion for Leave as to Reconsideration of Document 99" (Doc. 103) is DENIED. Nevertheless, in light of Plaintiff's pro se status, the Court will extend the deadline for responding to the City Defendants' motion to dismiss and the Wittich Defendants' motion to dismiss to coincide with the September 18, 2019 deadline for responding to the American Land and Title Defendants' motion to dismiss. Thus,

IT IS FURTHER ORDERED that Plaintiff's brief in response to the City Defendants' motion to dismiss (Doc. 71) and the Wittich Defendants' motion to dismiss (Doc. 67) shall be due on or before **September 18, 2019.**

DATED this 11th day of September, 2019.

Kathleen L. DeSoto
United States Magistrate Judge