

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
BUTTE DIVISION

| | |
|---|---|
| PETER THOMPSON,<br><br>　　　　　Plaintiff,<br><br>v.<br><br>CITY OF BOZEMAN, a Montana<br>Municipal Corporation, et al.,<br><br>　　　　　Defendants. | CV 18–75–BU–BMM–KLD<br><br><br><br>**ORDER** |

Plaintiff Peter Thompson moves the Court for an order requiring the recusal of the Crowley Fleck law firm from representing the Cattail Creek Community Association, Cattail Creek Community Association(s) of Phase I, II, and III & of the 2008 Combined Covenant Association, Cattail Creek Community Association, Incorporated, At Your Service Cleaning & HOA Management, Inc., Jaymie Larsen, Sue Greeno, Katerina Freche, Angie Matsen, Jay Blaske, Neil Ramhorst, Joseph Sands, Peter Noreen, Randy Sullivan, Lola Jeffers, Sandi Rummel, Sandi Hamilton, Jeremy May, Tyler Powell, Melinda Maze-Talarico, Daniel Madison,

Callie Miller, Sandy Feeney, Darrin Strosnider, Amy Hanson, John Hansen, Travis Munter, Sandy Sanders, and Rob Pertzborn (collectively Cattail Creek Defendants) in this litigation. Although it is not entirely clear, it appears Thompson alleges that Crowley Fleck should be precluded from representing the Cattail Creek Defendants because his Amended Complaint alleges that certain of those Defendants were "illegally formed," which Thompson argues creates a conflict between those Defendants (which he collectively refers to as the "board" or "boards") and the "original contract organizations" pursuant to M.R.Prof.Cond. 1.7 and 1.13. Thompson appears to be arguing, at least in part, that there is a conflict in representing all the Cattail Creek Defendants because the "original contract organizations" could have claims against those entities or persons whom Thompson alleges acted illegally.[1]

Properly noting that Thompson actually seeks disqualification of Crowley Fleck, the Cattail Creek Defendants oppose this motion, arguing that Thompson's contentions are barred by *res judicata*; that he lacks standing to raise the issue of disqualification; that Crowley Fleck owes no duties to Thompson; and that there is in fact no conflict of interest. Because the Court finds that Thompson lacks standing to seek disqualification of Crowley Fleck and because there is no current

---

[1] It is less clear whether Thompson also intends to argue that there is a conflict between individual Cattail Creek Defendants and corporate Cattail Creek Defendants. The analysis in this order applies to this theory as well.

conflict of interest, Thompson's motion is denied.[2]

## DISCUSSION

The court has the inherent authority to control the conduct of attorneys appearing in federal court. *Stimson Lumber Co. v. Int'l. Paper Co.*, 2011 U.S. Dist. LEXIS 3769, * 5-6 (D. Mont. January 14, 2011). Attorney disqualification is determined by applying state law and is governed by any applicable state disciplinary rules. *Nelson v. Hartford Ins. Co.*, 2012 U.S. Dist. LEXIS 30983, * 6 (D. Mont. March 8, 2012). *See also Paul E. Iacono Structural Eng., Inc. v. Humphrey*, 722 F.2d 435, 438-39 (9th Cir. 1983). The purpose of the rules governing disqualification of attorneys "is to protect and enhance the professional relationship between an attorney and a client." *Stimson Lumber*, * 8.

The issue of standing, however, calls into question this Court's authority under the United States Constitution and is thus governed by federal law. *U.S. v. Manlove*, 2016 U.S. Dist. LEXIS 176040, * 3 (December 20, 2016).

A motion to disqualify requires "sufficient proof that the continued representation of one party by the attorney or firm will prejudice or adversely impact the rights of another party in the matter currently pending before the court."

---

[2] Although Thompson notes that Crowley Fleck also represents Defendants Instrinsik Architecture and its employees Tad Tsukamoto and Allison Gilley, he makes no factual argument regarding any conflict relating to those Defendants. To the extent his motion encompasses those Defendants, the motion is denied.

3

*Schuff v. A.T. Klemens & Son*, 2000 MT 357, 16 P.3d 1002, ¶ 36.

### A. Standing

Standing is essentially "whether the litigant is entitled to have the court decide the merits of the dispute or of particular issues." *Warth v. Seldin*, 422 U.S. 490, 498 (1975). The Court's power to hear or decide disputes is limited by Article III of the United States Constitution, which requires a party to suffer "an 'injury in fact'—an invasion of a legally protected interest which is concrete and particularized . . . ." *Lujan v. Defs. of Wildlife*, 504 U.S. 555, 560 (1992) (citations omitted). Accordingly, a person who does not have a "legally protected interest" generally cannot raise a third-party's legal rights. *Warth*, 422 U.S. at 499.

