IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
BUTTE DIVISION

| | |
|---|---|
| PETER THOMPSON,<br><br>                Plaintiff,<br><br>vs.<br><br>CITY OF BOZEMAN, a Montana Municipal Corporation, et al.,<br><br>                Defendants. | CV 18–75–BMM–KLD<br><br>**ORDER ADOPTING FINDINGS AND RECOMMENDATIONS** |

Plaintiff Peter Thompson filed a complaint containing various counts of constitutional violations and torts against several defendants. The allegations arise from a protracted dispute and litigation between Thompson and the Cattail Creek Community Association ("CCCA litigation"). Defendants Jennings Law Office, P.C., Wayne Jennings, and Amy Hanson (collectively "Jennings Defendants") filed a Motion to Dismiss. (Doc. 25).

United States Magistrate Judge Kathleen DeSoto issued Findings and Recommendations on the Jennings Defendants' Motion to Dismiss on March 3, 2020. (Doc. 155). The Findings and Recommendations recommended granting Jennings Defendants' motion to dismiss in full. Thompson filed timely objections,

including a supplement, after the Court granted several extensions of time. (Docs. 189, 190).

The Court conducts a de novo review of the specified findings and recommendations to which a party objects. 28 U.S.C. § 636(b)(1). Those portions of the findings and recommendations to which no party objected will be reviewed for clear error. 28 U.S.C. § 636(b)(1)(A); *McDonnell Douglas Corp. v. Commodore Bus. Mach., Inc.*, 656 F.2d 1309, 1313 (9th Cir. 1981). Clear error exists if the Court is left with a "definite and firm conviction that a mistake has been committed." *United States v. Syrax*, 235 F.3d 422, 427 (9th Cir. 2000) (citations omitted).

"A party makes a proper objection by identifying the parts of the magistrate's disposition that the party finds objectionable and presenting legal argument and supporting authority, such that the district court is able to identify the issues and the reasons supporting a contrary result." *Montana Shooting Sports Ass'n v. Holder*, 2010 WL 4102940, at *2 (D. Mont. Oct. 18, 2010) (citation omitted).

Alternatively, where a party's objections constitute "perfunctory responses argued in an attempt to engage the district court in a rehashing of the same arguments" set forth in the original motion, the Court will review the applicable

portions of the findings and recommendations for clear error. *Rosling v. Kirkegard*, 2014 WL 693315 *3 (D. Mont. Feb. 21, 2014) (internal citations omitted). For the reasons stated below, the Findings and Recommendations are adopted in full.

## DISCUSSION

### I.  LEGAL STANDARDS

A court must dismiss a complaint if it fails to "state a claim upon which relief can be granted." Fed. R. Civ. P 12(b)(6).  The Court must consider all allegations of material fact as true and construed in a light most favorable to the plaintiff. *Cahill v. Liberty Mut. Ins. Co*, 80 F.3d 336, 337-38 (9th Cir. 1996). "A cause of action may be dismissed under Rule 12(b)(6) either when it asserts a legal theory that is not cognizable as a matter of law, or if it fails to allege sufficient facts to support an otherwise cognizable legal claim." *Spreadbury v. Bitterroot Pub. Library*, No. CV 11-64-M-DWM-JCL, 2011 WL 4499043, at *2 (D. Mont. July 21, 2011) (citing *SmileCare Dental Group v. Delta Dental Plan of California, Inc.,* 88 F.3d 780, 783 (9th Cir.1996)).

To survive a motion to dismiss under Rule 12(b)(6), "a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009) (citation and internal quotation marks omitted).  "A claim has facial plausibility when the

plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* Plausibility does not equate with "probability," and it requires "more than a sheer possibility that a defendant has acted unlawfully." *Id.* Factual allegations "that are 'merely consistent with' a defendant's liability" do not cross the line between possibility and plausibility. *Id.*

The Magistrate Judge also correctly noted the liberality standard applied to pro se pleadings. The Court likewise construes Thompson's pleadings liberally due to his status as a pro se litigant. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007).

