IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
BUTTE DIVISION

| | |
|---|---|
| PETER THOMPSON,<br><br>    Plaintiff,<br><br>vs.<br><br>CITY OF BOZEMAN, a Montana Municipal Corporation, et al.,<br><br>    Defendants. | CV 18–75–BMM–KLD<br><br>**ORDER ADOPTING FINDINGS AND RECOMMENDATIONS (DOC. 161)** |

  Plaintiff Peter Thompson filed a complaint containing various counts of constitutional violations and torts against several defendants. The allegations generally arise from a protracted dispute and litigation between Thompson and the Cattail Creek Community Association (CCCA). Thompson's allegations against Richard Embry arise from the sale of Embry's property to Thompson. Thompson generally alleges that at the time of sale, Embry concealed knowledge that the covenants applicable to the property were in the process of being amended in a way that would impact Thompson's ability to develop the property. Embry filed a motion to dismiss, arguing that Thompson's claims failed to state a claim and were barred by the applicable statutes of limitation. (Doc. 23).

United States Magistrate Judge Kathleen DeSoto issued Findings and Recommendations on Embry's Motion to Dismiss on March 25, 2020. (Doc. 161). The Findings and Recommendations recommended granting Embry's motion to dismiss in full. Thompson filed timely objections after the Court granted an extension of time. (Docs. 175, 191).

The Court conducts a de novo review of the specified findings and recommendations to which a party objects. 28 U.S.C. § 636(b)(1). Those portions of the findings and recommendations to which no party objected will be reviewed for clear error. 28 U.S.C. § 636(b)(1)(A); *McDonnell Douglas Corp. v. Commodore Bus. Mach., Inc.*, 656 F.2d 1309, 1313 (9th Cir. 1981). Clear error exists if the Court is left with a "definite and firm conviction that a mistake has been committed." *United States v. Syrax*, 235 F.3d 422, 427 (9th Cir. 2000) (citations omitted).

"A party makes a proper objection by identifying the parts of the magistrate's disposition that the party finds objectionable and presenting legal argument and supporting authority, such that the district court is able to identify the issues and the reasons supporting a contrary result." *Montana Shooting Sports Ass'n v. Holder*, 2010 WL 4102940, at *2 (D. Mont. Oct. 18, 2010) (citation omitted).

2

Alternatively, where a party's objections constitute "perfunctory responses argued in an attempt to engage the district court in a rehashing of the same arguments" set forth in the original motion, the Court will review the applicable portions of the findings and recommendations for clear error. *Rosling v. Kirkegard*, 2014 WL 693315 *3 (D. Mont. Feb. 21, 2014) (internal citations omitted). For the reasons stated below, the Findings and Recommendations are adopted in full.

## DISCUSSION

I. LEGAL STANDARDS

A court must dismiss a complaint if it fails to "state a claim upon which relief can be granted." Fed. R. Civ. P 12(b)(6). The Court must consider all allegations of material fact as true and construed in a light most favorable to the plaintiff. *Cahill v. Liberty Mut. Ins. Co*, 80 F.3d 336, 337-38 (9th Cir. 1996). "A cause of action may be dismissed under Rule 12(b)(6) either when it asserts a legal theory that is not cognizable as a matter of law, or if it fails to allege sufficient facts to support an otherwise cognizable legal claim." *Spreadbury v. Bitterroot Pub. Library*, No. CV 11-64-M-DWM-JCL, 2011 WL 4499043, at *2 (D. Mont. July 21, 2011) (citing *SmileCare Dental Group v. Delta Dental Plan of California, Inc.,* 88 F.3d 780, 783 (9th Cir.1996)).

To survive a motion to dismiss under Rule 12(b)(6), "a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009) (citation and internal quotation marks omitted). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* Plausibility does not equate with "probability," and it requires "more than a sheer possibility that a defendant has acted unlawfully." *Id.* Factual allegations "that are 'merely consistent with' a defendant's liability" do not cross the line between possibility and plausibility. *Id.*

The Magistrate Judge also correctly noted the liberality standard applied to pro se pleadings. The Court likewise construes Thompson's pleadings liberally due to his status as a pro se litigant. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007)

II. PLAINTIFF'S OBJECTIONS

Thompson objects to the conclusions in the Findings and Recommendations and identifies a failure to view the allegations in a light most favorable to the Plaintiff. (Doc. 189). Thompson argues that the Findings and Recommendation utilizes the wrong date for purposes of the statutes of limitations and fails to

4

equitably toll the limitations period. Thompson argues that the Magistrate Judge erred in failing to credit "the filing date of the original counter claims," April 25, 2016, which "presently controls the date for purposes of calculating the statute of limitations." (Doc. 191 at 2). Thompson appears to argue that the date he filed his counterclaims in state court should be the operative date. Thompson filed the present action in federal court on November 30, 2018, against multiple defendants, including Embry. (Doc. 1). The Court cannot see how the filing of the state law counterclaims can be substituted as the controlling date for calculating the statutes of limitations when Embry was not a party to the state court litigation. Therefore, the Court rejects Thompson's argument to substitute the date of the filing of the state law counterclaims.

