IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
BUTTE DIVISION

| | |
|---|---|
| PETER THOMPSON, | CV 18-75-BU-BMM-KLD |
| Plaintiff, | |
| vs. | ORDER |
| CITY OF BOZEMAN, a Montana Municipal Corporation, et al., | |
| Defendants. | |

This matter is before the Court on Defendants Commonwealth Land Title Insurance Company;  Randy Sullivan;  Cattail Creek Community Association, Cattail Creek Community Association(s) of Phase I, II, and III & of the 2008 Combined Covenant Association, Cattail Creek Community Association, Incorporated, At Your Service Cleaning & HOA Management, Inc., Jaymie Larsen, Sue Greeno, Katerina Freche, Angie Matsen, Jay Blaske, Neil Ramhorst, Joseph Sands, Peter Noreen, Randy Sullivan, Lola Jeffers, Sandi Rummel, Sandi Hamilton, Jeremy May, Tyler Powell, Melinda Maze-Talarico, Daniel Madison, Callie Miller, Sandy Feeney, Darrin Strosnider, Amy Hanson, John Hansen, Travis Munter, Sandy Sanders, and Rob Pertzborn (collectively "Cattail Creek Defendants"); and the City of Bozeman, Greg Sullivan, Kyla Murray, Tim Cooper, Bob Risk, Officer Jim Veltkamp, Officer Mark Carpenter, and Officer Travis

Munter's (collectively "City of Bozeman Defendants") Motions to Dismiss. (Docs.

11, 34, 49, & 71.) For the reasons stated below, the Court recommends the motions

to dismiss be denied and Defendants' alternative motions for a motion definite

statement be granted.

## I.   <u>Legal Standard</u>

Federal Rule of Civil Procedure 8(a) requires a complaint to contain "a short

and plain statement of the claim showing that the pleader is entitled to relief." Rule

12(e) provides that "[a] party may move for a more definite statement of a pleading

to which a responsive pleading is allowed but which is so vague or ambiguous that

the part cannot reasonably prepare a response." A Rule 12(e) motion attacks the

intelligibility of the complaint rather than the lack of detail, and should be denied

"where the complaint notifies the defendant of the substance of the claims

asserted." *Alicia Johnson v. City of Portland,* 2019 WL 5406551, *1 (D. Or. Oct.

3, 2019). The proper "test in evaluating a motion under Rule 12(e) is whether the

complaint provides the defendant with a sufficient basis to frame a responsive

pleading." *Scripps Health v. Vision Software Technologies Inc.*, 2010 WL

11508881, *3 (S.D. Cal. Aug. 13, 2010). In light of "the liberal pleading

requirements of Rule 8, motions for a more definite statement are 'viewed with

disfavor and are rarely granted.'" *Myers v. Howmedical Osteonics Corp.*, 2015 WL

1467109, *1 (D. Mont. 2015) (quoting *Sanchez v. City of Fresno*, 914 F.Supp.2d

1079, 1122 (E.D. Cal. 2012)).

Where, as here, the plaintiff is proceeding pro se, the court has an obligation "to construe the pleadings liberally and to afford the [plaintiff] the benefit of any doubt." *Akhtar v. Mesa*, 698 F.3d 1202, 1212 (9th Cir. 2012). "[A] pro se complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Woods v. Carey*, 525 F.3d 886, 889-90 (9th Cir. 2008) (citations and internal quotation marks omitted).

## II.  Discussion

On November 30, 2018, Plaintiff Peter Thompson ("Thompson") filed an 18-page Complaint (with an additional 102 pages of attachments) alleging various constitutional violations and torts against numerous defendants.  (Doc. 1).  On January 21, 2019, Thompson, who is appearing pro se in this action, moved the Court to vacate the previously scheduled Preliminary Pretrial Conference and extend the time for service, stating that he needed additional time to file and serve an amended complaint intended to improve the clarity of his pleading and ensure the appropriate parties were named.  (Doc. 7).  The Court granted this motion, and allowed Thompson until March 14, 2019 to effectuate service on all Defendants.  (Doc. 8).  On March 14, 2019, Thompson filed his Amended Complaint, consisting of 104 pages and an additional 164 pages of exhibits.  (Doc. 9).  Summons were issued on March 15, 2019.

