IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
BUTTE DIVISION

| | |
|---|---|
| PETER THOMPSON,<br><br>                Plaintiff,<br><br>vs.<br><br>CITY OF BOZEMAN, a Montana Municipal Corporation, et al.,<br><br>                Defendants. | CV 18–75–BMM–KLD<br><br>**ORDER ADOPTING FINDINGS AND RECOMMENDATIONS** |

      Plaintiff Peter Thompson filed a complaint containing various counts of constitutional violations and torts against several defendants. The allegations arise from a protracted dispute and litigation between Thompson and the Cattail Creek Community Association ("CCCA litigation"). Defendants Arthur Wittich and Wittich Law P.C (collectively "Wittich Defendants") filed a Motion to Dismiss. (Doc. 67).

      United States Magistrate Judge Kathleen DeSoto issued Findings and Recommendations on the Wittich Defendants' Motion to Dismiss on March 16, 2020. (Doc. 156). The Findings and Recommendations recommended granting the Wittich Defendants' motion to dismiss in full, concluding that Thompson had

failed to state a claim against the Wittich Defendants. Thompson filed timely objections after the Court granted an extension of time. (Docs. 167, 194).

The Court conducts a de novo review of the specified findings and recommendations to which a party objects. 28 U.S.C. § 636(b)(1). Those portions of the findings and recommendations to which no party objected will be reviewed for clear error. 28 U.S.C. § 636(b)(1)(A); *McDonnell Douglas Corp. v. Commodore Bus. Mach., Inc.*, 656 F.2d 1309, 1313 (9th Cir. 1981). Clear error exists if the Court is left with a "definite and firm conviction that a mistake has been committed." *United States v. Syrax*, 235 F.3d 422, 427 (9th Cir. 2000) (citations omitted).

"A party makes a proper objection by identifying the parts of the magistrate's disposition that the party finds objectionable and presenting legal argument and supporting authority, such that the district court is able to identify the issues and the reasons supporting a contrary result." *Montana Shooting Sports Ass'n v. Holder*, 2010 WL 4102940, at *2 (D. Mont. Oct. 18, 2010) (citation omitted).

Alternatively, where a party's objections constitute "perfunctory responses argued in an attempt to engage the district court in a rehashing of the same arguments" set forth in the original motion, the Court will review the applicable

portions of the findings and recommendations for clear error. *Rosling v. Kirkegard*, 2014 WL 693315 *3 (D. Mont. Feb. 21, 2014) (internal citations omitted). For the reasons stated below, the Findings and Recommendations are adopted in full.

## DISCUSSION

### I. LEGAL STANDARDS

A court must dismiss a complaint if it fails to "state a claim upon which relief can be granted." Fed. R. Civ. P 12(b)(6).  The Court must consider all allegations of material fact as true and construed in a light most favorable to the plaintiff. *Cahill v. Liberty Mut. Ins. Co*, 80 F.3d 336, 337-38 (9th Cir. 1996). "A cause of action may be dismissed under Rule 12(b)(6) either when it asserts a legal theory that is not cognizable as a matter of law, or if it fails to allege sufficient facts to support an otherwise cognizable legal claim." *Spreadbury v. Bitterroot Pub. Library*, No. CV 11-64-M-DWM-JCL, 2011 WL 4499043, at *2 (D. Mont. July 21, 2011) (citing *SmileCare Dental Group v. Delta Dental Plan of California, Inc.,* 88 F.3d 780, 783 (9th Cir.1996)).

To survive a motion to dismiss under Rule 12(b)(6), "a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009) (citation and internal quotation marks omitted).  "A claim has facial plausibility when the

3

plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* Plausibility does not equate with "probability," and it requires "more than a sheer possibility that a defendant has acted unlawfully." *Id.* Factual allegations "that are 'merely consistent with' a defendant's liability" do not cross the line between possibility and plausibility. *Id.*

The Magistrate Judge also correctly noted the liberality standard applied to pro se pleadings. The Court likewise construes Thompson's pleadings liberally due to his status as a pro se litigant. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007).

II.    PLAINTIFF'S OBJECTIONS

Thompson objects to the conclusions in the Findings and Recommendations and identifies a failure to discuss the need to view the complaint as a whole in a light most favorable to Thompson. (Doc. 194). Although Plaintiff objects to the Findings and Recommendations, he does not provide arguments for his objections that pertain to the Wittich Defendants, or the Magistrate's conclusions, specifically. Thompson argues that the Findings and Recommendation utilizes the wrong date for purposes of the statutes of limitations and fails to equitably toll the limitations period. Thompson argues that the Magistrate Judge erred in failing to

4

credit the filing of his state law counter claims, April 25, 2016, as the controlling date for purposes of the statute of limitations. (Doc. 194 at 2). Thompson appears to argue that the date he filed his counterclaims in state court should be the operative date.

