IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
BUTTE DIVISION

| | |
|---|---|
| PETER THOMPSON,<br><br>　　　　　　Plaintiff,<br><br>　vs.<br><br>CITY OF BOZEMAN, a Montana<br>Municipal Corporation, et al.,<br><br>　　　　　　Defendants. | CV 18–75–BMM–KLD<br><br><br>**ORDER ADOPTING FINDINGS<br>AND RECOMMENDATIONS<br>(DOC. 160)** |

     Plaintiff Peter Thompson filed a complaint containing various counts of constitutional violations and torts against several defendants.  The allegations generally arise from a protracted dispute and litigation between Thompson and the Cattail Creek Community Association ("CCCA").  Thompson's allegations against Susan Swimley and Susan B. Swimley, Inc., (collectively "Swimley Defendants") arise from the Swimley Defendants' involvement with the drafting and filing of the Articles of Incorporation for the CCCA.  Thompson also alleges the Swimley Defendants were part of the overall conspiracy to defraud homeowners of their property rights and conceal the illegal alterations of the HOA documents.  The Swimley Defendants filed a motion to dismiss, arguing that Thompson's claims failed to state a claim, were barred by the applicable statutes of limitation, failed to

plead the essential elements of his claim, and failed to plead fraud with particularity.  (Doc. 20).

United States Magistrate Judge Kathleen DeSoto issued Findings and Recommendations on the Swimley Defendants' Motion to Dismiss on March 20, 2020. (Doc. 160).   The Findings and Recommendations recommended granting the Swimley Defendants' motion to dismiss in full.  Thompson filed timely objections after the Court granted an extension of time.  (Docs. 170, 202).

The Court conducts a de novo review of the specified findings and recommendations to which a party objects.  28 U.S.C. § 636(b)(1).  Those portions of the findings and recommendations to which no party objected will be reviewed for clear error.  28 U.S.C. § 636(b)(1)(A); *McDonnell Douglas Corp. v. Commodore Bus. Mach., Inc.*, 656 F.2d 1309, 1313 (9th Cir. 1981).  Clear error exists if the Court is left with a "definite and firm conviction that a mistake has been committed."  *United States v. Syrax*, 235 F.3d 422, 427 (9th Cir. 2000) (citations omitted).

"A party makes a proper objection by identifying the parts of the magistrate's disposition that the party finds objectionable and presenting legal argument and supporting authority, such that the district court is able to identify the issues and the reasons supporting a contrary result."  *Montana Shooting Sports*

2

*Ass'n v. Holder*, 2010 WL 4102940, at *2 (D. Mont. Oct. 18, 2010) (citation omitted).

Alternatively, where a party's objections constitute "perfunctory responses argued in an attempt to engage the district court in a rehashing of the same arguments" set forth in the original motion, the Court will review the applicable portions of the findings and recommendations for clear error. *Rosling v. Kirkegard*, 2014 WL 693315 *3 (D. Mont. Feb. 21, 2014) (internal citations omitted). For the reasons stated below, the Findings and Recommendations are adopted in full.

## DISCUSSION

I.  LEGAL STANDARDS

A court must dismiss a complaint if it fails to "state a claim upon which relief can be granted." Fed. R. Civ. P 12(b)(6).  The Court must consider all allegations of material fact as true and construed in a light most favorable to the plaintiff. *Cahill v. Liberty Mut. Ins. Co*, 80 F.3d 336, 337-38 (9th Cir. 1996).  "A cause of action may be dismissed under Rule 12(b)(6) either when it asserts a legal theory that is not cognizable as a matter of law, or if it fails to allege sufficient facts to support an otherwise cognizable legal claim." *Spreadbury v. Bitterroot Pub. Library*, No. CV 11-64-M-DWM-JCL, 2011 WL 4499043, at *2 (D. Mont.

July 21, 2011) (citing *SmileCare Dental Group v. Delta Dental Plan of California, Inc.,* 88 F.3d 780, 783 (9th Cir.1996)).

To survive a motion to dismiss under Rule 12(b)(6), "a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009) (citation and internal quotation marks omitted). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* Plausibility does not equate with "probability," and it requires "more than a sheer possibility that a defendant has acted unlawfully." *Id.* Factual allegations "that are 'merely consistent with' a defendant's liability" do not cross the line between possibility and plausibility. *Id.*

The Magistrate Judge also correctly noted the liberality standard applied to pro se pleadings. The Court likewise construes Thompson's pleadings liberally due to his status as a pro se litigant. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007)

## II.   PLAINTIFF'S OBJECTIONS

Thompson objects to the conclusions in the Findings and Recommendations and identifies a failure to view the allegations in a light most favorable to the

4

Plaintiff.  (Doc. 202).   Thompson argues in his objection "the articles of

incorporation were unlawfully formed in violation of various state laws," among

other arguments that the Swimley Defendants and others acted unlawfully and

fraudulently in conspiring against him.  (Doc. 202 at 5).  Thompson's arguments

are either a re-hashing of arguments previously presented to the Magistrate Judge

or they fail to specifically identify objectionable portions of the Findings and

Recommendations.  Thompson further fails to provide legal argument and

supporting authority. Therefore, the Court addresses each of the following

recommendations contained in the Findings and Recommendations for clear error.

