IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
BUTTE DIVISION

| | |
|---|---|
| PETER THOMPSON,<br><br>    Plaintiff,<br><br>vs.<br><br>CITY OF BOZEMAN, a Montana Municipal Corporation, et al.,<br><br>    Defendants. | CV 18–75–BMM–KLD<br><br>**ORDER ADOPTING FINDINGS AND RECOMMENDATIONS (DOC. 162)** |

  Plaintiff Peter Thompson filed a complaint containing various counts of constitutional violations and torts against several defendants. The allegations generally arise from a protracted dispute and litigation between Thompson and the Cattail Creek Community Association (CCCA). Thompson's allegations against Allen Armstrong arise from Armstrong's role as the Gallatin County GIS manager. Thompson alleges that Armstrong was involved with issuing a separate address for his basement apartment and that Armstrong joined a conspiracy to prevent Thompson from constructing the basement apartment. Armstrong filed a motion to dismiss, arguing that Thompson failed to state a claim and the claims were barred by the applicable statutes of limitation. (Doc. 36).

United States Magistrate Judge Kathleen DeSoto issued Findings and Recommendations on Armstrong's Motion to Dismiss on March 27, 2020. (Doc. 162).  The Findings and Recommendations recommended granting Armstrong's motion to dismiss in full.  This Court granted Thompson an extension of time to file objections, which he failed to do.  (Doc. 176) (order granting Thompson time to file objections to Doc. 162 by June 22, 2020).

Those portions of the findings and recommendations to which no party objected will be reviewed for clear error.  28 U.S.C. § 636(b)(1)(A); *McDonnell Douglas Corp. v. Commodore Bus. Mach., Inc.*, 656 F.2d 1309, 1313 (9th Cir. 1981).  Clear error exists if the Court is left with a "definite and firm conviction that a mistake has been committed."  *United States v. Syrax*, 235 F.3d 422, 427 (9th Cir. 2000) (citations omitted).  The Court reviews the Findings and Recommendations for clear error.

The Magistrate Judge liberally construed Thompson's complaint to allege claims against Armstrong for joining the ADU conspiracy, fraud, and a RICO conspiracy.  Judge DeSoto concluded that Thompson's claims were each barred by the applicable statutes of limitations.  There is no clear error in this conclusion.

The Findings and Recommendations note that Thompson has already had one opportunity to amend his complaint.  The Magistrate Judge did not clearly err

in concluding that the deficiencies in Thompson's complaint cannot be cured by alleging additional facts and therefore it would be futile to allow Thompson to amend his complaint. *See Weilburg v. Shapiro*, 488 F.3d 1202, 1205 (9th Cir. 2007) (noting leave to amend should be granted unless it is "absolutely clear that the deficiencies of the complaint cannot be cured by amendment"). The Court agrees that no amendment could cure the deficiencies identified in Thompson's complaint regarding his claims against Armstrong.

## CONCLUSION

**IT IS HEREBY ORDERED:**

1. The Findings and Recommendations (Doc. 162) are **ADOPTED IN FULL.**

2. Armstrong's Motion to Dismiss (Doc. 36) is **GRANTED** and Thompson's claims against Armstrong are **DISMISSED** with prejudice.

DATED this 23rd day of June, 2020.

_____
Brian Morris, Chief District Judge
United States District Court