IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
BUTTE DIVISION

| | |
|---|---|
| PETER THOMPSON,<br><br>    Plaintiff,<br><br>vs.<br><br>CITY OF BOZEMAN, a Montana<br>Municipal Corporation, et al.,<br><br>    Defendants. | CV 18–75–BMM–KLD<br><br>**ORDER ADOPTING FINDINGS<br>AND RECOMMENDATIONS** |

Plaintiff Peter Thompson filed a complaint containing various counts of constitutional violations and torts against several defendants. The allegations generally arise from a protracted dispute and litigation between Thompson and the Cattail Creek Community Association (CCCA). Thompson's allegations against Defendants Intrinsik Architecture, Inc., Tad Tsukamoto, and Allison Gilley (collectively "Intrinsik Defendants"), arise from the Intrinsik Defendants alleged participation in the conspiracy to prevent Thompson from constructing a basement apartment. The Intrinsik Defendants filed a motion to dismiss, arguing that Thompson's claims failed to state a claim and were barred by the applicable statutes of limitation. (Doc. 43).

United States Magistrate Judge Kathleen DeSoto issued Findings and

Recommendations on the Intrinsik Defendants' Motion to Dismiss on March 30,

2020. (Doc. 166).   The Findings and Recommendations recommended granting

the Intrinsik Defendants' motion to dismiss in full.  Thompson filed timely

objections after the Court granted an extension of time.  (Docs. 179, 217).

The Court conducts a de novo review of the specified findings and

recommendations to which a party objects.  28 U.S.C. § 636(b)(1).  Those portions

of the findings and recommendations to which no party objected will be reviewed

for clear error.  28 U.S.C. § 636(b)(1)(A); *McDonnell Douglas Corp. v.*

*Commodore Bus. Mach., Inc.*, 656 F.2d 1309, 1313 (9th Cir. 1981).  Clear error

exists if the Court is left with a "definite and firm conviction that a mistake has

been committed."  *United States v. Syrax*, 235 F.3d 422, 427 (9th Cir. 2000)

(citations omitted).

"A party makes a proper objection by identifying the parts of the

magistrate's disposition that the party finds objectionable and presenting legal

argument and supporting authority, such that the district court is able to identify

the issues and the reasons supporting a contrary result." *Montana Shooting Sports*

*Ass'n v. Holder*, 2010 WL 4102940, at *2 (D. Mont. Oct. 18, 2010) (citation

omitted).

2

Alternatively, where a party's objections constitute "perfunctory responses argued in an attempt to engage the district court in a rehashing of the same arguments" set forth in the original motion, the Court will review the applicable portions of the findings and recommendations for clear error. *Rosling v. Kirkegard*, 2014 WL 693315 *3 (D. Mont. Feb. 21, 2014) (internal citations omitted). For the reasons stated below, the Findings and Recommendations are adopted in full.

## DISCUSSION

I.   LEGAL STANDARDS

A court must dismiss a complaint if it fails to "state a claim upon which relief can be granted." Fed. R. Civ. P 12(b)(6).  The Court must consider all allegations of material fact as true and construed in a light most favorable to the plaintiff. *Cahill v. Liberty Mut. Ins. Co*, 80 F.3d 336, 337-38 (9th Cir. 1996).  "A cause of action may be dismissed under Rule 12(b)(6) either when it asserts a legal theory that is not cognizable as a matter of law, or if it fails to allege sufficient facts to support an otherwise cognizable legal claim." *Spreadbury v. Bitterroot Pub. Library*, No. CV 11-64-M-DWM-JCL, 2011 WL 4499043, at *2 (D. Mont. July 21, 2011) (citing *SmileCare Dental Group v. Delta Dental Plan of California, Inc.,* 88 F.3d 780, 783 (9th Cir.1996)).

3

To survive a motion to dismiss under Rule 12(b)(6), "a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009) (citation and internal quotation marks omitted). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* Plausibility does not equate with "probability," and it requires "more than a sheer possibility that a defendant has acted unlawfully." *Id.* Factual allegations "that are 'merely consistent with' a defendant's liability" do not cross the line between possibility and plausibility. *Id.*

The Magistrate Judge also correctly noted the liberality standard applied to pro se pleadings. The Court likewise construes Thompson's pleadings liberally due to his status as a pro se litigant. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007)

II.    PLAINTIFF'S OBJECTIONS

Thompson objects to the conclusions in the Findings and Recommendations and identifies a failure to view the allegations in a light most favorable to the Plaintiff. (Doc. 217). Thompson's arguments are either a re-hashing of arguments previously presented to the Magistrate Judge or they fail to specifically

4

identify objectionable portions of the Findings and Recommendations.  Thompson further fails to provide legal argument and supporting authority. Therefore, the Court addresses each of the following recommendations contained in the Findings and Recommendations for clear error.

