IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
BUTTE DIVISION

| | |
|---|---|
| PETER THOMPSON,<br><br>              Plaintiff,<br><br>vs.<br><br>CITY OF BOZEMAN, a Montana Municipal Corporation, et al.,<br><br>              Defendants. | CV 18–75–BMM–KLD<br><br>**ORDER ADOPTING FINDINGS AND RECOMMENDATIONS** |

Plaintiff Peter Thompson filed a complaint containing various counts of constitutional violations and torts against several defendants. The allegations generally arise from a protracted dispute and litigation between Thompson and the Cattail Creek Community Association (CCCA). Thompson's allegations against American Land Title Company and Brad Stratton (collectively "American Land Defendants") and Sandan LLC, Daniel Madison, and Sandra Hamilton (collectively "Sandan Defendants") arise from the defendants' participation in an alleged conspiracy to interfere with Thompson's ability to construct a basement apartment. The American Land Defendants and the Sandan Defendants filed a motion to dismiss, arguing that Thompson's claims failed to state a claim and were barred by the applicable statutes of limitation. (Doc. 76).

United States Magistrate Judge Kathleen DeSoto issued Findings and Recommendations on the motion to dismiss on April 10, 2020. (Doc. 180). The Findings and Recommendations recommended granting the American Land Defendants' and Sandan Defendants' motion to dismiss in full. Thompson filed timely objections after the Court granted an extension of time. (Docs. 185, 219).

The Court conducts a de novo review of the specified findings and recommendations to which a party objects. 28 U.S.C. § 636(b)(1). Those portions of the findings and recommendations to which no party objected will be reviewed for clear error. 28 U.S.C. § 636(b)(1)(A); *McDonnell Douglas Corp. v. Commodore Bus. Mach., Inc.*, 656 F.2d 1309, 1313 (9th Cir. 1981). Clear error exists if the Court is left with a "definite and firm conviction that a mistake has been committed." *United States v. Syrax*, 235 F.3d 422, 427 (9th Cir. 2000) (citations omitted).

"A party makes a proper objection by identifying the parts of the magistrate's disposition that the party finds objectionable and presenting legal argument and supporting authority, such that the district court is able to identify the issues and the reasons supporting a contrary result." *Montana Shooting Sports Ass'n v. Holder*, 2010 WL 4102940, at *2 (D. Mont. Oct. 18, 2010) (citation omitted).

Alternatively, where a party's objections constitute "perfunctory responses argued in an attempt to engage the district court in a rehashing of the same arguments" set forth in the original motion, the Court will review the applicable portions of the findings and recommendations for clear error. *Rosling v. Kirkegard*, 2014 WL 693315 *3 (D. Mont. Feb. 21, 2014) (internal citations omitted). For the reasons stated below, the Findings and Recommendations are adopted in full.

## DISCUSSION

I. LEGAL STANDARDS

A court must dismiss a complaint if it fails to "state a claim upon which relief can be granted." Fed. R. Civ. P 12(b)(6). The Court must consider all allegations of material fact as true and construed in a light most favorable to the plaintiff. *Cahill v. Liberty Mut. Ins. Co*, 80 F.3d 336, 337-38 (9th Cir. 1996). "A cause of action may be dismissed under Rule 12(b)(6) either when it asserts a legal theory that is not cognizable as a matter of law, or if it fails to allege sufficient facts to support an otherwise cognizable legal claim." *Spreadbury v. Bitterroot Pub. Library*, No. CV 11-64-M-DWM-JCL, 2011 WL 4499043, at *2 (D. Mont. July 21, 2011) (citing *SmileCare Dental Group v. Delta Dental Plan of California, Inc.,* 88 F.3d 780, 783 (9th Cir.1996)).

To survive a motion to dismiss under Rule 12(b)(6), "a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009) (citation and internal quotation marks omitted). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* Plausibility does not equate with "probability," and it requires "more than a sheer possibility that a defendant has acted unlawfully." *Id.* Factual allegations "that are 'merely consistent with' a defendant's liability" do not cross the line between possibility and plausibility. *Id.*

The Magistrate Judge also correctly noted the liberality standard applied to pro se pleadings. The Court likewise construes Thompson's pleadings liberally due to his status as a pro se litigant. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007)

    II.    PLAINTIFF'S OBJECTIONS

Thompson objects to the conclusions in the Findings and Recommendations and identifies a failure to view the allegations in a light most favorable to the Plaintiff. (Doc. 219). Thompson argues that the Magistrate Judge erred in failing to credit April 25, 2016, as the operative date for calculating the statute of

4

limitations.  (Doc. 219 at 2).  Thompson appears to argue that the date he filed his counterclaims in state court should be the operative date.  Thompson filed the present action in federal court on November 30, 2018, against multiple defendants, including the American Land and Sandan Defendants.  (Doc. 1).  The Court cannot see how the filing of the state law counterclaims can be substituted as the controlling date for calculating the statutes of limitations when neither the American Land nor the Sandan Defendants were a party to the state court litigation.  (*See* Doc. 188 at 24-25).  Therefore, the Court rejects Thompson's argument to substitute the date of the filing of the state law counterclaims.

