IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
BUTTE DIVISION

| | |
|---|---|
| PETER THOMPSON,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>CITY OF BOZEMAN, a Montana Municipal Corporation, et al.,<br><br>　　　　　Defendants. | CV 18–75–BU–BMM–KLD<br><br><br><br>ORDER |

　　　　This matter is before the Court on Plaintiff Peter Thompson's ("Thompson") Objection to Conflict of Interest Between City Defendants and Their Counsel (Doc. 100). For the reasons stated below, Thompson's objection is denied.

**I.　Background**

　　　　Thompson filed the instant action against numerous Defendants, alleging various constitutional violations and torts. (Doc. 1). He subsequently filed his 104-page Amended Complaint, in which he again alleged various constitutional violations and torts, and which he supported with 164 pages of exhibits. (Doc. 9). Thompson's Amended Complaint contains numerous allegations against the City of Bozeman Defendants ("City Defendants")[1], ranging from dissatisfaction with

---

[1] The City Defendants are the City of Bozeman, Greg Sullivan, Kyla Murray,

City of Bozeman policies on appropriate use and building in registered wetland habitat to federal constitutional violations.

Outside of the issue with the policies on registered wetland habitat, it appears the main issues Thompson has with the City Defendants[1] arise from a change to the zoning designation on property he purchased within the Cattail Creek Subdivision. Thompson alleges the City Defendants conspired with other co-Defendants to illegally change the zoning designation of his property and conceal it from him. He further alleges the City Defendants engaged in retaliation for bringing claims by maliciously prosecuting him and that they failed to train their employees such that they would not adopt policies that violate civil rights.

In the instant "objection," Thompson alleges there is a conflict of interest between the City Defendants and their counsel, the Berg Lilly law firm, based on potential affirmative defenses the City Defendants might ultimately plead in this case. Thompson alleges that the assertion of affirmative defenses will create a conflict for the attorneys because they will be forced to defend one City client by blaming another. Thompson also alleges Mike Lilly, who is a partner at Berg Lilly and the attorney representing the City Defendants in this case, may be a "target" of future discovery. Thompson alleges that both scenarios will result in a violation of

---

[1] Tim Cooper, Bob Risk, Officer Jim Veltkamp, Mark Carpenter and Officer Travis Munter.

the Montana Rules of Professional Conduct applicable to attorneys.

The City Defendants ask the Court to deny Thompson's objection on the ground that Thompson lacks standing to object to Berg Lilly's representation of the City Defendants and further arguing that there has been no violation of the Rules of Professional Conduct.

## II. Discussion

### A. Standing

Standing is a critical component of Article III's limitation on federal judicial power to "cases" and "controversies." U.S. Const., Art. III, § 2. *See also*, *Clapper v. Amnesty Int'l USA*, 133 S.Ct. 1138, 1146 (2013) ("One element of the case-or-controversy requirement is that plaintiffs must establish that they have standing to sue"). The "irreducible constitutional minimum" of standing requires proof "(1) that the plaintiff suffered an injury in fact that is 'concrete and particularized' and 'actual or imminent, not conjectural or hypothetical;' (2) of a causal connection between the injury and the complained-of conduct; and (3) that a favorable decision will likely redress the alleged injury." *Alaska Right to Life Political Action Committee v. Feldman*, 504 F.3d 840, 848 (9th Cir. 2007) (quoting *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560 (1992)). The standing doctrine ". . . embraces several judicially self-imposed limits on the exercise of federal jurisdiction, such as the general prohibition on a litigant's raising another person's

legal rights. . . ." *Colyer v. Smith*, 50 F.Supp.2d 966, 968 (C.D. Cal. 1999) (citations omitted). The burden of establishing standing falls on the person seeking relief. *Colyer*, 50 F.Supp.2d at 968.

Thompson argues there is a conflict of interest between various City Defendants based on the allegations of his Amended Complaint, and that conflict of interest requires disqualification of the Berg Lilly firm. Specifically, he alleges that individual City Defendants will by necessity be required to allege wrongdoing against the City itself, in an effort to deny any culpability for what Thompson alleges is "widespread institutional corruption." Notably, Thompson does not allege that he is a current or former client of Berg Lilly, nor that he himself will suffer a particularized actual or imminent injury as a result of this perceived conflict. Instead, Thompson alleges all the City Defendants will have their rights prejudiced by the representation of Berg Lilly because it will limit their options in pleading affirmative defenses against one another.

A non-client motion to disqualify requires the non-client to show that he has "a personal stake in the motion" because of an ethical breach that "so infects the litigation . . .that it impacts the moving party's interest in a just and lawful determination of [his] claims." *Colyer*, 50 F.Supp.2d at 971. This requirement "assures that non clients will not abuse the state rules of professional responsibility by using them as tactical measures to harass the opposition or cause delay." *U.S. v.*

*Walker River Irr. Dist.*, 2006 U.S. Dist. LEXIS 95342, **20-21 (D. Nevada 2006). Only "[w]here the ethical breach is so severe that it 'obstructs the orderly administration of justice," does the non-client arguing his claims are obstructed have standing to seek disqualification. *Colyer*, 50 F.Supp.2d at 972 (citation omitted).

In his objection, Thompson argues there is presumed prejudice in Berg Lilly representing the City Defendants, as the attorneys will necessarily have a conflict in representing individual defendants whose defenses will be based, at least in part, on simply following established municipal policies and procedures. Thompson cites Montana Rules of Professional Conduct 1.7 and 1.13, which govern conflicts of interest with current clients and organizational representation, respectively. But Thompson does not claim that any alleged conflict between individuals and the City will interfere with the orderly administration of justice, nor does he claim that he will be unable to bring his claims against all the City Defendants as a result of the Berg Lilly representation. He simply concludes that there is an inherent conflict when an organization and its individuals are sued, assuming that they have divergent interests in the lawsuit. It is just as likely, however, that the individual City Defendants and the City itself will present a united defense and, in response to Thompson's allegations of wrongdoing, simply deny that any misconduct occurred. Either way, Thompson does not have the requisite personal stake in the

motion, and so lacks standing to raise the issue. *See Colyer*, 50 F.Supp.2d at 973 (lofty goals of maintaining integrity of the judgment and public confidence in the bar insufficiently concrete and particularized to support standing).

### B. Mike Lilly as Witness

Thompson additionally alleges that Mike Lilly "is announced as a discovery target" within the Amended Complaint, and suggests Mr. Lilly and his firm should consider withdrawing from representing the City Defendants in accord with Montana Rule of Professional Conduct 3.7. While it is unclear if Thompson is seeking disqualification, or merely suggesting the Berg Lilly firm volunteer to withdraw, the Court notes that both Rule 3.7 and L.R. 83.5 address the situation in which a lawyer is a witness in a case. Should this issue arise, the Court expects the parties to adhere to both the Rules of Professional Conduct and the Local Rules, as applicable.

### III. Conclusion

For the foregoing reasons, Thompson's Objection to Conflict of Interest Between City Defendants and Their Counsel (Doc. 100) is DENIED.

DATED this 24th day of September, 2020.

_____
Kathleen L. DeSoto
United States Magistrate Judge