IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
BUTTE DIVISION

| | |
|---|---|
| **PETER THOMPSON**, <br><br> Plaintiff, <br><br> vs. <br><br> **THE CITY OF BOZEMAN, et al**, <br><br> Defendants. | CV-18-75-BMM <br><br> ORDER |

Defendant Peter Thompson (Thompson) filed a Complaint against numerous Defendants, alleging various constitutional violations and torts. Doc. 229 at 1. Thompson alleges that Cattail Creek Community Association (CCCA) conspired to prevent Thompson from using his property by illegally and fraudulently forming as a Montana non-profit corporation and then modifying the CCCA bylaws with the use of mail-in ballots. Doc. 229 at 2. Thompson sought a declaration from this Court that the CCCA lacked legal capacity to sue or be sued. Doc. 229 at 3.

United States Magistrate Judge DeSoto determined that Thompson had fully litigated this issue in state court. Doc. 229 at 10. Judge DeSoto determined that the Eighteenth Judicial District Court, Gallatin County, Montana, found that

1

Thompson's contention was "without merit." Doc. 144−1 at 19. The Montana Supreme Court agreed with the district court. Doc. 144−3 at 23−24.

Thompson sought a declaration from this Court that CCCA lacked the legal standing to sue and be sue. Doc. 137. Judge DeSoto denied this motion after having determined that the state court litigation satisfied the elements of res judicata and collateral estoppel, and, therefore, barred Thompson's request. Doc. 229 at 7. Thompson filed a motion asking this Court to review Judge DeSoto's determinations *de novo*. Doc. 231.

## ANALYSIS

The Federal Magistrates Act, 28 U.S.C. § 631−39, "governs the jurisdiction and authority of federal magistrates." *United States v. Reyna-Tapia*, 328 F.3d 1114, 1118 (9th Cir. 2003). Section 636(b)(1)(A) permits a district judge to designate a magistrate to hear and determine certain non-dispositive pretrial matter pending before the court. Thompson categorized his motion as a motion for declaratory judgment. Thompson's motion asks this Court to declare whether CCCA has standing to sue and be sued. *See* Doc. 137. Such a motion qualifies as the type of non-dispositive motion contemplated in § 636(b)(1)(A).

An Article III judge may reconsider an order issued under § 636(b)(1)(A) if a party shows that the order was clearly erroneous or contrary to law. *Warner v. Sefalo*, 2020 WL 2989170. Thompson has failed to provide an iota of evidence to

suggest that Judge DeSoto's determination was "clearly erroneous or contrary to law" other than his claim that Judge DeSoto failed to cite any case law to suggest that "every other court is bound to disregard their rules of procedure if the judgment that is being attacked via independent action in their court includes an obvious error." Doc. 231−1 at 3. Without more, Thompson's motion amounts to little more than a request for a third swing at the ball after Judge DeSoto determined that the law barred even a second swing.

Given Thompson's failure to show that Judge DeSoto's order (Doc. 229) was clearly erroneous, Thompson's Motion for *de novo* Review (Doc. 231) is denied.

## ORDER

Accordingly, **IT IS ORDERED** that the Motion for *de novo* Review of Magistrates Order (Doc. 231) is **DENIED**.

Dated this 1st day of October, 2020.

_____
Brian Morris, Chief District Judge
United States District Court