IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
BUTTE DIVISION

| | |
|---|---|
| PETER THOMPSON,<br><br>　　　　　Plaintiff,<br><br>　vs.<br><br>CITY OF BOZEMAN, a Montana Municipal Corporation, et al.,<br><br>　　　　　Defendants. | CV 18–75–BMM–KLD<br><br>**ORDER** |

Plaintiff Peter Thompson (Thompson) filed a Complaint against numerous Defendants. Doc. 1. Defendants US Bank, John Thorn, Scott Blando, and Wayne Hirsch (Moving Defendants) filed a Motion to Dismiss under Rule 12(b)(6). Doc. 16. United States Magistrate Judge Kathleen DeSoto recommended that Moving Defendants' motion to dismiss should be denied in part and granted in part. Doc. 201 at 25. Moving Defendants objected to Judge DeSoto's recommendation. Doc. 205. Thompson objected to Judge DeSoto's recommendation. Doc. 230.

## JUDGE DESOTO'S FINDINGS AND RECOMMENDATIONS

Thompson alleges the following state law claims against Moving Defendants: (1) breach of contract; (2) breach of the covenant of good faith and

1

fair dealing; and (3) contract alteration. Doc. 201 at 12−17. Judge DeSoto determined that Thompson alleges sufficient facts to support cognizable legal theories for breach of contract and breach of the covenant of good faith and fair dealing. *Id*. at 15. Judge DeSoto determined that Thompson alleges no facts to support a claim for contract alteration. *Id*. Judge DeSoto recommended that Moving Defendants' motion to dismiss should be denied as to the claims against Moving Defendants for breach of contract and the breach of the covenant of good faith and fair dealing, and granted as to the claim against Moving Defendants for contract alteration. *Id*. at 12−17.

Thompson alleges the following federal law claims against Moving Defendants: (1) civil rights violations under 42 U.S.C. § 1983; and (2) RICO conspiracy. Judge DeSoto determined that Thompson had failed to bring these claims within their respective statutes of limitations. Doc. 201 at 20−23. Judge DeSoto recommended that Moving Defendants' motion to dismiss should be granted as to all of the federal law claims against Moving Defendants. *Id*.

## LEGAL STANDARD

This Court conducts de novo review of the portions of a magistrate judge's findings and recommendations to which a party properly objects. 28 U.S.C. § 636(b)(1). A party makes a proper objection by "identifying the parts of the magistrate's disposition that the party finds objectionable and presenting legal

2

argument and supporting authority, such that this Court is able to identify the issues and the reasons supporting a contrary result." *Montana Shooting Sports Ass'n v. Holder*, 2010 WL 4102940, at *2 (D. Mont. Oct. 18, 2010). This Court will review for clear error the portions of a magistrate judge's findings and recommendations to which a party's objections constitute only perfunctory responses argued in an attempt to rehash the same arguments set forth in the original response. *Rosling v. Kirkegard*, 2014 WL 693315, at *3 (D. Mont. Feb. 21, 2014). Clear error exists if this Court is left with a "definite and firm conviction that a mistake has been committed." *United States v. Syraz*, 235 F.3d 422, 427 (9th Cir. 2000).

## OBJECTIONS

**MOVING DEFENDANTS**

Moving Defendants filed several objections to Judge DeSoto's findings and recommendations. Doc. 205. First, Moving Defendants argue that Judge DeSoto should have issued a more precise finding regarding whether Thompson sufficiently alleges the existence of a contract between Thompson and each of the four Moving Defendants. Doc. 205 at 9. Judge DeSoto determined that Thompson sufficiently alleges the existence of a contract between Thompson and Moving Defendants. Doc. 201. Moving Defendants ask this Court to do the following: (1) determine whether Thompson sufficiently alleges the existence of a contract

3

between Thompson and each of the four Moving Defendants; and (2) dismiss with leave to amend the state law claims against each of the four Moving Defendants if this Court determines Thompson fails to allege the existence of a contract with any of the four Moving Defendants.

This objection proves proper in identifying the parts of the findings and recommendations that Moving Defendants find objectionable and presenting a legal argument and supporting authority. *See Holder*, 2010 WL 4102940. This Court will review de novo the portion of the findings and recommendations that deals with whether Thompson sufficiently alleges the existence of a contract between Thompson and Moving Defendants. *Id*.

