IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
BUTTE DIVISION

| | |
|---|---|
| PETER THOMPSON,<br><br>         Plaintiff,<br><br>    vs.<br><br>CITY OF BOZEMAN, a Montana<br>Municipal Corporation, et al.,<br><br>         Defendants. | CV 18–75–BMM–KLD<br><br><br>**ORDER** |

Plaintiff Peter Thompson (Thompson) filed a Complaint against numerous

Defendants.  Doc. 1.  Thompson filed an Amended Complaint, in which Thompson

brought allegations against the City of Bozeman.  Doc. 9.  These allegations range

from federal constitutional violations to dissatisfaction with the City of Bozeman's

policies regarding wetland habitat.  *Id*.  The City of Bozeman hired the Berg Lilly

law firm to defend against Thompson's allegations.

Thompson filed a motion to disqualify counsel. Doc. 100.  Thompson alleged

that the City of Bozeman created a conflict of interest when it hired the Berg Lilly

law firm.  *Id*.  United States Magistrate Judge Kathleen DeSoto entered a non-

dispositive order that denies Thompson's motion to disqualify counsel.  Doc. 243.

Judge DeSoto determined that Thompson lacked standing to allege a conflict of

interest issue between the City of Bozeman and the Berg Lilly law firm. *Id*. at 6.

Thompson filed an objection to Judge DeSoto's non-dispositive order, in which he

contends that Judge DeSoto failed to interpret the pleadings in a light most favorable

to him.

## LEGAL STANDARD

The district court must modify or set aside a magistrate judge's non-

dispositive order when the order is clearly erroneous or is contrary to law.  Fed. R.

Civ. P. 72.

## ANALYSIS

Nothing in Judge DeSoto's order is clearly erroneous or contrary to law.

Judge DeSoto correctly identified that standing presents a difficult burden for non-

clients to satisfy in order to succeed on a motion to disqualify an opposing party's

counsel.  Doc. 243 at 4.  This burden exists to "assure[] that non-clients will not

abuse the states rules of professional responsibility by using them as tactical

measures to harass the opposition or cause delay."  *U.S. v. Walker River Irr. Dist.*,

2006 US. Dist. LEXIS 95342, **20−21 (D. Nevada 2006).

Thompson alleges that a conflict of interest exists because the Berg Lilly law

firm is representing several defendants and the case will require those defendants to

turn against each other.  This potential divergence of interest arises whenever defendants use joint defenses.  Judge DeSoto correctly determined that it is just as likely that the Berg Lilly law firm will provide its clients with a unified and effective joint defense.

Thompson alleges that a conflict of interest exists because one of the attorneys from the Berg Lilly law firm might be a target of future discovery.  The attorney is not currently the target of any discovery requests, and nothing in the record suggests that the attorney would be expected to appear as a witness in this case.  Judge DeSoto correctly determined that, should these scenarios ever blossom into fruition, the parties would be required to adhere to the Rules of Profession Conduct and the Local Rules.

Judge DeSoto correctly determined that neither of these hypothetical scenarios remedy Thompson's standing deficiencies.  Thompson is not a client of the Berg Lilly law firm.  The potential conflicts of interest that Thompson alleges do not sufficiently affect Thompson to satisfy the standing burden that a non-client must satisfy in order to succeed on a motion to disqualify an opposing party's counsel. *See U.S. v. Walker River Irr. Dist.*, at **20−21.  Nothing in Judge DeSoto's order is clearly erroneous or contrary to law.

## ORDER

**IT IS ORDERED** that Thompson's objection (Doc. 246) to Judge DeSoto's

non-dispositive order (Doc. 243) is **DENIED**.

DATED this 30th day of October, 2020.

_____

Brian Morris, Chief District Judge
United States District Court