IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
BUTTE DIVISION

| | |
|---|---|
| PETER THOMPSON,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>CITY OF BOZEMAN, a Montana Municipal Corporation, et al.,<br><br>　　　　　Defendants. | CV 18–75–BU–BMM–KLD<br><br>**FINDINGS AND RECOMMENDATION** |

　　　　Cattail Creek Defendants (Cattail Creek Community Association, Cattail Creek Community Association(s) of Phase I, II, and III & of the 2008 Combined Covenant Association, Cattail Creek Community Association, Incorporated, At Your Service Cleaning & HOA Management, Inc., Jaymie Larsen, Sue Greeno, Katerina Freche, Angie Matsen, Jay Blaske, Neil Ramhorst, Joseph Sands, Peter Noreen, Randy Sullivan, Lola Jeffers, Sandi Rummel, Sandi Hamilton, Jeremy May, Tyler Powell, Melinda Maze-Talarico, Daniel Madison, Callie Miller, Sandy Feeney, Darrin Strosnider, Amy Hanson, John Hansen, Travis Munter, Sandy Saunders, and Rob Pertzborn, collectively), City of Bozeman Defendants (the City of Bozeman, Greg Sullivan, Kyla Murray, Tim Cooper, Bob Risk, Officer

Jim Veltkamp, Mark Carpenter, and Officer Travis Munter), Randy Sullivan, Commonwealth Land Title Insurance Company and U.S. Bank, National Association (collectively "Remaining Defendants") have jointly moved the Court to strike Plaintiff Peter Thompson's ("Thompson") Second Amended Complaint(Doc. 257) and dismiss the case in its entirety. For the reasons stated below, the Court recommends the motion (Doc. 258) be granted.

**I.   Background**

The procedural background of this case is well-known to the parties, but because it bears on the ultimate decision, the Court will recite it again here. On November 30, 2018, Thompson filed an 18-page Complaint (with an additional 102 pages of attachments) alleging various constitutional violations and torts against numerous defendants. (Doc. 1). On January 21, 2019, Thompson, who is appearing pro se in this action, moved the Court to vacate the previously scheduled Preliminary Pretrial Conference and extend the time for service, stating that he needed additional time to file and serve an amended complaint intended to improve the clarity of his pleading and ensure the appropriate parties were named. (Doc. 7). The Court granted this motion, and allowed Thompson until March 14, 2019 to effectuate service on all Defendants. (Doc. 8). On March 14, 2019, Thompson filed his Amended Complaint, consisting of 104 pages and an additional 164 pages of exhibits. (Doc. 9). Summons were issued on March 15, 2019.

All the original Defendants in this case filed motions seeking dismissal of Thompson's case, based on a variety of legal theories. The Court recommended complete dismissal of Thompson's claims against a number of the Defendants, and addressed the claims against the Remaining Defendants in two separate Findings and Recommendations. In Doc. 200, the Court recommended denying the motions to dismiss filed by Commonwealth Land Title Insurance Company, Randy Sullivan, Cattail Creek Defendants, and the City of Bozeman Defendants, but granting their alternative motions for a more definite statement. In Doc. 201, the Court recommended granting U.S. Bank N.A.'s motion to dismiss in part, and denying it in part. Notably, in Doc. 200, the Court recommended that Thompson be required to file a second amended complaint that provided a more definite statement, no longer than 20 pages in length, addressing all Remaining Defendants.

On July 28, 2020, the District Court adopted Doc. 200 and ordered Thompson to file an amended complaint against all Remaining Defendants by August 11, 2020. (Doc. 222.) The District Court specifically directed Thompson to limit his amended complaint to 20 pages in length, and required him to address all Remaining Defendants and cure any other deficiencies noted in Doc. 200. *See also* Doc. 256.

