IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
BUTTE DIVISION

| | |
|---|---|
| PETER THOMPSON,<br><br>Plaintiff,<br><br>vs.<br><br>CITY OF BOZEMAN, a Montana Municipal Corporation, et al.,<br><br>Defendants. | CV 18-75-BU-BMM<br><br><br><br>ORDER |

United States Magistrate Judge Kathleen L. DeSoto ("Judge DeSoto") entered Findings and Recommendations on February 19, 2021. Doc. 268. Judge DeSoto recommended that the Court grant Defendants' Joint Motion to Strike and Dismiss (Doc. 258) and dismiss with prejudice Plaintiff Peter Thompson's ("Thompson") Second Amended Complaint (Doc. 257) as to all Defendants. Doc. 268 at 12. Thompson filed objections in a timely manner. Doc. 270.

**FINDINGS AND RECOMMENDATIONS**

Judge DeSoto determined that Thompson's Second Amended Complaint (Doc. 257) fails to comply with Fed. R. Civ. P. 8(a) and violates the Court's Order (Doc. 200) to provide a more definite statement. Doc. 268 at 12. Judge DeSoto concluded that Thompson's Second Amended Complaint warrants dismissal with prejudice pursuant to Rules 12(e) and 41(b). *Id*. Judge DeSoto recommended that

1

the Court grant Defendants' Joint Motion to Strike and Dismiss (Doc. 258) and dismiss with prejudice Thompson's Second Amended Complaint (Doc. 257).

Judge DeSoto relied on Thompson's filings and this litigation's history to reach these conclusions. Thompson filed an initial 18-page Complaint with 102 pages of exhibits on November 30, 2018. Doc. 1. Thompson alleges constitutional and tort claims against nearly 40 Defendants. *Id*. The Court provided Thompson with an extension for time in which to serve these Defendants. Doc. 8. Thompson filed a 104-page Amended Complaint with 164 pages of exhibits on March 14, 2019. Doc. 9.

The initial Defendants filed numerous motions seeking dismissal based on a variety of legal theories. *See e.g.*, Docs. 16, 20, 23, 25. The Court granted multiple numerous extensions for Thompson and the various defendants to file response briefs. *See e.g.*, Docs. 45, 59, 60, 61, 66. Judge DeSoto ultimately ruled against dismissing most of the Defendants; instead, Judge DeSoto recommended that Thompson file another amended complaint to provide a more definite statement. The Court ordered, pursuant to Rule 12(e), that Thompson shall file new complaint by August 11, 2020, to clarify his claims against the initial defendants. Doc. 200. The Court ordered that the complaint shall not exceed 20 pages in length. *Id*. After several extensions, Thompson filed the Second Amended Complaint on December 13, 2020. Doc. 257. The Second Amended Complaint was 43 pages long. *Id*. Not

only did Thompson fail to provide a more definite statement to clarify his claims against the original defendants, Thompson added another 8 claims against 14 additional Defendants. *Id*.

The additional Defendants include, among others, Montana Governor Steve Bullock, Gallatin County, and many state district court judges and Montana Supreme Court justices. *Id*. The new claims reflect Thompson's dissatisfaction with Montana's legal system, both generally and regarding his parallel state court claims. *Id*. Thompson appears to allege a conspiracy by the Montana legal community to commit fraud upon the Court. *Id*. Thompson fails to identify conduct by any specific Defendants that would form the basis for a legal claim. *Id*.

Despite the Court's order to provide a more definite statement to clarify the claims Thompson was alleging against the initial Defendants, Thompson seeks to expand the litigation to add more claims and more defendants. Judge DeSoto determined that Thompson's failure to comply with the Court's order warranted appropriate dismissal under Fed. R. Civ. P. 12(e) and 41(b). Doc. 268 at 9.