It is undisputed that Thompson is not now, and never has been, a client of Crowley Fleck. Absent such an attorney/client relationship, Thompson cannot establish standing to challenge Crowley Fleck's representation of the Cattail Creek Defendants. He does not have an attorney/client relationship with Crowley Fleck to either protect or enhance, which is the purpose of the rules governing disqualification of attorneys. Crowley Fleck does not owe Thompson any duties, as it represents clients who are adverse to Thompson in this litigation. *See Rhode v. Adams*, 1998 MT 73, ¶ 21, 957 P.2d 1124. The Rules of Professional Conduct exist to protect former and current clients, not third parties such as Thompson, and Thompson lacks standing to enforce any rights the Cattail Creek Defendants might

have in relation to their representation by Crowley Fleck. *Manlove,* * 6.

## B. Conflict of Interest

Even if Thompson had standing to seek Crowley Fleck's disqualification, he has not met his burden of establishing a conflict of interest which would require disqualification of Crowley Fleck. Thompson cites two Montana Rules of Professional Conduct (1.7 and 1.13) in support of his conclusion that Crowley Fleck should be disqualified. However, neither rule requires disqualification of the firm. Rule 1.7 states:

> (a) Except as provided in paragraph (b), a lawyer shall not represent a client if the representation involves a concurrent conflict of interest. A concurrent conflict of interest exists if:
>
> > (1) the representation of one client will be directly adverse to another client; or
> > (2) there is a significant risk that the representation of one or more clients will be materially limited by the lawyer's responsibilities to another client, a former client or a third person or by a personal interest of the lawyer.
>
> (b) Notwithstanding the existence of a concurrent conflict of interest under paragraph (a), a lawyer may represent a client if:
>
> > (1) the lawyer reasonably believes that the lawyer will be able to provide competent and diligent representation to each affected client;
> > (2) the representation is not prohibited by law;
> > (3) the representation does not involve the assertion of a claim by one client against another client represented by the lawyer in the same litigation or other proceeding before a tribunal; and
> > (4) each affected client gives informed consent, confirmed in writing.

Thompson argues that because he alleges acts of malfeasance by past board incarnations and members, there is a current conflict of interest between the Cattail Creek Defendants to the extent some of those Defendants might have claims against the alleged bad actors. However, as noted by the Cattail Creek Defendants, they do not agree that any of the board incarnations were illegally formed, as argued by Thompson, nor do they agree that any of the actions taken by the various board incarnations were illegal. It appears that they are unified in outright denial of the claims made by Thompson, and thus there is no adversity between past and current boards or individual board members, who are all current clients of Crowley Fleck in this litigation. Accordingly, Rule 1.7 does not preclude representation by Crowley Fleck.

Thompson's reliance on Rule 1.13 is similarly misplaced. Rule 1.13 states in pertinent part:

> (a) A lawyer employed or retained by an organization represents the organization acting through its duly authorized constituents.
>
> (b) If a lawyer for an organization knows that an officer, employee or other person associated with the organization is engaged in action, intends to act or refuses to act in a matter related to the representation that is a violation of a legal obligation to the organization, or a violation of law which reasonably might be imputed to the organization, and is likely to result in substantial injury to the organization, the lawyer shall proceed as is reasonably necessary in the best interest of the organization. Unless the lawyer reasonably believes that it is not necessary in the best interest of the organization

> to do so, the lawyer shall refer the matter to higher authority in the organization, including, if warranted by the circumstances, to the highest authority that can act on behalf of the organization as determined by applicable law.
>
> * * *
>
> (f) In dealing with an organization's directors, officers, employees, members, shareholders or other constituents, a lawyer shall explain the identity of the client when the lawyer knows or reasonably should know that the organization's interests are adverse to those of the constituents with whom the lawyer is dealing.
>
> (g) A lawyer representing an organization may also represent any of its directors, officers, employees, members, shareholders or other constituents, subject to the provisions of Rule 1.7. If the organization's consent to the dual representation is required by Rule 1.7, the consent shall be given by an appropriate official of the organization other than the individual who is to be represented, or by the shareholders.

Rule 1.13(g) specifically permits an attorney or law firm to represent an organization, as well as its directors, board members, or other constituents, as long as Rule 1.7 is satisfied. Because there is no violation of Rule 1.7 in the representation of the Cattail Creek Defendants, Rule 1.13(g) is satisfied as well.

Thompson appears to rely on Rule 1.13(b), which addresses how an attorney is to handle representation of a corporate client when he or she has reason to believe that a board member has acted, or is acting, in a manner that is illegal or harmful to the corporation. The Court is well aware that Thompson's legal theory against the Cattail Creek Defendants relies on

allegations that certain board incarnations were formed illegally and then acted illegally. However, that is simply Thompson's legal theory, which is disputed by the Cattail Creek Defendants. Thompson has failed to meet his burden of establishing the necessity of disqualification based on a conflict of interest.

Accordingly, IT IS ORDERED that Thompson's Motion for Recusal of Crowley Fleck From Concurrent Representations (Doc. 132) is DENIED.

DATED this 26th day of February 2020.

*Kathleen DeSoto*
Kathleen L. DeSoto
United States Magistrate Judge