II. PLAINTIFF'S OBJECTIONS

Thompson objects to the conclusions in the Findings and Recommendations and identifies a failure to discuss the need to view the complaint as a whole in a light most favorable to the Plaintiff. (Doc. 189). Although Plaintiff objects to the Findings and Recommendations, he does not provide arguments for his objections that pertain to the Jennings Defendants, or the Magistrate's conclusions, specifically. The core of Thompson's allegations are that the Jennings Defendants colluded against Thompson in litigation regarding the CCCA litigation. These arguments primarily re-hash arguments presented to the Magistrate Judge.

Therefore, the Court addresses each of the following recommendations contained in the Findings and Recommendations for clear error.

    A. *Abuse of Process & Malicious Prosecution Claims*

No clear error exists in the conclusion in the Findings and Recommendations that Thompson failed to state a claim for abuse of process and malicious prosecution. The Magistrate Judge correctly noted that Thompson could not prove either elements three or five of a malicious prosecution claim. *White v. Montana*, 305 P.3d 795, 803 (Mont. 2013) (discussing elements of a malicious prosecution claim). Element five—that the judicial proceeding terminated favorably for plaintiff—cannot be demonstrated because Thompson was not the prevailing party in the CCCA litigation. *Id.*; (*see* Doc. 26-1). Similarly, Thompson failed to establish element three, that there was lack of probable cause for the defendant's acts, because the state court ultimately agreed with the Jennings Defendants regarding Thompson's failure to comply with the covenants and enjoined him from occupying his home unless he completed the exterior of his home. (*See* Doc. 26-1 at Exhibit B, 26-27).

Thompson has also failed to state a claim for an abuse of process claim. *Judd v. BNSF Ry.*, 186 P.3d 214, 217 (Mont. 2008) (noting the elements for an abuse of process claim are an ulterior purpose and a willful act in the use of the

process not proper in the regular course of the proceeding). Nothing in the record indicates that the Jennings Defendants coerced Thompson to do "some collateral thing which he could not be legally and regularly compelled to do." *Id.* The state court's decision demonstrates that Thompson legally and regularly could be compelled to comply with the covenants. (*See* Doc. 26-1 at Exhibit B).

### B. Civil Conspiracy Claims

The Magistrate Judge did not clearly err in concluding that Thompson had failed to state a claim against the Jennings Defendants for a 42 U.S.C. § 1983 claim because the Jennings Defendants are not state actors and § 1983 supports a claim for a violation of an individual's civil rights by state actors or private parties that are "willful participant[s] in joint action with the State or its agents." *Kirtley v. Rainey*, 326 F.3d 1088, 1092 (9th Cir. 2003). There is similarly no evidence to suggest a conspiracy or a RICO claim. The Magistrate Judge did not clearly err in concluding that Thompson's conspiracy and RICO claims fail as a matter of law.

### C. Amendment

The Findings and Recommendations note that Thompson already has had one opportunity to amend his complaint. The Magistrate Judge did not clearly err in concluding that the deficiencies in Thompson's Complaint cannot be cured by alleging additional facts and therefore it would be futile to allow Thompson to

6

amend his complaint. *See Weilburg v. Shapiro*, 488 F.3d 1202, 1205 (9th Cir. 2007) (noting leave to amend should be granted unless it is "absolutely clear that the deficiencies of the complaint cannot be cured by amendment"). The Court agrees that no amendment could cure the deficiencies identified in Thompson's complaint as to the Jennings Defendants.

## CONCLUSION

**IT IS HEREBY ORDERED:**

1. The Findings and Recommendations (Doc. 155) are **ADOPTED IN FULL.**

2. Jennings Defendants Motion to Dismiss (Doc. 25) is **GRANTED** and Thompson's claims against the Jennings Defendants are **DISMISSED** with prejudice.

DATED this 19th day of May, 2020.

_____
Brian Morris, Chief District Judge
United States District Court