Thompson's other arguments are either a re-hashing of arguments previously presented to the Magistrate Judge or they fail to specifically identify objectionable portions of the Findings and Recommendations. Thompson further fails to provide legal argument and supporting authority. Therefore, the Court addresses each of the following recommendations contained in the Findings and Recommendations for clear error.

III. STATE LAW CLAIMS

The Magistrate Judge liberally construed Thompson's complaint to allege three state law claims against Embry: breach of the covenant of good faith and fair dealing, fraud, and violations of the Montana Consumer Protection Act (MCPA). The Magistrate Judge concluded that these claims were barred by the applicable statutes of limitation. The Court agrees with the conclusions in the Findings and Recommendation.

### A. Breach of the Covenant of Good Faith and Fair Dealing

Thompson claims that Embry's failure to disclose the covenant changes to Thompson during the sale of his property breached the covenant of good faith and fair dealing because it prevented Thompson from using the property as he desired (constructing a basement apartment). In Montana, "every contract, regardless of type, contains an implied covenant of good faith and fair dealing." *Puryer v. HSBC Bank USA, N.A.*, 419 P.3d 105, 112 (Mont. 2018) (citation omitted). The statute of limitations for breach of a written contract is eight years. *Bank of Am., N.A. v. Alexander*, 389 P.3d 1020, 1025 (Mont. 2017); Mont. Code Ann. § 27-2-202(1). A cause of action for breach of contract accrues upon the breach. *Alexander*, 389 P.3d at 1025.

The Magistrate Judge concluded that "[a]t the very latest, Thompson was required to bring a breach of contract claim against Embry by February 2018,

6

which he did not." (Doc. at 161 at 12). This is because Thompson had actual knowledge regarding the zoning change of the property prior to February 9, 2010, when the City of Bozeman issued Thompson a building permit and he was not permitted to construct a basement dwelling. (Doc. 9 ¶ 7). The Magistrate Judge correctly concluded that Thompson's filing of his complaint on November 30, 2018, was outside of the statute of limitations and therefore barred.

    *B. Fraud and Montana Consumer Protection Act*

The statute of limitations for fraud is two years. Mont. Code Ann. § 27-2-203. The cause of action accrues when the aggrieved party discovers "the facts constituting the fraud or mistake." Mont. Code Ann. § 27-2-203. Thompson accuses Embry of fraudulently concealing the fact that the covenants were being amended. The Magistrate Judge concluded that Thompson had sufficient information by July 2011 when he hired a law firm to investigate the liability of Embry and others. Therefore, Thompson should have brought a claim of fraud by July 2013 and he failed to do so. For the same reasons, Thompson's fraud claim under the MCPA is barred. *See* Mont. Code Ann. § 27-2 -211(1)(c).

IV.    FEDERAL LAW CLAIMS

Thompson alleges that Embry committed conspiracy to commit fraud, which he alternately pleads as a RICO conspiracy. Thompson cannot bring state law

7

based conspiracy claims because his state law claims are barred by the applicable statutes of limitation. *See Hughes v. Pullman*, 36 P.3d 339, 343-44 (Mont. 2001).

The Magistrate Judge liberally construed Thompson's complaint to allege federal conspiracy claims but concluded that those too were barred by the applicable statutes of limitations. The Magistrate Judge correctly looked at state law for the applicable statutes of limitations for an action brought under 42 U.S.C. § 1983. *Maldonado v. Harris*, 370 F.3d 945, 954 (9th Cir. 2004). In Montana, the statute of limitations for personal injury actions is three years. Mont. Code Ann. § 27-2-204. The Magistrate Judge correctly concluded that Thompson had actual knowledge by July 2011 of the basis of his § 1983 claim against Embry but failed to bring a claim within three years, by July 2014.

The Findings and Recommendation also conclude that Thompson's RICO claim is barred by the four-year statute of limitations. *See Rotella v. Wood*, 528 U.S. 549, 552 (2000). Thompson sought legal counsel in July 2011 seeking to hold parties responsible for his inability to develop his property as he wished. His RICO claim accrued by then, at the latest. *Grimmett v. Wood*, 75 F.3d 506, 510 (9th Cir. 1996) ("the civil RICO limitations period begins to run when a plaintiff knows or should know of the injury that underlies his cause of action." (citation

8

omitted)). Thompson presents no compelling reason that the statutes of limitation should be equitably tolled.

V. AMENDMENT

The Findings and Recommendations note that Thompson has already had one opportunity to amend his complaint. The Magistrate Judge did not clearly err in concluding that the deficiencies in Thompson's complaint cannot be cured by alleging additional facts and therefore it would be futile to allow Thompson to amend his complaint. *See Weilburg v. Shapiro*, 488 F.3d 1202, 1205 (9th Cir. 2007) (noting leave to amend should be granted unless it is "absolutely clear that the deficiencies of the complaint cannot be cured by amendment"). The Court agrees that no amendment could cure the deficiencies identified in Thompson's complaint regarding his claims against Embry.

## CONCLUSION

**IT IS HEREBY ORDERED:**

1. The Findings and Recommendations (Doc. 161) are **ADOPTED IN FULL.**

2. Embry's Motion to Dismiss (Doc. 23) is **GRANTED** and Thompson's claims against Embry are **DISMISSED** with prejudice.

DATED this 27th day of May, 2020.

_____

Brian Morris, Chief District Judge
United States District Court

10