Thompson's Amended Complaint is lengthy and confusing. The defective nature of the Amended Complaint makes it impossible for the Court to determine if Thompson possesses, or has pled, any cognizable and viable claim for relief. The Amended Complaint is not "a short and plain statement of the claim showing that the pleader is entitled to relief" as required by Fed. R. Civ. P. 8(a)(2). To be sure, an excessively verbose and lengthy pleading alone is not sufficient to dismiss a pleading under Rule 8(a)(2). *Hearns v. San Bernardino Police Dept.*, 530 F. 3d 1124, 1131 (9th Cir. 2008). When the verbose and lengthy pleading results in other deficiencies, however, dismissal is warranted. Such deficiencies include the following: (1) allegations which do not specify which of the numerous defendants are liable for which of the numerous claims; (2) allegations which do not identify specific conduct committed by each defendant that purports to give rise to that defendant's liability; (3) allegations that are "argumentative, prolix, replete with redundancy, and largely irrelevant[;]" (4) lengthy allegations which fail to comply with prior specific instructions provided by the court as how to correct deficiencies; and (5) allegations that are confusing, conclusory, distracting, vague or ambiguous which, as a result, disguise the true substance of the claims. *Hearns*, 530 F.3d at 1130-32.

Here, Thompson's 104-page amended pleading, including an additional 164 pages of exhibits, is confusing rigmarole. The pleading includes extraneous detail

and fails to include a clear delineation of facts supporting each defendant's alleged specific conduct. Thompson's failure to clearly identify specific conduct committed by each defendant makes it difficult to identify who is being sued for what relief under what particular cause of action. For example, it appears each of Thompson's delineated causes of action allege some sort of conspiracy or aiding and abetting against all defendants: "The foregoing has so many counts of complaint and the above captioned defendant's involvement interweaves throughout, that in addition to the specific inline causes of action listed above, the defendants are all accused of aiding, abetting and conspiring against Plaintiff under the following statutes." (Doc. 9 at 32.)  Thompson also incorporated the entirety of a 91-page affidavit "into each of the foregoing and following allegations and causes of action/counts of complaint." (Doc. 9 at 31.) The result is the inability of each defendant to "find out what he is being sued for." *Hearns*, 530 F.3d at 1130.

Thompson's lengthy, rambling, and vague allegations make it impossible for the Court to determine whether he has stated, or can state, any valid legal claim. The allegations do not constitute a short and plain statement of the concise, basic facts and grounds showing Thompson is entitled to relief, are not logically organized and presented, and do not sufficiently permit each defendant to understand exactly why they are being sued by Thompson. Rather, Thompson's pleading requires "a great deal of time for perusal, [and] one cannot determine

from the complaint who is being sued, [for what specific conduct], for what relief, and on what theory, with enough detail to guide discovery." *McHenry v. Renne*, 84 F.3d 1172, 1178 (9th Cir. 1996). It would additionally impose an unfair burden on litigants and the judiciary to comb through Thompson's pleading to decipher what facts support what legal theories against which defendants.[1] This strategy could also result in differing interpretations of the same pleading leading to unnecessary discovery disputes and pretrial motions.

### III.   Conclusion

For the reasons explained above, the Court concludes that the Amended Complaint fails to provide a short and plain statement of the claims for relief as provided for relief under Rule 8(a) against Commonwealth Land Title Insurance Company, Randy Sullivan, the Cattail Creek Defendants and the City of Bozeman Defendants. Accordingly,

IT IS HEREBY RECOMMENDED that the Commonwealth Land Title Insurance Company (Doc. 11), Randy Sullivan (Doc. 34), Cattail Creek Defendants (Doc. 49), and the City of Bozeman Defendants' (Doc. 71) motions to dismiss be DENIED, and Defendants' alternative motions for a motion definite statement be GRANTED.

---

[1] The Court acknowledges that some of the named defendants in this matter have chosen this arduous route. That choice, however, does not detract from the fact that Thompson's Amended Complaint does not meet Rule 8's requirements.

IT IS FURTHER RECOMMENDED that Thompson be required to file an amended complaint providing a more definite statement of no longer than twenty (20) pages in length addressing all remaining defendants, including US Bank (whose motion to dismiss was addressed by separate Order) within two weeks of Chief District Judge Morris's final ruling on these motions.

NOW, THEREFORE, IT IS ORDERED that the Clerk shall serve a copy of the Findings and Recommendation of the United States Magistrate Judge upon the parties. The parties are advised that pursuant to 28 U.S.C. § 636, any objections to the findings and recommendations must be filed with the Clerk of Court and copies served on opposing counsel within fourteen (14) days after entry hereof, or objection is waived.

DATED this 1st day of June, 2020.

Kathleen L. DeSoto
United States Magistrate Judge