Thompson filed the present action in federal court on November 30, 2018, against multiple defendants, including the Wittich Defendants. (Doc. 1). The Court cannot see how the filing of the state law counterclaims can be substituted as the controlling date for calculating the statutes of limitations when the Wittich Defendants were not parties to the state court litigation. The Court agrees with the Wittich Defendants that neither Mont. Code Ann. § 27-2-407, nor *Brilz v. Metropolitan Gen. Ins. Co.*, 285 P.3d 494 (Mont. 2012), support Thompson's contentions. The Court rejects Thompson's argument to substitute the date of the filing of the state law counterclaims.

The core of Thompson's allegations assert that the Wittich Defendants formed part of the conspiracy working against him to prevent him from constructing his home the way that he desired. These arguments primarily re-hash arguments presented to the Magistrate Judge. Therefore, the Court addresses each of the following recommendations contained in the Findings and Recommendations for clear error.

5

III.   FRAUD, BREACH OF THE COVENANT OF GOOD FAITH AND FAIR DEALING, AND SPOLIATION OF EVIDENCE

The Magistrate Judge liberally construed Thompson's complaint to allege four state law claims against the Wittich Defendants: breach of the covenant of good faith and fair dealing, fraud, violations of the Montana Consumer Protection Act (MCPA), and intentional or negligent spoliation of evidence.  The Magistrate Judge concluded that the applicable statutes of limitation barred these claims.  The Court agrees with the conclusions in the Findings and Recommendation.

The Magistrate Judge concluded that Thompson's claim against the Wittich Defendants ultimately sounded in legal malpractice and thus applied the three-year statute of limitations in Mont. Code Ann. § 27-2-206.  Thompson's claims are based off alleged misconduct arising from the attorney-client relationship between the Wittich Defendants and Thompson.  The Magistrate Judge correctly concluded that the professional relationship terminated in March 2012 and that all the facts were known to Thompson at that time.  Thompson failed to bring these claims against the Wittich Defendants within three years of March 2012.  The Magistrate Judge also correctly rejected Thompson's argument that the statute of limitations was equitably tolled.  The Court similarly rejects Thompson's argument that a five and ten year statutes of limitation period should apply for postal fraud and fraud

6

effecting banking. (Doc. 194 at 3). The statute to which Thompson cites is a criminal statute that has no application here.

IV. FEDERAL LAW CLAIMS

Thompson alleges that the Wittich Defendants formed part of a conspiracy to prevent him from using his property in the way that he desired. The Magistrate Judge liberally construed Thompson's complaint to allege federal civil rights claims. The Findings and Recommendations concluded that the applicable statute of limitations similarly barred these claims. The Magistrate Judge correctly looked at state law for the applicable statutes of limitations for an action brought under 42 U.S.C. § 1983. *Maldonado v. Harris*, 370 F.3d 945, 954 (9th Cir. 2004). In Montana, the statute of limitations for personal injury actions is three years. Mont. Code Ann. § 27-2-204. The Magistrate Judge correctly concluded that Thompson had actual knowledge by March 2012 of the basis of his § 1983 claim against the Wittich Defendants, but failed to bring a claim within three years.

The Findings and Recommendation also conclude that the four-year statute of limitations barred Thompson's RICO claim. *See Rotella v. Wood*, 528 U.S. 549, 552 (2000). Thompson knew by March 2012 that he was unable to build his property the way he wished and knew the basis of the Wittich Defendants actions which he alleges caused him harm. His RICO claim accrued by then, at the latest.

7

*Grimmett v. Wood*, 75 F.3d 506, 510 (9th Cir. 1996) ("the civil RICO limitations period begins to run when a plaintiff knows or should know of the injury that underlies his cause of action." (citation omitted)). Thompson presents no compelling reason that the statutes of limitation should be equitably tolled. *Tanaka v. First Haw. Bank*, 104 F.Supp.2d 1243, 1245 (D. Haw. 2000) (noting equitable tolling only applies when "the plaintiff shows that he neither knew, nor in the exercise of due diligence, could reasonably have known of the offense").

    V.    DISMISSAL WITH PREJUDICE

The Findings and Recommendations note that Thompson already has had one opportunity to amend his complaint. The Magistrate Judge did not clearly err in concluding that the deficiencies in Thompson's Complaint cannot be cured by alleging additional facts and therefore it would be futile to allow Thompson to amend his complaint. *See Weilburg v. Shapiro*, 488 F.3d 1202, 1205 (9th Cir. 2007) (noting leave to amend should be granted unless it is "absolutely clear that the deficiencies of the complaint cannot be cured by amendment"). The Court agrees that no amendment could cure the deficiencies identified in Thompson's complaint as to the Wittich Defendants.

8

## CONCLUSION

**IT IS ORDERED:**

1. The Findings and Recommendations (Doc. 156) are **ADOPTED IN FULL.**

2. The Wittich Defendants' Motion to Dismiss (Doc. 67) is **GRANTED** and Thompson's claims against the Wittich Defendants are **DISMISSED** with prejudice.

DATED this 4th day of June, 2020.

_____
Brian Morris, Chief District Judge
United States District Court