III.    STATE LAW CLAIMS

The Magistrate Judge liberally construed Thompson's complaint to allege

two state law claims against the Swimley Defendants: fraud and breach of duty,

which Judge DeSoto interpreted to be a claim of negligence.  The Magistrate Judge

concluded that these claims were barred by the applicable statute of limitations.

The Court agrees with the conclusions in the Findings and Recommendation.

The statute of limitations for fraud is two years.  Mont. Code Ann. § 27-2-

203.  The cause of action accrues when the aggrieved party discovers "the facts

constituting the fraud or mistake."  Mont. Code Ann. § 27-2-203.  Thompson

accuses the Swimley Defendants of committing fraud or abetted others that did by

5

drafting and filing the Articles of Incorporation for the CCA.  Judge DeSoto concluded that all the conduct of which Thompson accused the Swimley Defendants occurred by 2008 at the latest.  At that point, Thompson knew or was in possession of facts which would lead him to discover the allegedly fraudulent activity.   Thompson failed to bring his claim for fraud within the two-year statute of limitations.  *See* Mont. Code Ann. § 27-2 -211(1)(c).  The Magistrate Judge also correctly determined that Thompson is not entitled to tolling on his claim of fraud.

A claim for negligence must be brought within three years.  Mont. Code Ann. § 27-2-204.  Thompson claims that the Swimley Defendants breached their duty to the original covenant contract associations.  Thompson knew by 2011, at the latest, when he sought legal counsel regarding the change in covenants, of the facts giving rise to his claim of negligence.  This knowledge bars Thompson from bringing a claim of negligence against the Swimley Defendants because he failed to do so by July 2014.

The Court similarly rejects Thompson's argument that a five-year and ten-year statute of limitations period should apply for postal fraud and fraud effecting banking.  (Doc. 202 at 11).  The statute to which Thompson cites is a criminal statute that has no application here.

IV.   FEDERAL LAW CLAIMS

Thompson alleges that the Swimley Defendants are part of the "ADU conspiracy" which prevented him from constructing his home the way he desired. Judge DeSoto concluded that Thompson could not bring a claim of civil conspiracy because he lacks the ability to bring an underlying tort claim under Montana law. Thompson cannot bring state law-based conspiracy claims because the applicable statute of limitations bar his state law claims. *See Hughes v. Pullman*, 36 P.3d 339, 343-44 (Mont. 2001).

Judge DeSoto also concluded that even if liberally construed to include federal civil conspiracy claims, those too were barred by the applicable statute of limitations. The Magistrate Judge correctly looked at state law for the applicable statute of limitations for an action brought under 42 U.S.C. § 1983. *Maldonado v. Harris*, 370 F.3d 945, 954 (9th Cir. 2004). In Montana, the statute of limitations for personal injury actions is three years. Mont. Code Ann. § 27-2-204. The Magistrate Judge correctly concluded that Thompson had actual knowledge by July 2011 of the basis of his § 1983 claim against the Swimley Defendants when he sought legal counsel to assist him in bringing claims regarding the CCCA, but failed to bring a claim within three years, by July 2014.

The Findings and Recommendation also conclude that Thompson's RICO claim is barred by the four-year statute of limitations. *See Rotella v. Wood*, 528

U.S. 549, 552 (2000).  The Swimley Defendants last act alleged by Thompson

occurred in 2008 when the covenant documents were revised.  Thompson sought

legal counsel in July 2011 seeking to hold parties responsible for his inability to

develop his property as he wished.  His RICO claim accrued by then, at the latest.

*Grimmett v. Wood*, 75 F.3d 506, 510 (9th Cir. 1996) ("the civil RICO limitations

period begins to run when a plaintiff knows or should know of the injury that

underlies his cause of action." (citation omitted)).  Thompson presents no

compelling reason that the statutes of limitation should be equitably tolled.

V.    AMENDMENT

The Findings and Recommendations note that Thompson already has had

one opportunity to amend his complaint.  The Magistrate Judge did not clearly err

in concluding that the deficiencies in Thompson's complaint cannot be cured by

alleging additional facts and therefore it would be futile to allow Thompson to

amend his complaint.  *See Weilburg v. Shapiro*, 488 F.3d 1202, 1205 (9th Cir.

2007) (noting leave to amend should be granted unless it is "absolutely clear that

the deficiencies of the complaint cannot be cured by amendment").   The Court

agrees that no amendment could cure the deficiencies identified in Thompson's

complaint regarding his claims against the Swimley Defendants.

8

**CONCLUSION**

**IT IS HEREBY ORDERED:**

1.  The Findings and Recommendations (Doc. 160) are **ADOPTED IN FULL.**

2.  The Swimley Defendants' Motion to Dismiss (Doc. 20) is **GRANTED** and Thompson's claims against the Swimley Defendants are **DISMISSED** with prejudice.

DATED this 8th day of June, 2020.

Brian Morris, Chief District Judge
United States District Court

9