   III.   STATE LAW CLAIMS

   The Magistrate Judge liberally construed Thompson's complaint to allege two state law claims against the Intrinsik Defendants: fraud and violations of the Montana Consumer Protection Act (MCPA).  The Magistrate Judge concluded that these claims were barred by the applicable statutes of limitation.  The Court agrees with the conclusions in the Findings and Recommendation.

   The statute of limitations for fraud is two years.  Mont. Code Ann. § 27-2-203.  The cause of action accrues when the aggrieved party discovers "the facts constituting the fraud or mistake."  Mont. Code Ann. § 27-2-203.  Thompson accuses the Intrinsik Defendants of fraud or abetting others who committed fraud by drafting amended covenants which precluded Thompson from building his basement apartment.  Judge DeSoto noted that the conduct of the Intrinsik Defendants occurred in 2007 and 2008.  The Magistrate Judge concluded that, at that time, Thompson was on notice of the alleged fraud, or in actual possession of facts that would have led him to the alleged fraud.  (Doc. 166 at 10).  Thompson

failed to bring his claim of fraud within the two-year statute of limitations period
and his fraud claim is time-barred.  The Court also agrees with Judge DeSoto that
any fraud claim under the MCPA is similarly barred by the statute of limitations.
*See* Mont. Code Ann. § 27-2-211(1)(c).  The Court agrees that Thompson is not
entitled to equitable tolling.  *See Holman v. Hansen*, 773 P.2d 1200, 1203 (Mont.
1989).

## IV.   FEDERAL LAW CLAIMS

Thompson alleges the Intrinsik Defendants were part of a conspiracy to
prevent him from using the property as he wished, which he alternately pleads as a
RICO conspiracy.  The Magistrate Judge liberally construed Thompson's
complaint to allege federal conspiracy claims, but concluded that those claims too
were barred by the applicable statutes of limitations.  The Magistrate Judge
correctly looked at state law for the applicable statutes of limitations for an action
brought under 42 U.S.C. § 1983.  *Maldonado v. Harris*, 370 F.3d 945, 954 (9th
Cir. 2004).

In Montana, the statute of limitations for personal injury actions is three
years.  Mont. Code Ann. § 27-2-204.  The Magistrate Judge correctly concluded
that Thompson had actual knowledge of the potential claims at the very latest by
July 2011 when he sought legal counsel to hold parties accountable for his inability

to develop his property as he wished.  Thompson's claim under § 1983 is barred by the applicable statute of limitations.

The Findings and Recommendation also conclude that Thompson's RICO claim is barred by the four-year statute of limitations.  *See Rotella v. Wood*, 528 U.S. 549, 552 (2000).  Thompson sought legal counsel in July 2011 seeking to hold parties responsible for his inability to develop his property as he wished.  His RICO claim accrued by that date, at the latest.  *Grimmett v. Wood*, 75 F.3d 506, 510 (9th Cir. 1996) ("the civil RICO limitations period begins to run when a plaintiff knows or should know of the injury that underlies his cause of action." (citation omitted)).  Thompson presents no compelling reason that the statutes of limitation should be equitably tolled.

V.   AMENDMENT

The Findings and Recommendations note that Thompson already has had one opportunity to amend his complaint.  The Magistrate Judge did not clearly err in concluding that the deficiencies in Thompson's complaint cannot be cured by alleging additional facts and therefore it would be futile to allow Thompson to amend his complaint.  *See Weilburg v. Shapiro*, 488 F.3d 1202, 1205 (9th Cir. 2007) (noting leave to amend should be granted unless it is "absolutely clear that the deficiencies of the complaint cannot be cured by amendment").   The Court

7

agrees that no amendment could cure the deficiencies identified in Thompson's complaint regarding his claims against the Intrinsik Defendants.

## CONCLUSION

**IT IS HEREBY ORDERED:**

1. The Findings and Recommendations (Doc. 166) are **ADOPTED IN FULL.**

2. Intrinsik Defendants' Motion to Dismiss (Doc. 43) is **GRANTED** and Thompson's claims against them are **DISMISSED** with prejudice.

DATED this 6th day of July, 2020.

_____

Brian Morris, Chief District Judge
United States District Court