Thompson's arguments are either a re-hashing of arguments previously presented to the Magistrate Judge or they fail to specifically identify objectionable portions of the Findings and Recommendations.  Thompson further fails to provide legal argument and supporting authority. Therefore, the Court addresses each of the following recommendations contained in the Findings and Recommendations for clear error.

III.   STATE LAW CLAIMS

The Magistrate Judge liberally construed Thompson's complaint to allege two state law claims against the American Land Defendants and the Sandan Defendants: fraud and violations of the Montana Consumer Protection Act

5

(MCPA).  The Magistrate Judge concluded that these claims were barred by the applicable statutes of limitation.  The Court agrees with the conclusions in the Findings and Recommendation.

The statute of limitations for fraud is two years.  Mont. Code Ann. § 27-2-203.  The cause of action accrues when the aggrieved party discovers "the facts constituting the fraud or mistake." Mont. Code Ann. § 27-2-203.  Thompson alleges American Land Defendants conspired with a number of other defendants to sell Thompson illusory title insurance, to defraud him of his right to vote on the proposed covenant amendments, and to defraud him of his right to have a second dwelling unit on his property.  (Doc. 9 at ¶ 102).  He alleges the Sandan Defendants fraudulently filed Articles of Incorporation which then allowed the CCCA to fraudulently amend the covenants which restricted his ability to develop his property.

Judge DeSoto noted that the conduct of the Sandan Defendants occurred in 2007 and 2008, when the CCCA was incorporated and the covenants were amended.  The Magistrate Judge concluded that, at that time, Thompson was on notice of the alleged fraud, or in actual possession of facts that would have led him to the alleged fraud.  (Doc. 180 at 13).  Similarly, Thompson had actual knowledge in 2008 that he was not provided covenant documents at the time of closing.

6

Thompson failed to bring his claim of fraud within the two-year statute of limitations period and his fraud claim is time-barred. The Court also agrees with Judge DeSoto that any fraud claim under the MCPA is similarly barred by the statute of limitations. *See* Mont. Code Ann. § 27-2-211(1)(c). The Court agrees that Thompson is not entitled to equitable tolling. *See Holman v. Hansen*, 773 P.2d 1200, 1203 (Mont. 1989).

IV. FEDERAL LAW CLAIMS

Thompson alleges the Sandan Defendants and American Land Defendants were part of a conspiracy to prevent him from using the property as he wished, in violation of his civil rights, which he alternately pleads as a RICO conspiracy. The Magistrate Judge liberally construed Thompson's complaint to allege federal civil rights and conspiracy claims, but concluded that those claims too were barred by the applicable statutes of limitations. The Magistrate Judge correctly looked at state law for the applicable statutes of limitations for an action brought under 42 U.S.C. § 1983. *Maldonado v. Harris*, 370 F.3d 945, 954 (9th Cir. 2004).

In Montana, the statute of limitations for personal injury actions is three years. Mont. Code Ann. § 27-2-204. The Magistrate Judge correctly concluded that Thompson had actual knowledge of the potential claims at the very latest by July 2011 when he sought legal counsel to hold parties accountable for his inability

7

to develop his property as he wished. Thompson's claim under § 1983 is barred by the applicable statute of limitations.

The Findings and Recommendation also conclude that Thompson's RICO claim is barred by the four-year statute of limitations. *See Rotella v. Wood*, 528 U.S. 549, 552 (2000). Thompson sought legal counsel in July 2011 seeking to hold parties responsible for his inability to develop his property as he wished. His RICO claim accrued by that date, at the latest. *Grimmett v. Wood*, 75 F.3d 506, 510 (9th Cir. 1996) ("the civil RICO limitations period begins to run when a plaintiff knows or should know of the injury that underlies his cause of action." (citation omitted)). Thompson presents no compelling reason that the statutes of limitation should be equitably tolled.

V. AMENDMENT

The Findings and Recommendations note that Thompson already has had one opportunity to amend his complaint. The Magistrate Judge did not clearly err in concluding that the deficiencies in Thompson's complaint cannot be cured by alleging additional facts and therefore it would be futile to allow Thompson to amend his complaint. *See Weilburg v. Shapiro*, 488 F.3d 1202, 1205 (9th Cir. 2007) (noting leave to amend should be granted unless it is "absolutely clear that the deficiencies of the complaint cannot be cured by amendment"). The Court

agrees that no amendment could cure the deficiencies identified in Thompson's complaint regarding his claims against the American Land and Sandan Defendants.

## CONCLUSION

**IT IS HEREBY ORDERED:**

1. The Findings and Recommendations (Doc. 180) are **ADOPTED IN FULL.**

2. Sandan Defendants' and American Land Defendants' Motion to dismiss (Doc. 76) is **GRANTED** and Thompson's claims against them are **DISMISSED** with prejudice.

DATED this 14th day of July, 2020.

_____
Brian Morris, Chief District Judge
United States District Court

9