Second, Moving Defendants argue that Judge DeSoto should have determined that Defendant Thorn's verbal representations to Thompson cannot constitute the terms of the contract because the parol evidence rule bars certain verbal representations from being incorporated into the terms of a contract. Doc. 205 at 10. Moving Defendants contend that Thompson cannot sufficiently allege the existence of a contract if Defendant Thorn's verbal representations are not incorporated into the terms of the contract. *Id*. Moving Defendants ask this Court to do the following: (1) determine that the parol evidence rule bars Defendant Thorn's verbal representations from being incorporated into the contract between Thompson and Moving Defendants; (2) determine that Thompson fails to

allege sufficiently the existence of a contract between Thompson and Moving Defendants; and (3) dismiss with leave to amend the state law claims against Moving Defendants. *Id*.

This objection proves improper. *See Kirkegard*, 2014 WL 693315. Judge DeSoto resolved this argument directly in the findings and recommendations. Doc. 205 at 14−15. Judge DeSoto determined that the complaint, when viewed in the light most favorable to Thompson, alleges that Defendant Thorn's verbal representations explained the written terms of the contract rather than the verbal representations constituting the terms of the contract. Doc. 201 at 14. This Court will review for clear error this portion of the findings and recommendations. *See Syraz*, 235 F.3d at 427.

Third, Moving Defendants object to Judge DeSoto determination that Thompson sufficiently alleges a claim for breach of the covenant of good faith and fair dealing. Doc. 205. Moving Defendants contend that Judge DeSoto should have determined whether Thompson sufficiently alleges a "special relationship" between Thompson and Moving Defendants. Doc. 205 at 11−12 (citing *Story v. City of Bozeman*, 242 Mont. 436, 451 (1990)). Moving Defendants ask this Court to do the following: (1) determine whether Thompson sufficiently alleges the existence of a "special relationship" between Thompson and Moving Defendants; and (2) dismiss with leave to amend the claim against Moving Defendants for

5

breach of the covenant of good faith and fair dealing if this Court determines that Thompson failed to allege a special relationship. *Id*.

This objection proves proper in identifying the parts of the findings and recommendations that Moving Defendants find objectionable and presenting a legal argument and supporting authority. *See Holder*, 2010 WL 4102940. This Court will review de novo the portion of Judge DeSoto's findings and recommendations that relates to Thompson's claim against Moving Defendants for breach of the covenant of good faith and fair dealing. *Id*.

## THOMPSON

Thompson objects to Judge DeSoto's determination that Thompson failed to bring his § 1983 claim and RICO claim within the relevant statutes of limitations. Doc. 230. Thompson argues that the applicable statutes of limitations should begin running with the last overt act. *Id*. at 10−13. No substantial difference exists between this argument and the argument that Thompson brought in his original response (Doc. 47) to Moving Defendants' motion to dismiss.

This objection proves improper. *See Kirkegard*, 2014 WL 693315. Thompson's objections are not directed at Judge DeSoto's disposition; they are recycled legal arguments from his original response. *See Id*. Judge DeSoto directly addressed these arguments in the findings and recommendations. Doc.

201 at 17−19. This Court will review for clear error this portion of Judge DeSoto's findings and recommendations. *See Syraz*, 235 F.3d at 427.

## ANALYSIS

### STATE LAW CLAIMS

#### BREACH OF CONTRACT

Thompson alleges that he entered into a contract with US Bank to finance the construction of a house in Gallatin County, Montana. Doc. 9. Thompson alleges that Defendant Thorn verbally represented that US Bank would allow Thompson to make interest-only payments during the construction phase of the loan. *Id*. Thompson alleges that Defendant Thorn verbally represented that US Bank would extend the construction phase as often as Thompson needed to complete construction of the house. *Id*. Thompson alleges that US Bank breached this contract when it required him to make principal payments and failed to provide extensions of the construction phase. *Id*.