After several requests for extensions were granted, Thompson filed his Second Amended Complaint on December 13, 2020. Contrary to the Court's

specific orders, Thompson's Second Amended Complaint is 43 pages long and contains 8 new claims against 14 new defendants, as well as claims made against the Remaining Defendants from the First Amended Complaint. (Doc. 257.) As far as the Court can surmise, the 8 new counts (Counts 1-8, ¶¶ 5-49) are alleged against former Governor Steve Bullock, 8 current and former Montana Supreme Court Justices, Gallatin County, Judge Rienne H. McElyea and the Eighteenth Judicial District Court, and attorney Mike Lilly. These counts allege various long-standing dissatisfactions with the judicial system in Montana, both in general as related to the actions of the judiciary and legal community and in specific as related to the adjudication of Thompson's state court case, *Cattail Creek Community Association v. Peter Thompson*, DV-15-636CX (Mont. 18th Jud. District), 2019 MT 233N.

Count 17 alleges various individuals "acting in the name of the State of Montana" conspired to commit fraud upon the court, but does not specify any conduct which would form the basis of a legal claim against the State itself, and it is not clear that Thompson intended to allege a claim against the State of Montana. Counts 9[1] through 16, and 18 through 24 allege a variety of claims against the

---

[1] Count 9 appears to be a new claim as well, alleging violation of a 2020 growth policy and workforce housing initiative, although it is not clear which Defendant is responsible for the policy and initiative, nor is it clear against whom the claim is made.

Remaining Defendants, focusing primarily (although not exclusively) on matters relating to the creation of the Cattail Creek Homeowners Association and Thompson's conflicts with the various Remaining Defendants arising from the development of his property in the Cattail Creek Subdivision and Thompson's relationship with US Bank.

## II.   Legal Standards

Federal Rule of Civil Procedure 8(a) requires a complaint to contain "a short and plain statement of the claim showing that the pleader is entitled to relief." [2] Rule 12(e) provides that "[a] party may move for a more definite statement of a pleading to which a responsive pleading is allowed but which is so vague or ambiguous that the part cannot reasonably prepare a response."  A Rule 12(e) motion attacks the intelligibility of the complaint rather than the lack of detail, and should be denied "where the complaint notifies the defendant of the substance of the claims asserted." *Alicia Johnson v. City of Portland,* 2019 WL 5406551, *1 (D.

---

[2] The Court acknowledges that when a plaintiff is proceeding pro se, the court has an obligation "to construe the pleadings liberally and to afford the [plaintiff] the benefit of any doubt." *Akhtar v. Mesa*, 698 F.3d 1202, 1212 (9th Cir. 2012). "[A] pro se complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Woods v. Carey*, 525 F.3d 886, 889-90 (9th Cir. 2008) (citations and internal quotation marks omitted).  However, the plaintiff must comply with Court orders and the Federal Rules of Civil Procedure.

Or. Oct. 3, 2019). The proper "test in evaluating a motion under Rule 12(e) is whether the complaint provides the defendant with a sufficient basis to frame a responsive pleading." *Scripps Health v. Vision Software Technologies Inc.*, 2010 WL 11508881, *3 (S.D. Cal. Aug. 13, 2010). When a plaintiff does not comply with the Court's order regarding a more definite statement, "the court may strike the pleading or issue any other appropriate order." Fed R Civ. P. 12(e).

Additionally, "[a] complaint which fails to comply with Rule 8 may be dismissed with prejudice pursuant to Rule 41(b)," which provides for the dismissal of an action or claim when a plaintiff fails to comply with the Federal Rules of Civil Procedure or an order of the Court. *Knapp v. Harrison*, 2008 U.S. Dis. LEXIS 1155555, ** 8-9 (C.D. Cal. June 24, 2008) (citations omitted).

### III.  Discussion

Despite clear instructions from this Court, Thompson's Second Amended Complaint ("SAC") does not comply with the Court's order, nor does it comply with Rule 8. To the contrary, the SAC is more than double the page limit imposed by the Court and is just as confusing and rambling as his previous pleadings. Instead of simply filing an amended complaint with a more definite statement addressing the Remaining Defendants, Thompson has added new claims, new defendants, and new theories of liability against the Remaining Defendants.