**STANDAR OF REVIEW**

The Court conducts *de novo* review of the portions of a magistrate judge's findings and recommendations to which a party properly objects. 28 U.S.C. § 636(b)(1). A party makes a proper objection by "identifying the parts of the magistrate's disposition that the party finds objectionable and presenting legal

argument and supporting authority, such that the Court is able to identify the issues and the reasons supporting a contrary result." *Montana Shooting Sports Ass'n v. Holder*, 2010 WL 4102940, at *2 (D. Mont. Oct. 18, 2010). The Court will review for clear error the portions of a magistrate judge's findings and recommendations to which a party's objections constitute only perfunctory responses argued in an attempt to rehash the same arguments set forth in the original response. *Rosling v. Kirkegard*, 2014 WL 693315, at *3 (D. Mont. Feb. 21, 2014). Clear error exists if the Court maintains a "definite and firm conviction that a mistake has been committed." *United States v. Syraz*, 235 F.3d 422, 427 (9th Cir. 2000).

**THOMPSON'S OBJECTIONS**

Thompson filed several objections to Judge DeSoto's Findings and Recommendations. Doc. 270. First, Thompson alleges, without providing any evidence, that the Defendants' counsel have manipulated Judge DeSoto into acting as their lawyer and ruling on their behalf. *Id*. at 4. Second, Thompson argues that he made a good-faith effort to comply with the Court's requirement that his Second Amended Complaint not exceed 20 pages in length. *Id*. at 11−12. Third, Thompson argues that Judge DeSoto failed to consider adequately the required factors a court must consider before dismissing a complaint with prejudice under Fed. R. Civ. P. 12(e) and 41(b). *Id*. at 15−20.

4

Thompson's objections prove unavailing. *See Holder*, 2010 WL 4102940. Thompson's allegation that the Defendants' counsel have manipulated Judge DeSoto lacks any merit. Nothing in the record suggests that Judge DeSoto acted in a manner that would suggest her handling of this case was anything other than independent, fair, and impartial. Thompson levies these claims without identifying any conduct, specific or otherwise, that corroborates his allegations.

Thompson's objection that he made a good-faith effort to comply with the Court's page limit fails to identify an aspect of Judge DeSoto's Findings and Recommendation to which Thompson objects. *Id*. Judge DeSoto did not base her recommendation solely on Thompson's failure to comply with the page limit. Instead, Thompson's failure to comply with the page limit constitutes only one element of the Court's order for a more definite statement. This failure represents only a small symptom of this litigation's deficiencies. Judge DeSoto's analysis contemplates a much greater disregard for the Court's order. *See* Doc. 268 at 6−8.

Thompson's third objection that Judge DeSoto did not consider the required factors ignores the large portion of Judge DeSoto's Findings and Recommendation that went through the exact factors that Thompson now claims that Judge DeSoto ignored. *Id*. at 10−12. Thompson may not agree with the ultimate outcome of Judge DeSoto's analysis of these factors, but Thompson cannot fairly argue that Judge DeSoto ignored the proper factors.

Thompson's objections (Doc. 278), either individually or taken as a whole, fail to identify any specific part of Judge DeSoto's disposition and present legal argument supporting a contrary result. Thompson's objections are perfunctory responses that rehash old arguments and serve to muddy the waters of a case that has only become more confusing since Thompson filed the initial complaint nearly two and a half years ago. Because none of Thompson's objections constitute proper objections, the Court will review Judge DeSoto's Findings and Recommendations for clear error. *See Rosling*, 2014 WL 693315.

**ANALYSIS**

The Court finds no clear error in Judge DeSoto's Findings and Recommendations. Fed. R. Civ. P. 8(a) requires a complaint to contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Rule 8(a) seeks to ensure that pleadings provide defendants with "fair notice" of the claims against them and the grounds upon which those claims rest. *Tellabs, Inc. v. Makor Issues Rights, LTD.*, 551 U.S. 308, 319 (2007). The underlying principle of Rule 8(a) is that the Court and the litigants remain entitled to know, at the pleading stage, who is being sued, why and for what. Although pleadings usually violate this principle by including too little detail, s*ee, e.g.*, *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009), pleadings that bury the needle in a haystack of detail and confusion likewise

violate Rule 8(a) as they fail to give the Court and the litigants fair notice of the alleged claims. *Knapp v. Hogan*, 738 F.3d 1106, 1109 (9th Cir. 2013).