Moving Defendants filed a motion to dismiss under Rule 12(b)(6). Doc. 16. When a party challenges a claim under Rule 12(b)(6), this Court presumes as true all well-pleaded allegations, resolves all reasonable doubts and inferences in the pleader's favor, and views the pleading in the light most favorable to the non-moving party. *Barker v. Riverside Co. Office of Educ.*, 584 F.3d 821, 824 (9th Cir. 2009). This Court will grant a Rule 12(b)(6) motion only if, after viewing the

7

allegations in this manner, this Court finds that the allegations "lack . . . a cognizable legal theory or . . . sufficient facts alleged under a cognizable legal theory." *In re Tracht Gut*, LLC, 836 F.3d 1146, 1151 (9th Cir. 2016).

Neither party has provided a copy of the written contract between Thompson and US Bank. Thompson alleges the terms of the contract in his complaint. Doc. 9. This Court must assume as true and view in a light most favorable to Thompson all of these factual allegations for purposes of a Rule 12(b)(6) motion to dismiss. *See Barker*, 584 F.3d at 824. Thompson alleges that Defendant Thorn's verbal representations were not modifying the terms of the contract, rather Thompson alleges that Defendant Thorn was explaining the fine print of the written contract. This Court must treat this allegation as true. *See Barker*, 584 F.3d at 824. Thompson sufficiently alleges the existence of a contract with US Bank. *See In re Tracht*, 836 F.3d at 1151.

Thompson alleges that US Bank breached this contract when it required him to make principal payments and denied extensions of the construction phase. Doc. 9. This Court must view these allegations as true. *See Barker*, 584 F.3d at 824. These facts, if true, constitute a cognizable legal theory for breach of contract. *See In re Tracht*, 836 F.3d at 1151. Thompson sufficiently alleges that US Bank breached the contract between Thompson and US Bank. *Id*. Moving

Defendants' motion to dismiss (Doc. 16) the breach of contract claim is denied as it relates to US Bank.

Thompson makes no allegation in his complaint of the existence of a contract with Defendants Thorn, Blando, or Hirsch. Thompson has not pleaded sufficiently a claim against Defendants Thorn, Blando, or Hirsch for breach of contract. Moving Defendants' motion to dismiss (Doc. 16) is granted as it relates to the claim against Defendants Thorn, Blando, and Hirsch for breach of contract.

### BREACH OF THE COVENANT OF GOOD FAITH AND FAIR DEALING

This Court determined above that Thompson sufficiently alleges the existence of a contract between Thompson and US Bank. This contract, under Montana law, contains an implied covenant of good faith and fair dealing. Mont. Code. Ann. § 28-1-211. The existence of a contract represents a prerequisite for a claim of breach of the implied covenant of good faith and fair dealing. *Knucklehead Land Co. v. Accutile, Inc.*, 2007 MT 301, ¶18, 172 P.3d 116.

Moving Defendants argue that Thompson's claim for breach of the covenant of good faith and fair dealing must be dismissed because Thompson fails to allege a "special relationship" between Thompson and Moving Defendants. Doc. 205 at 17−18 (citing *Story v. City of Bozeman*, 242 Mont. 436, 451 (1990)). Under Montana law, the covenant of good faith and fair dealing is implied in every contract, not only those contracts between parties with special relationship. *See*

9

Mont. Code. Ann. § 28-1-211.  The "special relationship" requirement in *Story v. City of Bozeman* instead stands as a prerequisite for certain tort-type contract damages stemming from traditional contract-related torts such as fraud, fraudulent inducement, and tortious interference with a contract.  242 Mont. 436, 451 (1990).  Thompson does not allege the tort-type contract damages discussed in *Story v. City of Bozeman*.  Thompson's claim against US Bank for breach of the covenant of good faith and fair dealing does not require an allegation of a special relationship to survive a Rule 12(b)(6) motion.  Moving Defendants' motion to dismiss (Doc. 16) is denied as it relates to the claim against US Bank for the breach of the covenant of good faith and fair dealing.

    Instead, Thompson alleges that US Bank was a party to a contract that required US Bank to provide Thompson with extensions to the construction phase of the home loan.  Doc. 9.  This Court must view these allegations as true.  *See Barker*, 584 F.3d at 824.  These facts, if true, constitute a cognizable legal theory for breach of the covenant of good faith and fair dealing.  *See In re Tracht*, 836 F.3d at 1151.  Moving Defendants' motion to dismiss (Doc. 16) the breach of the covenant of good faith and fair dealing claim is denied as it relates to US Bank.  *Id*.