### A. New Claims and Defendants

Thompson's new claims are not grounded in any viable legal theories, and appear to be simply his opinion of the legal community in Montana. *See e.g* Count 5 (Montana's lawyer protection policy), Doc. 257 at 11. Thompson's claims against the legal community and the Montana judiciary do not appear to seek actual damages, although the Court cannot discern exactly what Thompson seeks as a remedy for these claims and against exactly whom Thompson seeks any remedy for these claims. For example, in Count 1 (Montana's adjudication by affiliation policy), Thompson rails against what he perceives as inappropriate connections between lawyers and judges, and judges and Supreme Court justices ("Judicial Defendants"), but intersperses his legal and factual conclusions with opinions from attorneys about Montana's legal system and restates his allegations against defendants who have previously been dismissed with prejudice from this case.

Thompson's new claims read as freeform, narrative ramblings that do not provide adequate notice to the proposed new defendants of exactly what they are alleged to have done to cause damage to Thompson. For example, Thompson alleges that former Montana Supreme Court Justice Michael Wheat has affiliations with "above captioned defendants and their agents" and that he has played a role in the implementation and administration of Montana's legal community, but does

not allege that Justice Wheat did anything himself that caused Thompson damage.

To the extent Thompson's new counts allege claims for damages against the Judicial Defendants, members of the judiciary are absolutely immune for their official judicial actions, unless the act is not normally a judicial function or the judge is acting "in the clear absence of all jurisdiction." *Hartsoe v. Tucker*, 309 P.3d 39, ¶ 9 (Mont. 2013) (citations omitted). The allegations against the Judicial Defendants relate directly to their judicial function, and thus the Judicial Defendants are immune from suit. Additionally, although it is not clear what Thompson is alleging against the members of the judiciary, if he is alleging that the judiciary should be enjoined from violating his constitutional rights, the Judicial Defendants are immune from suit. *Holland v. Andrews*, 2011 U.S. Dist. LEXIS 149263, * 11 (C.D. Cal. Sept. 7, 2011) (42 U.S.C.§ 1983 grants immunity from suit for injunctive relief for acts taken in judicial capacity). Thompson has not alleged that the exception to the judicial immunity from suit for injunctive relief (a violation of a declaratory decree or unavailability of declaratory relief) applies. Accordingly, the claims against the Judicial Defendants are not only prolix and in violation of Rule 8, they are futile.

The claims against the remaining new Defendants (Steve Bullock, Michael Lilly, and Gallatin County) cannot be reasonably discerned from Thompson's allegations. Thompson's theory appears to be that the Cattail Creek Community

8

Association ("CCCA") was illegally formed, with the help of a variety of people and attorneys, including Michael Lilly, and that a conspiracy flowed from that illegally formed association. The Court has already found that the issue of the validity of the CCCA was fully litigated in front of the Montana Supreme Court, and is thus barred by res judicata and collateral estoppel. (Doc. 229.) The confusing, rambling and illogical assertions in the SAC do not bring any clarity to the claims alleged against the new Defendants, and do not satisfy the requirements of Rule 8.

## B.  Dismissal is Appropriate under Rules 12(e) and 41(b)

In Doc. 200, this Court required Thompson to file an amended complaint which was no longer than 20 pages in length and which addressed the Remaining Defendants. Thompson unilaterally chose to ignore that order, and instead filed a 42-page complaint with new claims against new Defendants and apparently at least some new allegations against the Remaining Defendants. The resulting document does not cure the ailments from which Thompson's First Amended Complaint suffered: the allegations do not constitute a short and plain statement of the concise, basic facts and grounds showing Thompson is entitled to relief, they are not logically organized and presented, and crucially, they do not sufficiently permit each Defendant to understand exactly why they are being sued by Thompson. To the contrary, the SAC's allegations are confusing, lengthy, and close to

unintelligible. Complaints such as the SAC filed by Thompson place an undue burden on litigants and the Court, and interfere with the administration of justice.