Fed. R. Civ. P. 12(e) provides courts and litigants a tool for clarifying pleadings that fail to provide the fair notice required by Rule 8(a). Rule 12(e) states that "[a] party may move for a more definite statement of a pleading to which a responsive pleading is allowed but which is so vague or ambiguous that the party cannot reasonably prepare a response." Rule 12(e) motions do not target pleadings for a mere lack of detail. Rather, Rule 12(e) motions target pleadings for being so vague or ambiguous that the defendants cannot understand the allegations and, consequently, the Court cannot fairly expect the defendants to frame an effective response or denial. *Scripps Health v. Vision Software Technologies Inc.*, 2010 WL 11508881, at *3 (S.D. Cal. Aug. 13, 2010).

The Court may strike, under Rule 41(b), a portion or the entirety of the pleadings or issue any other appropriate order, including an order to dismiss without prejudice, when a plaintiff fails to comply with a court's order to provide a more definite statement. *Knapp v. Hogan*, 738 F.3d at 1109. The Court's discretion to dismiss a case without leave to amend proves particularly broad where the Court has provided previous opportunities to amend the pleadings. *Cal. Coalition for Families & Children v. San Diego Cty. Bar Ass'n*, 657 F.App'x 675, 678 (9th Cir. Aug. 8, 2016).

Judge DeSoto correctly applied this law. Thompson's initial complaint (Doc. 1), first amended complaint (Doc. 9), and second amended complaint (Doc. 257) violate the fair-notice requirement of Rule 8(a). *See Tellabs*, 551 U.S. at 319. The Court remains unable to discern exactly what claims Thompson alleges in the pleadings. Certainly, the Court has been unable to connect the specific claims with the specific Defendant against whom Thompson intends to bring each claim. The Court cannot fairly expect the Defendants in this litigation to craft any sort of effective responses based on the pleadings as they currently exist.

The Court provided Thompson several opportunities to remedy the deficiencies in the pleadings. Thompson ignored those opportunities and, instead, brought new, even more confusing claims against additional Defendants. Thompson made no effort to clarify the pleadings as to the existing claims against the initial Defendants. Consequently, dismissal of the case proves proper pursuant to Rules 12(e) and 41(b). *Knapp*, 738 F.3d at 1109; *Cal. Coalition for Families & Children*, 657 F.App'x at 678.

The Court does not grant this motion lightly, especially given Thompson's *pro se* status. The Court requires pleadings filed by *pro se* litigants to satisfy a less stringent standard than those pleadings prepared by attorneys. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). Nevertheless, *pro se* pleadings are not relieved entirely of the requirements imposed by the Federal Rules of Civil Procedure. The Court

provided Thompson great latitude in his pleadings. Even after several unsuccessful attempts to amend the pleadings to satisfy the requirements of Rule 8(a), Thompson has remained unwilling to provide the Court and the litigants with a comprehensible complaint that provides the requisite fair notice. *See Tellabs*, 551 U.S. at 319.

It does not appear that another Rule 12(e) motion for a more definite statement would serve to resolve the deficiencies plaguing these pleadings. The last motion for a more definite statement not only failed to result in clearer pleadings, it gave rise to a dozen new claims against more Defendants. The new claims are likewise confusing, as they allege a vague conspiracy by former and current governmental officials to commit fraud against the Court.

There exists a strong public policy in favor of resolving cases on their merits. As Judge DeSoto correctly determined, however, the history of this litigation favors dismissal of this case. *See Ferdik v.* Bonzelet, 963 F.2d 1258, 1260−61 (9th Cir. 1992). The Court has exerted an extraordinary amount of judicial resources managing this litigation. Furthermore, it would prove quite prejudicial to the Defendants to keep them entrapped in a case that has made no progress in the last two and a half years. Less severe alternatives (*e.g.*, additional Rule 12(e) motions) have previously accomplished nothing in terms of resolving the deficiencies of this case. The Court maintains the firm conviction that this case will only continue to worsen as efforts are made to control it.

**IT IS HEREBY ORDERED**:

1. Judge DeSoto Findings and Recommendations (Doc. 268) is **ADOPTED IN FULL**.

2. Defendants' Joint Motion to Strike and Dismiss (Doc. 258) is **GRANTED**.

3. Plaintiff Peter Thompson's Second Amended Complaint is **DISMISSED** with prejudice.

4. All defendants named in Thompson's Second Amended Complaint are **DISMISSED**.

5. The Clerk of the Court shall close this case.

Dated the 15th day of March, 2021.

_____
Brian Morris, Chief District Judge
United States District Court