    Thompson does not make any allegations of the existence of a contract between himself and Defendants Thorn, Blando, or Hirsch.  The existence of a contract is a prerequisite for a claim of breach of the implied covenant of good

faith and fair dealing. *Knucklehead*, at ¶18. Thompson has not pleaded sufficiently a claim against Defendants Thorn, Blando, and Hirsch for breach of the covenant of good faith and fair dealing. *See In re Tracht*, 836 F.3d at 1151. Moving Defendants' motion to dismiss (Doc. 16) is granted as it relates to the claim against Defendants Thorn, Blando, and Hirsch for breach of the covenant of good faith and fair dealing.

### CONTRACT ALTERATION

No party objects to Judge DeSoto's findings and recommendations as it relates to Thompson's claim against Moving Defendants for contract alteration. Judge DeSoto's findings and recommendations as it relates to Thompson's claim of contract alteration is adopted in full. Moving Defendants' motion to dismiss (Doc. 16) the contract alteration claim is granted as it relates to Defendants US Bank, Thorn, Blando, and Hirsh.

### FEDERAL LAW CLAIMS

This Court finds no clear error in Judge DeSoto's findings and recommendations as it relates to Thompson's federal law claims against Moving Defendants. *See Rosling v. Kirkegard*, 2014 WL 693315, at *3. This Court determines the statute of limitations for actions brought under 42 U.S.C. § 1983 by looking to the forum state for the statute of limitations applicable to personal injury cases. *Maldonado v. Harris*, 370 F.3d 945, 954 (9th Cir. 2994). The statute of

11

limitations in Montana for personal injury cases is three years. Mont. Code. Ann. § 27-2-204. The statute of limitations "accrues when the plaintiff knows or has reason to know of the injury which is the basis of the action." *Maldonado*, 370 F.3d at 955. Thompson's interactions with Moving Defendants in April 2012 provided Thompson with notice of the injury that gave rise to his § 1983 claim. Thompson waited more than 6 years to file suit in November 2018. Doc. 1. Thompson brought his claim for civil rights violations under § 1983 outside the three-year statute of limitations.

The statute of limitations for a RICO conspiracy is four years. *Rotella v. Wood*, 528 U.S. 549, 552 (2000). The alleged conspiracy occurred in April 2012. Thompson filed suit more than 6 years later in November 2018. Doc. 1. Thompson brought his claim for RICO conspiracy outside the four-year statute of limitations.

Judge DeSoto's findings and recommendations as it relates to Thompsons federal law claims against Moving Defendants is adopted in full. *Id*. Thompson's federal law claims against Moving Defendants are dismissed with prejudice.

## ORDER

**IT IS ORDERED** that Judge DeSoto's findings and recommendations (Doc. 201) is adopted in part.

**IT IS FURTHER ORDERED** that Moving Defendants' Motion to Dismiss (Doc. 16) is **GRANTED** in part and **DENIED** in part.

Moving Defendants' Motion to Dismiss (Doc. 16) is **DENIED** as relates to Thompson's claims against US Bank for breach of contract and breach of the covenant of good faith and fair dealing.

Moving Defendants' Motion to Dismiss (Doc. 16) is **GRANTED** as it relates to the remaining claims against Moving Defendants.

1. Thompson's claim against Defendants Thorn, Blando, and Hirsch for breach of contract is **DISMISSED** with leave to amend.

2. Thompson's claim against Defendants Thorn, Blando, and Hirsch for breach of the covenant of good faith and fair dealing is **DISMISSED** with leave to amend.

3. Thompson's claim against Defendants US Bank, Thorn, Blando, and Hirsch for contract alteration is **DISMISSED** with leave to amend.

4. Thompson's federal § 1983 and RICO conspiracy claims against Defendants US Bank, Thorn, Blando, and Hirsch are **DISMISSED** with prejudice.

5. Defendants Thorn, Blando, and Hirsch are **DISMISSED** as defendants.

DATED this 20th day of October, 2020.

_____
Brian Morris, Chief District Judge
United States District Court