> Prolix, confusing complaints such as the ones plaintiffs filed in this case impose unfair burdens on litigants and judges. As a practical matter, the judge and opposing counsel, in order to perform their responsibilities, cannot use a complaint such as the one plaintiffs filed, and must prepare outlines to determine who is being sued for what. Defendants are then put at risk that their outline differs from the judge's, that plaintiffs will surprise them with something new at trial which they reasonably did not understand to be in the case at all, and that res judicata effects of settlement or judgment will be different from what they reasonably expected. "The rights of the defendants to be free from costly and harassing litigation must be considered."

*McHenry v. Renne*, 84 F.3d 1172, 1179-80 (9th Cir. 1996) (citation omitted). The Court has the discretion to dismiss a complaint when an order requiring a more definite statement under Federal Rule of Civil Procedure 12(e) is violated and when the complaint fails to comply with Rule 8. *McHenry*, 84 F.3d at 1179; *Nevijel v. North Coast Life Ins. Co.*, 651 F.2d 671 (9th Cir. 1981) (citing Fed. R. Civ. P 41(b)).

When determining whether to dismiss a complaint with prejudice for failing to comply with a Court order, the Court should consider five factors;

(1) The public's interest in expeditious resolution of litigation;
(2) The court's need to manage its docket;
(3) The risk of prejudice to the defendants;
(4) The public policy favoring disposition of cases on their merits; and
(5) The availability of less drastic alternatives.

*Ferdik v. Bonzelet*, 963 F.2d 1258, 1260-61 (9th Cir. 1992) (citations omitted).

These factors are not conditions precedent which must be met before the Court can act, but are simply guides to help the Court determine how to handle the case. *Knapp*, * 12 at n. 5 (citations omitted). The Court need not exhaust all possible alternatives before dismissing a case. *Nevijel*, 651 F.2d at 674. *See also For the True v. Cty. of Riverside*, 2018 U.S. Dist. LEXIS 227308, *13-14 (C.D. Cal Sept. 13, 2018).

The Court has considered each of these factors, and finds that factors 1, 2, 3 and 5 weigh in favor of dismissal with prejudice. This case has lingered for several years, due in part to the time required for the Court to address the briefing resulting from multitude of dispositive motions necessitated by Thompson's First Amended Complaint, as well as numerous other motions filed by Thompson. Despite being given clear instructions, Thompson's Second Amended Complaint not only violates the Court's Order, it suffers from the same infirmities as the First Amended Complaint and cannot be the operative pleading going forward.

Allowing Thompson to continue to attempt compliance with Rule 8 and this Court's order would delay expeditious resolution of this case and would continue to burden the Court's management of its docket, as the parties would essentially begin over again with no indication that Thompson would indeed comply with any additional order from the Court regarding amendment. This would additionally result in prejudice to the Remaining Defendants, who have already expended

significant time and resources in responding to Thompson's pleadings.

The Court acknowledges the public policy favoring disposition of cases on their merits, but that does not outweigh the other factors weighing strongly in favor of dismissal. The Court has considered other, less drastic sanctions, such as granting Thompson the opportunity to amend his complaint for the third time, but Thompson's refusal to comply with the Court's order and his continued insistence on relitigating matters already decided by other courts, based at least in part on conduct of parties already dismissed with prejudice from this case, and against new parties who are immune from suit, leads this Court to believe that amendment would be futile.

## IV. Conclusion

For the reasons explained above, the Court concludes that Thompson's Second Amended Complaint does not comply with Rule 8 and is in violation of the Court's Order (Doc. 200), and thus subject to dismissal with prejudice pursuant to Rules 12(e) and 41(b).

Accordingly, it is recommended that the Remaining Defendants' Joint Motion to Strike and Dismiss (Doc. 258) be GRANTED and Thompson's Second Amended Complaint be dismissed with prejudice as to all Defendants named therein.

NOW, THEREFORE, IT IS ORDERED that the Clerk shall serve a copy of

the Findings and Recommendation of the United States Magistrate Judge upon the parties. The parties are advised that pursuant to 28 U.S.C. § 636, any objections to the findings and recommendations must be filed with the Clerk of Court and copies served on opposing counsel within fourteen (14) days after entry hereof, or objection is waived.

DATED this 19th day of February 2021.

_____
Kathleen L. DeSoto
United States Magistrate Judge